**RACHEL THOMAS (SBN 244527)**
GREENFIELD LLP
55 S. Market Street, Suite 1500
San Jose, California 95113
Telephone: (408) 995-5600
Email: rthomas@greenfieldlaw.com

**JOHN HARBIN (*Pro Hac Vice* Forthcoming)**
**WARREN THOMAS (*Pro Hac Vice* Forthcoming)**
MEUNIER CARLIN & CURFMAN LLC
999 Peachtree Street NE, Suite 1300
Atlanta, GA 30309
Telephone: (404) 645-7700
Email: jharbin@mcciplaw.com
       wthomas@mcciplaw.com

Attorneys for Plaintiff NUMBER 14 B.V.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NUMBER 14 B.V., <br><br> Plaintiff, <br><br> v. <br><br> ANALOG DEVICES, INC.; and MAXIM INTEGRATED PRODUCTS, INC., <br><br> Defendants. | Case No.: <br><br> **COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff NUMBER 14 B.V. ("Plaintiff" or "Number 14") alleges as follows, and requests trial by jury:

## GENERAL ALLEGATIONS

1. Rudy Eschauzier and Nico van Rijn, two electrical engineers and inventors residing in the Netherlands (collectively, "the Inventors"), previously worked with Defendant Maxim Integrated Products, Inc. ("Maxim"), a Delaware corporation, engaged in the design, development,

1 | and manufacture of linear and mixed-signal integrated circuits.

2. ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████

3. ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████

4. Eventually, the Inventors ████████████████. Maxim ████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████

5. In 2011, Maxim ████████████████████████████

████████████████████████████████████████████

████████████████████████████

6. In July 2020, Defendant Analog Devices, Inc. ("ADI") announced its plan to acquire Maxim. ADI completed the acquisition of Maxim in August 2021. According to Maxim's September 7, 2021 Form 10-K/A filing with the Securities and Exchange Commission, Maxim survived the transaction and became a wholly owned subsidiary of ADI.

7. ADI and/or Maxim (collectively, "Defendants") ████████████████

8. However, when Defendants ███████████████████████████████████████ ███████████████████████████████████████████. Number 14 contacted ADI which, on information and belief, █████████████████████████████████████ ████, to seek an explanation for ██████████████████████████████████████ ██████████████████████.

9. ADI agreed ████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████.

10. By means of the unilateral change ████████████████, Defendants failed to ████████████████████████████████████████. The change to ██████████████ ███████████████████████████████████████████████████ the parties' course of conduct over approximately █████████████████████████████ By this action, Number 14 seeks amounts due and owing ████████████████████████████████ ██████████████████████████████████████ as well as full compensation for the harm caused by the Defendants.

## PARTIES, JURISDICTION, AND VENUE

11. Number 14 is a company organized and existing under the laws of the Netherlands, with its principal place of business at Roland Hostlaan 10, 2662 Bergschenhoek, The Netherlands.

12. Defendant ADI is a Massachusetts corporation with a principal place of business at One Analog Way, Wilmington, MA 01887. ADI also maintains an established place of business at 160 Rio Robles, San Jose, CA 95134.

13. Defendant Maxim is a Delaware corporation with a principal place of business at 160 Rio Robles, San Jose, CA 95134.

14. This Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332(a), as there is complete diversity between the Parties and the amount in controversy exceeds $75,000, as specified in paragraph 31, below.

15. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because a substantial part of the acts, events, and omissions giving rise to Number 14's claims occurred in this district, ███████████████████████████████████████████████████████████████████████████████████████████████████████████

16. Personal jurisdiction exists over both Defendants because (1) they each maintain a continuous and systematic place of business within this district and (2) this controversy is related to, or arises out of, their contacts with this forum.

## INTRADISTRICT ASSIGNMENT

17. Assignment of this action to the San Jose Division is proper under Civil Local Rules 3-2(c) and 3-2(e) because a substantial part of the events giving rise to the claims alleged herein occurred in the County of Santa Clara.

## COMMON FACTUAL ALLEGATIONS

18. Number 14 hereby realleges and incorporates the allegations in paragraphs 1 through 17, as though fully set forth herein.

