MICHAEL J. IOANNOU (SBN 95208)
KEVIN W. ISAACSON (SBN 281067)
ROPERS MAJESKI PC
333 W. Santa Clara St., Suite 910
San Jose, CA  95113
Telephone:	408.287.6262
Facsimile:	408.918.4501
Email:	michael.ioannou@ropers.com
	kevin.isaacson@ropers.com

Attorneys for Defendants and Counterclaimants
ANALOG DEVICES, INC. and
MAXIM INTEGRATED PRODUCTS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NUMBER 14 B.V.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANALOG DEVICES, INC.; and MAXIM INTEGRATED PRODUCTS, INC.,<br><br>　　　　Defendants. | Case No.: 5:24-cv-02435<br><br>**DEFENDANTS AND COUNTERCLAIMANTS' NOTICE OF MOTION AND ADMINISTRATIVE MOTION TO FILE PORTIONS OF ANSWER AND COUNTERCLAIMS UNDER SEAL**<br>**(CIVIL L.R. 7-11, 79-5(e))** |
| ANALOG DEVICES, INC.; and MAXIM INTEGRATED PRODUCTS, INC.,<br><br>　　　　Counterclaimants,<br><br>　　v.<br><br>NUMBER 14 B.V., RUDY ESCHAUZIER, and NICO VAN RIJN,<br><br>　　　　Counter-Defendants. | |

PLEASE TAKE NOTICE THAT Defendants and Counterclaimants ANALOG DEVICES, INC. ("ADI") and MAXIM INTEGRATED PRODUCTS, INC. ("Maxim") (collectively, "Counterclaimants"), hereby move this Court for administrative relief to File Under Seal targeted portions of Counterclaimants' Answer and Counterclaims, including the License

1  Agreement between Maxim and Rudy Eschauzier and Nico Van Rijn, pursuant to Local Rules
2  79-5.
3        Local Rule 79-5, governs applications to file documents under seal. N.D. Cal. Civil L.R.
4  79-5.  Local Rule 79-5(c) explains the contents needed to file a motion to seal and that filings
5  need to be " conformance with Civil L.R. 7-11." N.D. Cal. Civil L.R. 79-5.
6        Counterclaimants seek to seal portions of their Answer and Counterclaims because it
7  contains highly confidential and competitively sensitive information that if disclosed in the public
8  record would cause irreversible, competitive harm to Counterclaimants.  The basis for asserting
9  confidentiality and the grounds for filing under seal are set forth below and in the accompanying
10 Memorandum of Points and Authorities; the Declaration of Mihai Murgulescu; and the
11 Declaration of Kevin Isaacson in support of Counterclaimants' Administrative Motion to File
12 Under Seal.

### I.
### INTRODUCTION

15 Counterclaimants ADI and Maxim file this memorandum of points and authorities in
16 support of Maxim and ADI's Motion to Seal.  Counterclaim Defendant, Number 14 B.V.
17 ("Number 14" or "Counterclaim Defendant") has filed an "Administrative Motion to Consider
18 Whether Another Party's Material Should be Sealed" alongside its Complaint on April 24, 2024
19 to which Counterclaimants have responded.  Maxim and ADI's present Administrative Motion
20 seeks to redact and seal targeted portions their Answer and Counterclaims, including portion of
21 the Exhibit thereto.  The evidentiary support for certain portions of these documents to be filed
22 under seal are provided in the accompanying Declarations of Mihai Murgulescu and
23 Kevin Isaacson.  A proposed order has also been submitted with this filing.

### II.
### FACTUAL SUMMARY

26 On or around July 20, 2007, Maxim entered into a License Agreement (the "License
27 Agreement" or "Agreement") with Rudy Eschauzier and Nico Van Rijn (collectively
28 "Inventors"). (Declaration of Mihai Murgulescu ("Murgulescu Decl.") , ¶ 3.)  The License

1  Agreement is referenced in, quoted in, and attached to Counterclaimant's Answer and
2  Counterclaims in this action.  (Docket No. 1; Murgulescu Decl. ¶ 4.)
3        On information and belief, in or around February 2009, the Inventors allegedly transferred
4  their rights under the License Agreement to Number 14, an entity that the Inventors wholly
5  owned and controlled.  (Murgulescu Decl. ¶ 5.)  To the best of ADI and Maxim's knowledge,
6  Maxim did not consent to the alleged transfer of the Inventors' rights under the License
7  Agreement to Number 14, or release the Inventors from their obligations under the License
8  Agreement.  (Murgulescu Decl. ¶ 6.)  On August 26, 2021, Maxim was acquired by Analog
9  Devices Inc. and became a wholly-owned subsidiary of ADI.  (Murgulescu Decl. ¶ 7.)
10        The License Agreement is a confidential business document that contains sensitive
11  business information, including details regarding royalty payment, exclusive royalty terms, and
12  definitions to the Inventors and Maxim/ADI, as well as, confidential technical specifications.
13  (Murgulescu Decl. ¶ 8.)  If the terms of the Agreement were made available to the public, ADI
14  and Maxim's competitors and other intellectual property ("IP") licensors could use certain terms
15  to their advantage and to Counterclaimants' detriment.  (Murgulescu Decl. ¶ 9.)
16        Accordingly, sealing and redacting portions of the highly confidential and competitively
17  sensitive information in the License Agreement and portions of the Answer and Counterclaims
18  that address the highly confidential and competitively sensitive information in the License
19  Agreement, as requested herein, is necessary.  (Murgulescu Decl. ¶¶ 9-19 .)

