MICHAEL J. IOANNOU (SBN 95208)
KEVIN W. ISAACSON (SBN 281067)
ROPERS MAJESKI PC
333 W. Santa Clara St., Suite 910
San Jose, CA  95113
Telephone:     408.287.6262
Facsimile:      408.918.4501
Email:            michael.ioannou@ropers.com
                     kevin.isaacson@ropers.com

Attorneys for Defendants and Counterclaimants
ANALOG DEVICES, INC. and
MAXIM INTEGRATED PRODUCTS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NUMBER 14 B.V.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ANALOG DEVICES, INC.; and MAXIM INTEGRATED PRODUCTS, INC.,<br><br>　　　　　　Defendants.<br><br>ANALOG DEVICES, INC.; and MAXIM INTEGRATED PRODUCTS, INC.,<br><br>　　　　　　Counterclaimants,<br><br>　　v.<br><br>NUMBER 14 B.V., RUDY ESCHAUZIER, and NICO VAN RIJN,<br><br>　　　　　　Counter-Defendants. | Case No.: 5:24-cv-02435<br><br>**DECLARATION OF MIHAI MURGULESCU IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO FILE ANSWER AND COUNTERCLAIMS UNDER SEAL** |

I, Mihai Murgulescu, declare as follows:

1. I am employed at Analog Devices Inc. ("ADI") as Patent Prosecution and Litigation Agent and hereby submit this Declaration in support of Defendants and Counterclaimants Maxim Integrated Products Inc. ("Maxim") and ADI's Administrative Motion

4856-6651-7191.2

-1-

Declaration of Mihai Murgulescu iso
Administrative Motion to File Answer and
Counterclaims Under Seal
Case No. 5:24-CV-02435

1  to Seal portions of their Answer and Counterclaims.

2      2.    I have worked for over 20 years in the field of development of analog integrated

3  circuits. I am familiar with Maxim and ADI's general practices related to licensing of intellectual

4  property, including the practice of maintaining confidentiality in its license agreements.

5      3.    I am informed that or around July 20, 2007, Maxim entered into a License

6  Agreement (the "License Agreement" or "Agreement") with Rudy Eschauzier and Nico Van Rijn

7  (collectively "Inventors").  The License Agreement was signed by both Mr. Eschauzier and

8  Mr. Van Rijn as individuals.

9      4.    The License Agreement is referenced in, quoted in, and attached to

10 Counterclaimant's Answer and Counterclaims in this action.

11     5.    On information and belief, in or around February 2009, the Inventors allegedly

12 transferred their rights under the License Agreement to Number 14, an entity that the Inventors

13 wholly owned and controlled.

14     6.    I am not aware of any written assignment or other transfer of the Inventors' rights

15 and obligations under the License Agreement to Number 14.  To the best of my knowledge,

16 Maxim did not consent to the alleged transfer of the Inventors' rights under the License

17 Agreement to Number 14, or release the Inventors from their obligations under the License

18 Agreement.

19     7.    On August 26, 2021, Maxim was acquired by ADI and became a wholly-owned

20 subsidiary of ADI.

21     8.    The License Agreement is a confidential business document that contains sensitive

22 business information, including details regarding royalty payment, exclusive royalty terms and

23 definitions to the Inventors and Maxim/ADI, as well as, confidential technical specifications for

24 amplifier products.

25     9.    If the terms of the Agreement were made available to the public, ADI and

26 Maxim's competitors and other intellectual property ("IP") licensors could use certain terms to

27 their advantage and to the detriment of ADI and Maxim by proposing lower licensing and royalty

28 payment amounts, that will cause ADI and Maxim to lose profits.

4856-6651-7191.2

-2-

Declaration of Mihai Murgulescu iso
Administrative Motion to File Answer and
Counterclaims Under Seal
Case No. 5:24-CV-02435

1      10.     The License Agreement contains details about royalty payments, not included in other agreements.

2      11.     Maxim and ADI have identified a number of terms in the Answer and Counterclaims that include information from the License Agreement that other IP licensors and competitors could use to their advantage, and to Maxim and ADI's detriment.

3      12.     The financial information, technical specifications, and definitions in the License Agreement are exclusive to the Inventors and public disclosure of these terms would have a severe negative impact on Maxim and ADI business and negotiating ability in the marketplace.

4      13.     If the terms and details of the License Agreement were available to the public, IP licensors and competitors would leverage their knowledge of the details of ADI and Maxim's financial information and term definitions in the License Agreement to harm ADI and Maxim's competitive standing.

5      14.     If the terms of the License Agreement were available to the public, prospective IP licensors may use the publicly available information to their advantage when negotiating their royalty payments or set certain definitions, which may increase Maxim and ADI's royalty payments to other IP licensors.

6      15.     If terms of the License Agreement were available to the public, current Maxim and ADI IP licensors could also use the terms in the License Agreement to insist on terms unique to the Inventors, such as the payment rate, calculation method, or definition of certain terms.

7      16.     If terms of the License Agreement were available to the public, ADI and Maxim's competitors could use the terms of the License Agreement to offer more attractive offers or royalty payment deals to IP licensors and divert product and technical developments away from ADI and Maxim.

8      17.     The technical specifications in Annex 1 of the License Agreement will grant ADI and Maxim's competitors access to technical requirements that give ADI and Maxim their current advantage over competitors. If the technical specifications in Annex 1 were available to the public, ADI and Maxim's competitors could use these product specification requirements to create a competitive device without developing the product specifications themselves.

4856-6651-7191.2

-3-

Declaration of Mihai Murgulescu iso
Administrative Motion to File Answer and
Counterclaims Under Seal
Case No. 5:24-CV-02435

1  Furthermore, ADI and Maxim's competitors could unfairly compete with them by developing a
2  competing device without the need to create product specifications.
3      18.   If the public had access to the License Agreement, that contains confidential
4  business, financial, and technical information, ADI and Maxim would be at risk of unfair business
5  practices from competitors and other IP licensors, a loss of profits, business development losses,
6  and a negative impact on their bargaining power in the semiconductor and amplifier marketplace.
7      19.   Sealing and redacting portions of the Answer and Counterclaims that mention the
8  License Agreement is necessary to protect ADI and Maxim's business interests and competitive
9  standing in the marketplace.
10     I declare under penalty of perjury under the laws of the United States of America that the
11 foregoing is true and correct.
12     Executed this 14th day of June, 2024 at San Jose, California.

_____
Mihai Murgulescu

4856-6651-7191.2

-4-

Declaration of Mihai Murgulescu iso
Administrative Motion to File Answer and
Counterclaims Under Seal
Case No. 5:24-CV-02435