**RACHEL THOMAS (SBN 244527)**
**ALE BURKE-VALLEJO (SBN 353890)**
GREENFIELD LLP
55 S. Market Street, Suite 1500
San Jose, California 95113
Telephone: (408) 995-5600
Email: rthomas@greenfieldlaw.com
         aburke-vallejo@greenfieldlaw.com

**JOHN HARBIN (*Pro Hac Vice*)**
**WARREN THOMAS (*Pro Hac Vice*)**
MEUNIER CARLIN & CURFMAN LLC
999 Peachtree Street NE, Suite 1300
Atlanta, GA 30309
Telephone: (404) 645-7700
Email: jharbin@mcciplaw.com
         wthomas@mcciplaw.com

Attorneys for Plaintiff/Counter-Defendant NUMBER 14 B.V.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NUMBER 14 B.V., <br><br> Plaintiff <br><br> vs. <br><br> ANALOG DEVICES, INC.; MAXIM INTEGRATED PRODUCTS, INC., <br> Defendants. <br> ANALOG DEVICES, INC.; MAXIM INTEGRATED PRODUCTS, INC., <br><br> Counterclaimants, <br><br> v. <br><br> NUMBER 14 B.V., RUDY ESCHAUZIER, and NICO VAN RIJN, <br> Counter-Defendants | Case Number: 5:24-cv-02435-EKL <br><br> **REVISED JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |

Plaintiff Number 14 B.V. ("Plaintiff" or "Number 14") and Defendants Analog Devices, Inc. ("ADI") and Maxim Integrated Products, Inc. ("Maxim") (together, "Defendants") (Plaintiff and Defendants, together "Parties") to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9. Counter-Defendants Rudy Eschauzier and Nico Van Rijn (together, "Inventors") have only appeared specially to move to dismiss the counterclaims, have not submitted themselves to the jurisdiction of this Court, and therefore have not participated in the filing of this Case Management Statement.

1. Jurisdiction & Service

This Court has subject matter jurisdiction over all claims and counterclaims under 28 U.S.C. § 1332(a). The Parties agree there is complete diversity and the amount in controversy exceeds $75,000. All Parties have been served and Inventors' counsel has agreed to accept service for Inventors.

Inventors contend that the Court does not have personal jurisdiction over them and that the Northern District of California is not the proper venue with respect to the counterclaims raised against them. Inventors have raised these issues in Counter-Defendants' Motion to Dismiss Defendants' Counterclaims, ECF No. 43. Counterclaimants assert this Court does have personal jurisdiction over the Inventors and this Court is the appropriate venue to hear the counterclaims. Counterclaimants will brief these issues in their opposition to Counter-Defendants' Motion to Dismiss.

2. Facts

In July 2007, Maxim entered into a License Agreement with Inventors. Under that License Agreement, the Inventors would develop know-how and inventions relating to "stand-alone amplifier" technology. The License Agreement granted Maxim a "right of first refusal" to obtain an exclusive license to certain technology and patents resulting from Inventors' work. In return, the Inventors would be compensated with, among other things, a royalty on

certain products that Maxim produced and sold. The Inventors then entered into employment with Maxim in September 2007.

In February 2009, the Inventors assert they transferred their rights and obligations under the License Agreement to Plaintiff Number 14 B.V., a company wholly owned by the two Inventors. Further, the Inventors contend Maxim consented to the transfer. See ECF No. 33-2. Maxim contends that it did not consent to the transfer of the License Agreement, rather a transfer of the patents. Number 14 questions whether Maxim's consent is required under the License Agreement but contends that, regardless, Maxim did consent.

The same month, the first of multiple patent applications related to the amplifier design technology was filed, identifying Number 14 B.V. as the assignee of the invention. In or around 2010, Maxim exercised its right of first refusal to license the patent application(s) and made the first of its payments specified by the License Agreement to Number 14 later in 2010 or in early 2011. Beginning in 2010 or 2011 Maxim also began making regular royalty payments to Number 14.

The License Agreement contains a description of the royalty calculation to be used in the event royalties were earned by the Inventors. Maxim contends that the definition of the royalty calculation incorporates terms based in part on the accounting method employed by Maxim. Maxim also contends that it holds rights regarding the implementation of the amplifier design technology. Number 14 is uncertain of the meaning or relevance of these two contentions by Maxim.

Maxim contends it began making regular royalty payments under the License Agreement because the Inventors represented to Maxim that they had developed amplifier design technology sufficient to create products that meet the specification standards in the License Agreement. Maxim further contends the Inventors still have not created the amplifier design technology sufficient to create products that meet the specification standards set for in the License Agreement as required to receive royalties. Number 14 disagrees with these contentions and contends in response that, *inter alia*: the Inventors did not misrepresent anything to Maxim or ADI; it was Maxim's responsibility to make the initial determination in

good faith about whether the products developed using the patented technology (which products were developed by Maxim) created sufficient economic value and benefits to warrant paying a royalty; that Maxim did that as a predicate to paying the royalty; and that Defendants may not properly relitigate that question now.

