UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUMBER 14 B.V.,<br><br>        Plaintiff,<br><br>    v.<br><br>ANALOG DEVICES, INC., et al.,<br><br>        Defendants. | Case No.  24-cv-02435-EKL<br><br>**ORDER REGARDING MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 3, 23, 42, 54, 61 |

Before the Court are five administrative motions to seal or to consider whether another party's material should be sealed.  *See* ECF Nos. 3, 23, 42, 54, 61 ("Sealing Motions"). Defendants Analog Devices, Inc. and Maxim Integrated Products, Inc. ("Defendants") request to seal portions of a license agreement, two employment agreements, and two settlement agreements, as well as portions of pleadings and briefs that quote from or reference the exhibits.  The parties received and reviewed the Court's tentative ruling on the Sealing Motions and no party raised any objections.  Having reviewed the motions, supporting declarations, and proposed redactions, the Court GRANTS in part and DENIES in part the Sealing Motions consistent with its tentative ruling.

The Ninth Circuit recognizes "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  "A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard."  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz*, 331 F.3d at 1135).  "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify

private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  The "compelling reasons" standard applies to requests to seal motions that are "more than tangentially related to the merits of a case."  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).  Defendants acknowledge that they must show "compelling reasons" to seal the materials at issue here, which are referenced in a complaint, an answer, and briefing on a motion to dismiss.  *See* ECF No. 23 at 3; ECF No. 24 at 4; ECF No. 47 at 4; ECF No. 54 at 3; ECF No. 65 at 2.

The Court finds compelling reasons to seal the materials as indicated in the chart below.

| ECF No. | Document & Portions to Seal | Granted/Denied |
|---|---|---|
| 70 | Plaintiff's Complaint, highlighted portions at: 3:8; 3:8-9; 3:11; 4:22-25; 4:26-5:3; 5:4-18; 5:19-21; 5:22-24; 5:25-6:2; 6:3-4; 6:5-7; 6:8-11; 6:12-14; 6:15-22; 7:1; 7:3-4; 7:6; 7:7-8; 7:9; 7:10-11; 7:12; 7:14-15; 8:26-9:1; 9:3-7; 10:3; 10:3; 10:26; 11:12 | GRANTED as to 4:22-25, 5:4-18, and 5:22-24.  These portions reference confidential and competitively sensitive terms of a license agreement, including contractual rights and details about royalty payments and how they are calculated.<br><br>DENIED as to the remainder of the Complaint, which reflects non-confidential information about accounting methods and practices, including generally accepted accounting principles.  This material relates to the core of the dispute between the parties as to how gross margin must be calculated under the agreement.  This material also reflects Plaintiff's allegation that it was harmed by Defendants' accounting change, which is the core of the dispute and is not competitively sensitive. |
|  | Highlighted portions of Exhibit A to the Complaint at: Pg. 1, ¶ 2; Pg. 1, ¶ 3; Pgs. 1-2, portions of definitions; Pg. 3, portion of ¶ 2.2; Pg. 3, portion of ¶ 2.5; Pg. 3, portion of ¶ 2.6; Pg. 4, Section 3; Pg. 4-6, Section 4; Annex 1; Annex 2 | GRANTED IN PART as to Exhibit A (the license agreement) as follows:<br><br>• Page 1: GRANTED as requested.  This reflects the Inventors' personally identifying information.<br><br>• Page 2: GRANTED only as to the definition of "Stand-Alone Amplifiers."<br><br>• Page 3: GRANTED as requested because this information reflects details of the licensing fees.<br><br>• Pages 4-6: GRANTED <u>except</u> as to terms 3.2 and 3.3.  These terms discuss responsibility for evaluating products eligible for royalty payments, which is central to the motion to dismiss.<br><br>• Annexes: GRANTED as requested because they contain detailed product specifications and royalty calculations. |