19. The ██████████████████████████████████████

20. In 2009, the Inventors ████████████████████████████ ██████████████████████████████

21. ████████████████████████████████████ Number 14 is owed ████████ ████████████████████████████████████████████████████████████████████████████████████████████████████

22. ████████████████████████████████████████████████████████████████████████



26. ■

27. In sum, ■

28. ■

29. Similarly, ■

30. ■ two years after ADI acquired Maxim, Defendants ■

31. This ■

32. On ███ ADI ███
███
███
███

33. On ███ ADI ███
███ Maxim that ███
███ ADI ███
███

34. On ███ ADI ███
███
███
███
███

35. ███, including ███
███ Number 14.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
[Breach of Contract against Maxim]

36. Number 14 incorporates by reference the allegations in paragraphs 1 through 35 as though fully set forth herein.

37. Inventors and Maxim ███
███
███

38. Number 14 ███
███

39. Maxim ███
███

40. As a ███████████████████████████████████████ Number 14 has suffered damages of at least $1 million plus other and further damages according to proof.

**SECOND CAUSE OF ACTION**
**[Breach of the Covenant of Good Faith and Fair Dealing against Maxim]**

41. Number 14 incorporates by reference the allegations in paragraphs 1 through 40 as though fully set forth herein.

42. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

43. ████████████████████████████████████████████████████████

44. ██████████████████████████████████████████████████████████████████████████████████████

45. ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

46. ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

1. ▇▇▇

2. ▇▇▇

47. ADI ▇▇▇ Maxim ▇▇▇ This shortfall will be perpetuated ▇▇▇ continues.

48. As a result ▇▇▇ Number 14 has been damaged as set forth above.

## THIRD CAUSE OF ACTION
[Intentional Interference with Contractual Relations against ADI]

49. ▇▇▇

50. Inventors and Maxim ▇▇▇

51. Upon acquiring Maxim, ADI ▇▇▇ ADI's acquisition of Maxim.

52. Despite knowing about ▇▇▇

1. ▇
2. ▇
3. ▇ ADI imposed ▇
4. ▇

53. ADI's unilateral change ▇
▇
▇
▇

54. Number 14 was harmed by ADI's conduct, which has deprived Number 14 of at least $1 million ▇ date.

55. ADI ▇
▇. On information and belief, ADI ▇
▇

56. ADI committed its wrongful acts intentionally and with knowledge of the harm it was doing to Number 14 and punitive damages should be assessed against ADI.

**FOURTH CAUSE OF ACTION**
**[Intentional Interference with Prospective Economic Relations against ADI]**

57. Number 14 incorporates herein by reference the allegations in paragraphs 1 through 35 and 50 through 56 as though fully set forth herein.

58. ▇, Number 14, ▇
▇
Plaintiff would have ▇

59. Upon acquiring Maxim, ADI ▇
▇

60. ADI ▇ Maxim's ▇
▇ By engaging in this conduct, ADI ▇

COMPLAINT -- CASE NO.: 10

61. As a result, Plaintiff has and will continue to suffer economic harm which was proximately caused by ADI's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**FIFTH CAUSE OF ACTION**
[Open Book Account – Cal. Code Civ. Proc., § 425.30 – against Maxim]

62. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 35 as though fully set forth herein.

63. ▮▮▮▮ Number 14, ▮▮▮▮▮▮▮▮▮▮ Maxim, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

64. Number 14, in the regular course of business, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

65. Maxim owes Number 14 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

66. Pursuant to Number 14's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Number 14 is informed and believes and thereon alleges that Maxim owes Plaintiff the sum of at least $1 million.

**SIXTH CAUSE OF ACTION**
[Money Due and Owing/Indebtedness – Cal. Code Civ. Proc., § 425.30 – against Maxim]

67. Number 14 incorporates herein by reference the allegations contained in paragraphs 1 through 35 as though fully set forth herein.

68. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Maxim ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Number 14 in the sum of at least $1 million ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

69. Despite Number 14's demand, no part of such sum has been paid. It is now due, and owing, and Number 14 is entitled to damages according to proof.

**SEVENTH CAUSE OF ACTION**
**[Accounting – against Maxim]**

70. Number 14 incorporates herein by reference the allegations contained in paragraphs 1 through 35 as though fully set forth herein.

71. Number 14, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Maxim, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

72. Given Defendants' improper ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Number 14 hereby demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. Damages according to proof sufficient to compensate Number 14 for damages sustained as a result of Defendants' actions as alleged herein, including but not limited to losses for Maxim's ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and for ADI's ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Number ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓

2. An award of punitive and exemplary damages, according to proof;

3. An award of pre-judgment and post-judgment interest on all monetary relief prayed for above, and as may be permitted by law;

4. An accounting; and

5. All such other and further relief as the Court may deem just and proper.

//

//

12
COMPLAINT -- CASE NO.:

GREENFIELD LLP

Dated: April 24, 2024

By: /s/ Rachel Thomas
RACHEL THOMAS
Attorneys for Plaintiff NUMBER 14 B.V.