### III.

### ARGUMENT

Maxim and ADI request to file under seal portions of the License Agreement and references to those portions of the Agreement in the Answer and Counterclaims.  Pursuant to Civil Local Rule 79-5, a party may file an administrative motion to file documents under seal to conceal information from the public record.  *See* N.D. Cal. Civil L.R. 79-5.  A court may seal court documents from public access if the documents might "become a vehicle for improper purposes." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598, (1978).  To file documents under seal, a party must demonstrate "compelling reasons" to seal judicial records attached to a

dispositive motion. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The determination of compelling reasons is left to a court's discretion, but acceptable compelling reasons have included: "to 'gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as *sources of business information that might harm a litigant's competitive standing*.' *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016)(citations omitted)(emphasis added). Additionally, the requested sealed material needs to be "narrowly tailored" which includes highlighting or noting specific redacted material. *See* N.D. Cal. Civil L.R. 79-5(d). A key consideration, is that "a party must explore all reasonable alternatives to filing documents under seal, minimize the number of documents filed under seal, and avoid wherever possible sealing entire documents." N.D. Cal. Civil 79-5(a).

Here, there is compelling reason for the Agreement to be filed under seal. The License Agreement contains details about royalty payments, not included in other agreements. (Murgulescu Decl. ¶ 10.) Maxim and ADI have identified a number of terms in their Answer and Counterclaims that include information from the License Agreement that IP licensors and competitors could use to their advantage, and Maxim and ADI's detriment. (Murgulescu Decl. ¶ 11.) Specifically, the financial information, technical specifications, and definitions in the License Agreement are exclusive to the Inventors, and public disclosure of these terms would have a severe negative impact on Maxim and ADI business and negotiating ability in the marketplace. (Murgulescu Decl. ¶ 12.) If the details of ADI and Maxim's financial information and term definitions were made available to the public, IP Licensors and competitors would leverage this knowledge to harm ADI and Maxim's competitive standing. (Murgulescu Decl. ¶ 13.) For example, prospective IP licensors may use this information to their advantage when negotiating their royalty payments or set certain definitions, which may increase Maxim and ADI's royalty payments to their other licensors. (Murgulescu Decl. ¶ 14.) Furthermore, current Maxim and ADI IP licensors could also use the terms from the License Agreement to insist on terms unique to the License Agreement , such as the payment rate, calculation method, or definition of certain terms. (Murgulescu Decl. ¶ 15.) On the other hand, competitors could use the information gleaned from the Agreement to offer more attractive offers or royalty payment

1  deals to IP licensors and divert product or technical developments away from ADI and Maxim.
2  (Murgulescu Decl. ¶ 16.)  As a result, public access to confidential financial and business
3  information License Agreement would expose ADI and Maxim to unfair business practices, a loss
4  of profit, and would negatively impact their bargaining power in the marketplace.  (Murgulescu
5  Decl. ¶¶ 16, 18.)

6  In addition, the technical specifications set out in Annex 1 of the Agreement will grant
7  ADI and Maxim's competitors access to technical requirements that give ADI and Maxim their
8  current advantage over competitors.  (Murgulescu Decl. ¶ 17.)  For example, if the technical
9  specifications in Annex 1 became public information, ADI and Maxim's competitors could use
10 the product specification requirements to shortcut creating a competitive device and unfairly
11 compete with ADI and Maxim.  (Murgulescu Decl. ¶ 17.)  Thus, public access to the License
12 Agreement terms opens ADI and Maxim to a host of unfair competition and business
13 development losses.  (Murgulescu Decl. ¶¶ 17, 18.)

14 Finally, there are no less restrictive alternatives to sealing and redaction that would
15 adequately protect ADI and Maxim's privacy interests as the portions Defendants seek to file
16 under seal are limited to those for which public disclosure would cause irreparable harm.
17 (Isaacson Decl. ¶ 4.)  As stated above, if the public is afforded access to ADI and Maxim's
18 confidential business information, including financial and technical specifications present in the
19 License Agreement, ADI and Maxim's business interests would be threatened.  (Murgulescu
20 Decl. ¶¶ 9 – 19.)

## IV.

## CONCLUSION

For the foregoing reasons and based on the authorities cited herein, ADI and Maxim request that this Court seal and redact the portions of ADI and Maxim's Answer and Counterclaims and portions of the License Agreement attached thereto as an exhibit.

///

///

///

4881-6770-0167.2

Dated: June 14, 2024

ROPERS MAJESKI PC

By: /s/ *Kevin W. Isaacson*
MICHAEL J. IOANNOU
KEVIN W. ISAACSON
Attorneys for Defendants and
Counterclaimants ANALOG DEVICES,
INC. and MAXIM INTEGRATED
PRODUCTS, INC.

4881-6770-0167.2