Maxim and ADI announced that ADI planned to acquire Maxim in July 2020, and the Defendants completed the acquisition in August 2021. Maxim continued making royalty payments to Number 14 through the most recent payment in January 2024.

Upon receiving the January 2024 royalty report, Number 14 noticed a significant decrease in royalties beginning in the third quarter of 2023. In email communications between the Parties, ADI disclosed that it had changed how the royalty was calculated. That change in accounting processes and royalty calculation directly caused the decrease in royalties paid to Number 14.

Maxim contends that, as part of Maxim's corporate transition to be a subsidiary of ADI, Maxim conformed its former accounting practices to ADI's accounting procedure and that, both before and after harmonizing Maxim's accounting system with ADI's accounting system, Maxim calculated royalties as described in the License Agreement using its then-existing accounting system. Number 14 contends that, whatever the stated reason for Defendants' change in the royalty calculation, Defendants' new calculation is improper and a breach of contract, which Maxim disputes.

Number 14 initiated this proceeding in April 2024, alleging that Defendants' change to the royalty calculation was a breach of the License Agreement (among other related claims). In June 2024, Maxim and ADI raised counterclaims against Number 14 and the individual Inventors alleging they breached the License Agreement by demanding and accepting royalty payments under the License Agreement since 2010 to the present and that they misrepresented their entitlement to those payments.

3. Legal Issues

1. Whether Maxim breached the License Agreement by failing to pay all amounts due and owing thereunder (as a consequence of the Defendants' change to the royalty calculation in 2023);
2. Whether Maxim breached the covenant of good faith and fair dealing by Defendants' change to the royalty calculation in 2023;
3. Whether ADI's change to the royalty calculation tortiously interfered with Number 14 and Maxim's contractual or economic relationship;
4. Whether Defendants failed to pay royalties as required by the License Agreement;
5. Whether Maxim is indebted to and owes an accounting to Plaintiff (*see* Cal. Code Civ. Proc., § 425.30);
6. The amount of damages Number 14 is entitled to receive;
7. Whether Counter-Defendants breached the License Agreement by demanding and accepting royalty payments from Maxim, despite allegedly knowing their patents did not enable the products to meet the specifications;
8. Whether Counter-Defendants breached the covenant of good faith and fair dealing by representing to Maxim that their patents made the products royalty bearing;
9. Whether Counter-Defendants intentionally or negligently misrepresented to Maxim that they were entitled to royalty payments;
10. Whether Maxim detrimentally relied on Counter-Defendants' alleged misrepresentation about whether their patents enabled the products to meet the required specifications;
11. Whether Counter-Defendants have an open book account with Maxim (*see* Cal. Code Civ. Proc. § 425.30);
12. Whether Counter-Defendants are indebted to Maxim for accepting Maxim's royalty payments without meeting the specifications under the License Agreement;

13. Whether Defendants are entitled to a court declaration that Maxim will not need to make current and future royalty payments until Counter-Defendants meet the required specifications;
14. Whether Defendants are entitled to a court declaration that royalty payment is only owed when an alleged royalty bearing product meets the License Agreement specifications;
15. Whether Defendants are entitled to a court declaration that Maxim's current method of calculating royalties under the License Agreement is not a breach of the License Agreement;
16. The amount of damages ADI and Maxim are entitled to receive.

4. Motions

Counter-Defendants' Motion to Dismiss Defendants' Counterclaims (ECF No. 43) seeks dismissal of (a) all counterclaims against Mr. Eschauzier and Mr. van Rijn for lack of personal jurisdiction and/or under the doctrine of *forum non conveniens* and (b) several counterclaims (and two affirmative defenses) for failure to state a claim. Briefing on the motion is complete, *see* ECF Nos. 53 (Opposition) and 60 (Reply), and a hearing is set for October 23, 2024. Additionally, there are five Administrative Motions (ECF Nos. 3, 23, 42, 54, and 61) relating to the sealing of the Complaint, Answer and Counterclaims, and Motion to Dismiss briefing, related to the information in the License Agreement, Employment Agreements, and Settlement Agreements regarding Mr. Eschauzier and Mr. van Rijn's termination that Maxim and ADI contend is confidential.

Plaintiff and Defendants anticipate filing cross-motions for summary judgment on at least some of the key issues in the case, per Section IX of the Court's Standing Order.