| ECF No. | Document & Portions to Seal | Granted/Denied |
|---|---|---|
| 23-4 | Defendants' Answer and Counterclaims, highlighted portions at: 5:6-7; 5:10-12; 7:6-7; 10:26-11:2; 11:3-4; 11:5-7; 11:7-8; 11:10-11; 11:15-16; 11:24-26; 14:9-15; 14:17; 19:3-4; 19:5-8; 19:10-12; 19:12-13; 19:14-20; 19:21-25; 19:27-20:3; 20:5-6; 20:28-21:1; 21:3; 21:16; 21:18-19; 22:14; 22:15; 22:18-20; 22:23-24; 22:25-26; 23:1-2; 23:11; 24:12-23; 24:24-25:4; 25:5-8; 25:11-13; 25:16-17; 25:18-20; 25:25; 25:26; 25:27-28; 26:2; 26:6; 26:13; 28:14-15; 28:16-17; 28:20-21; 29:24-25; 29:26-27; 30:2-3; 31:19-20; 31:21-22; 31:25-26; 33:26-27; 33:28-34:1; 34:4-5; 36:3-6; 36:20-26; 37:7-9; 37:11; 37:13; 37:16; 37:22; 40:1-2 | GRANTED as to: 19:14-20, 20:28-21:1, 21:3, 23:11, 24:12-16.  These portions reference confidential and competitively sensitive terms of a license agreement, including contractual rights and details about royalty payments.<br><br>DENIED as to the remaining portions of the Answer and Counterclaims, which reflect non-confidential information about accounting methods and practices, including generally accepted accounting principles.  This material relates to the core of the dispute between the parties as to how gross margin must be calculated under the agreement, and responsibility for evaluating products eligible for royalty payments.  Finally, this material reflects alleged misrepresentations that are the core of the parties dispute and are not competitively sensitive. |
| | Highlighted portions of Exhibit 1 at: Pg. 1, ¶ 2; Pg. 1, ¶ 3; Pgs. 1-2, portions of definitions; Pg. 3, portion of ¶ 2.2; Pg. 3, portion of ¶ 2.5; Pg. 3, portion of ¶ 2.6; Pg. 4, Section 3; Pg. 4-6, Section 4; Annex 1; Annex 2 | GRANTED IN PART as to Exhibit 1 consistent with the rulings on Exhibit A to the Complaint, ECF No. 70. |
| 42-3 | Counter-Defendants' Motion to Dismiss, highlighted portions at: 1:19; 1:21; 2:1-2; 2:2-4; 2:5-7; 2:24; 3:4; 3:4-6; 3:16-17; 18:24-19:1; 21:21-23; 21:24-25; 23:7; 23:8-10 | DENIED.  These portions reference responsibility for evaluating products eligible for royalty payments, the fact that the Inventors requested to add certain products to the royalty list, and the conditions under which the Inventors are entitled to royalties.  These facts are not competitively sensitive, and they are central to the motion to dismiss. |
| 54-4 | Exhibit 1 – Counterclaimants' Opposition to the Motion to Dismiss, highlighted portions at: 2:6-9; 2:9-11; 2:18-20; 3:9 | GRANTED as to 2:6-9 and 3:9.  These portions reference confidential and competitively sensitive terms of the license agreement, including details about royalty payments.<br><br>DENIED as to 2:9-11 and 2:18-20.  These portions reference responsibility for evaluating products eligible for royalty payments and provide a generic description of the license agreement.  These facts are not competitively sensitive, and they are central to the motion to dismiss. |

United States District Court
Northern District of California

United States District Court
Northern District of California

| ECF No. | Document & Portions to Seal | Granted/Denied |
|---|---|---|
| 54-5 | Exhibit 2 – Declaration of Mihai Murgulescu in support of Opposition to Counter-Defendants' Motion to Dismiss<br><br>Highlighted portions of Exhibit A at: Pg. I, portion of (2); Pg. III, portion of ¶ 3.1; Pg. III, portion of ¶ 3.2; Pg. III, portion of ¶ 4.1; Pg. IV, portion of ¶ 5.1; Pg. V, ¶ 7.1; Pg. V, portion of section 8; Pg. VI, ¶ 9.3<br><br>Highlighted portions of Exhibit B at: Pg. I, portion of (2); Pg. III, portion of ¶ 3.1; Pg. III, portion of ¶ 3.2; Pg. III, portion of ¶ 4.1; Pg. IV, portion of ¶ 5.1; Pg. V, ¶ 7.1; Pg. V, portion of section 8; Pg. VI, ¶ 9.3<br><br>Highlighted portions of Exhibit C at: Portion of the Undersigned at (2); ¶ B; ¶ 3; ¶ 5; ¶ 6<br><br>Highlighted portions of Exhibit D at: Portion of the Undersigned at (2); ¶ B; ¶ 3; ¶ 5; ¶ 6<br><br>Highlighted portions of Exhibit E at: Pg. 1, ¶ 2; Pg. 1, ¶ 3; Pgs. 1-2, portions of definitions; Pg. 3, portion of ¶ 2.2; Pg. 3, portion of ¶ 2.5; Pg. 3, portion of ¶ 2.6; Pg. 4, Section 3; Pg. 4-6, Section 4; Annex 1; Annex 2 | GRANTED as requested with respect to Exhibits A and B (the Inventors' Employment Agreements). This material reflects the Inventors' personally identifying information and compensation details that are not relevant to the motion to dismiss.<br><br><br>GRANTED as requested with respect to Exhibits C and D (the Inventors' Settlement Agreements). This material reflects confidential settlement terms that are not relevant to the motion to dismiss.<br><br><br>GRANTED IN PART as to Exhibit E consistent with the rulings on Exhibit A to the Complaint, ECF No. 70. |

| ECF No. | Document & Portions to Seal | Granted/Denied |
|---|---|---|
| 61-2 | Counter-Defendants' Reply in support of the Motion to Dismiss<br><br>Highlighted portions at: 6:15; 8:6-7; 8:9; 8:10; 8:15; 9:13-14; 10:24; 11:20; 11:23; 11:24; 11:27; 12:1-2; 12:11-12 | GRANTED as to: 9:13-14, 11:23, 11:24. These portions reference confidential and competitively sensitive terms of the license agreement, including details about the royalty rate.<br><br>DENIED as to the remaining portions. These portions reference responsibility for evaluating products eligible for royalty payments. This fact is not competitively sensitive, and it is central to the motion to dismiss. |

By January 7, 2025, the parties shall re-file the materials at issue with redactions that conform to this Order.

**IT IS SO ORDERED.**

Dated: December 23, 2024

_____
Eumi K. Lee
United States District Judge

United States District Court
Northern District of California

5