5. Amendment of Pleadings

At present, Plaintiff does not anticipate adding any claims. Defendants anticipate a potential pleading amendment to add alter-ego allegations concerning Plaintiff and its principals after discovery on that issue as well as potential pleading amendments following the Court's determination on Counter-Defendants' pending motion to dismiss. Plaintiff proposes November 22, 2024 as the deadline for seeking to amend the pleadings. Defendants propose February 21, 2025 to allow for discovery concerning potential alter ego claims and defenses prior to the deadline to amend pleadings.

6. Evidence Preservation

The Parties have reviewed the ESI Guidelines and met and conferred regarding evidence preservation. The Parties are drafting a Stipulated ESI Order which the Parties anticipate filing by September 30, 2024.

7. Disclosures

The parties served initial disclosures on August 29, 2024.

8. Discovery

The Parties do not propose any limitations or modifications of the discovery rules. The Parties anticipate entering into a stipulated e-discovery order, or a partial order with areas of disagreement presented to the Court. Defendants anticipate discovery may involve third parties residing outside of the United States, particularly The Netherlands, requiring substantial time to complete. Plaintiff is not aware of what third party discovery involving third parties would be needed and does not believe that substantial time will be needed to complete fact discovery.

9. Class Actions

None.

10. Related Cases

None.

11. Relief

Plaintiff seeks all amounts due and owing under the License Agreement, the difference between the royalties payable when royalties are properly calculated and the lower royalties

resulting from Defendants' attempt to revise how royalties are calculated. The amount will depend on how Defendants calculate the royalties going forward. Plaintiff estimates that the principal amount of damages exceeds $1 million to date. Plaintiff will also ask for pre-judgment interest, and punitive damages under the Third Cause of Action in the Complaint, the amount to be determined by the jury.

Counterclaimants seek compensatory damages based on unearned royalty payments exceeding $9 million. In the alternative, Counterclaimants request restitution for the same amount under the principles of equity and good conscience. For compensatory damages or restitution, a definitive amount will be established at trial.

Counterclaimants request a declaration of the parties' rights and obligations under the License Agreement including that royalties have not been earned, and if royalties are earned, that Maxim's current method of calculating royalties is consistent with the requirements of the License Agreement.

12. Settlement and ADR

The Parties have discussed settlement and ADR. Subject to agreement on the procedure, the Parties plan to conduct at least one mediation. The Parties propose using a mediator from the Court's ADR Unit under ADR Local Rule 6-3. The Parties anticipate scheduling mediation after at least some document productions and written discovery have been conducted. Plaintiff proposes the latest date being a short time after the close of fact discovery. Defendants propose mediation occur within the default ADR deadline of 90 days of the referral to mediation, on or around November 20, 2024. The parties believe that, if the case has not settled before then, the resolution of summary judgment motions on how royalties should be calculated and issues surrounding the technical parameters set forth in the License Agreement and alleged royalty-bearing products at issue should facilitate settlement.

13. Other References

The parties do not believe the case is suitable to any such references.

14. Narrowing of Issues

The Parties will continue to discuss whether there is a way to narrow issues or expedite the presentation of evidence at trial. The Parties believe the following two issues are most consequential to the case:

    a. How royalties are to be calculated under the License Agreement and whether Maxim's recent change in how it calculates royalties is consistent with the terms of the License Agreement and the parties' past performance.

    b. Whether Maxim owes any royalties under the License Agreement, including(i) the nature and effect under the License Agreement of the technical specifications in Annex 1 to the License Agreement; (ii)whether the patents at issue create sufficient value and benefits to warrant the payment of royalties under the License Agreement: and (iii) who bears the responsibility to making that determination under the License Agreement and whether Defendants can raise that question at this time.

Plaintiff contends that these issues are at least in part questions of law that may be appropriate for an expedited summary judgment proceeding. Defendants believe these issues are mixed questions of fact and law that can only be determined following discovery (including expert discovery), potentially through summary judgment and more likely by a jury.

15. Expedited Trial Procedure

    N/A.

16. Scheduling

The Parties propose the following case schedule:

| Date or Deadline | Plaintiff's Proposal | Defendants' Proposal |
| --- | --- | --- |
| Initial Case Management Conference | As set by court – October 21, 2024 ||
| ADR Completion Deadline | February 3, 2025 | November 20, 2024 |
| Deadline to Amend Pleadings or to add parties (without leave of court) | November 22, 2024 | February 21, 2025 |
| Mid-Discovery Case Management Statement | Not needed | February 21, 2025 |

| | | |
|---|---|---|
| Joint Final Case Management Conference Statement | January 8, 2025 | May 2, 2025 |
| Final Case Management Conference | January 22, 2025 | May 16, 2025 |
| Fact Discovery Cut-off | February 21, 2025 | June 20, 2025 |
| Expert Witness Disclosure | March 17, 2025 | July 3, 2025 |
| Rebuttal Expert Witness Disclosure | April 17, 2025 | August 4, 2025 |
| Expert Discovery Cut-off | May 8, 2025 | September 19, 2025 |
| Deadline for Filing Discovery Motions | See Civil Local Rule 37-3 | See Civil Local Rule 37-3 |
| Deadline to file Dispositive and *Daubert* Motions | June 6, 2025 | October 22, 2025 |
| Dispositive and *Daubert* Motions Hearing Date | August 13, 2025 | December 17, 2025 |
| Pre-trial Conference Statement | Two weeks before pre-trial conference | March 16, 2026 |
| Pre-trial Conference | October 2025 | March 30, 2026 |
| Trial | November 2025 | April 20, 2026 |

17. Trial

The case will be tried to a jury. The Parties estimate the length of the trial to be 5-9 trial days.

18. Disclosure of Non-party Interested Entities or Persons

Plaintiff NUMBER 14 B.V. certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including, but not limited to, parent corporations), or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

| Individual(s) | Connection | Interest(s) |
|---|---|---|
| Rudy Eschauzier | Ownership interest in Plaintiff | Financial and non-financial interest in the subject matter. |
| Nico van Rijn | Ownership interest in Plaintiff | Financial and non-financial interest in the subject matter. |

Defendants have no other non-party interested entities or persons to identify.

19. Professional Conduct

Counsel for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

20. Other

| PARTIES | |
|---|---|
| Plaintiff/Counter-Defendant | Number 14 B.V. |
| Counter-Defendant | Rudy Eschauzier |
| Counter-Defendant | Nico van Rijn |
| Defendant/Counterclaimant | Maxim Integrated Products, Inc. |
| Defendant/Counterclaimant | Analog Devices, Inc. |

| CLAIMS | |
|---|---|
| PLAINTIFF'S CLAIMS | COUNTERCLAIMANTS' COUNTERCLAIMS |
| 1. Breach of Contract against Maxim | 1. Breach of Contract |
| 2. Breach of Covenant of Good Faith and Fair Dealing against Maxim | 2. Breach of Covenant of Good Faith and Fair Dealing |
| 3. Intentional Interference with Contractual Relations against ADI | 3. Intentional Misrepresentation |
| 4. Intentional Interference with Prospective Economic Relations against ADI | 4. Negligent Misrepresentation |
| | 5. Fraud/Constructive Fraud by Omission |
| 5. Open Book Account (Cal. Code Civ. Proc. § 425.30) against Maxim | 6. Detrimental Reliance |
| | 7. Declaratory Relief |
| 6. Money Due and Owing/Indebtedness (Cal. Code Civ. Proc. § 425.30) against Maxim | 8. Declaratory Relief (Annex 1 Specifications) |
| 7. Accounting against Maxim | 9. Declaratory Relief (Royalty Calculations) |
| | 10. Open Book Account (Cal. Code Civ. Proc. § 425.30) |

|  |  |
|---|---|
|  | 11. Money Had and Received |
|  | 12. Unjust Enrichment against Number 14, Rudy Eschauzier, and Nico van Rijn |

| BRIEF PROCEDURAL HISTORY ||
|---|---|
| DATE | EVENT |
| April 24, 2024 | Plaintiff files its Complaint (ECF No.1) |
| June 14, 2024 | Defendants file an answer with counterclaims against Number 14, Rudy Eschauzier, and Nico van Rijn (ECF No. 22) |
| July 19, 2024 | Counter-Defendants file a Motion to Dismiss (ECF No. 43) |
| August 16, 2024 | Counterclaimants file an Opposition to Counter-Defendants' Motion to Dismiss (ECF No. 53) |
| August 27, 2024 | Counter-Defendants file their Reply Brief in support of dismissal (ECF No. 60) |

**GREENFIELD LLP and**
**MEUNIER CARLIN & CURFMAN**

/s/*Warren J. Thomas*

Rachel Thomas
Ale Burke-Vallejo
John W. Harbin *(pro hac vice)*
Warren J. Thomas *(pro hac vice)*

Attorneys for Plaintiff and Counter-Defendant NUMBER 14 B.V. and Specially Appearing for Counter-Defendants RUDY ESCHAUZIER and NICO VAN RIJN

**ROPERS MAJESKI PC**

*/s/ Kevin W. Isaacson*
_____
Michael J. Ioannou
Kevin W. Isaacson
Angie Chang
Amanda M. Ogata

Attorneys for Defendants and Counterclaimants
ANALOG DEVICES, INC. and MAXIM INTEGRATED PRODUCTS, INC.

### ATTESTATION PURSUANT TO LOCAL RULE 5-1 (i)(3)

The undersigned attests pursuant to Local Rule 5-1(i)(3) that concurrence in the filing of this document has been obtained from each of the other signatories hereto.

Dated: September 16, 2024           /s/Warren J. Thomas

### CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all Parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

 Dated:
_____
U.S. DISTRICT JUDGE EUMI K. LEE