MICHAEL J. IOANNOU (SBN 95208)
KEVIN W. ISAACSON (SBN 281067)
ANGIE CHANG (SBN 351887)
AMANDA M. OGATA (SBN 354967)
ROPERS MAJESKI PC
333 W. Santa Clara St., Suite 910
San Jose, CA  95113
Telephone:    408.287.6262
Facsimile:    408.918.4501
Email:        michael.ioannou@ropers.com
              kevin.isaacson@ropers.com
              angie.chang@ropers.com
              amanda.ogata@ropers.com

Attorneys for Defendants and Counterclaimants
ANALOG DEVICES, INC. and
MAXIM INTEGRATED PRODUCTS, INC.

ADDITIONAL COUNSEL IDENTIFIED ON
FOLLOWING PAGE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NUMBER 14 B.V., | Case No.: 5:24-cv-02435-EKL |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| ANALOG DEVICES, INC.; and MAXIM INTEGRATED PRODUCTS, INC., | |
| Defendants. | |
| ANALOG DEVICES, INC.; and MAXIM INTEGRATED PRODUCTS, INC., | |
| Counterclaimants, | |
| v. | |
| NUMBER 14 B.V., RUDY ESCHAUZIER, and NICO VAN RIJN, | |
| Counter-Defendants. | |

ROPERS
MAJESKI

A Professional Corporation
San Jose

4889-0390-1155.2

**RACHEL THOMAS (SBN 244527)**
**ALE BURKE-VALLEJO (SBN 353890)**
GREENFIELD LLP
55 S. Market Street, Suite 1500
San Jose, California 95113
Telephone: (408) 995-5600
Email: rthomas@greenfieldlaw.com
        aburke-vallejo@greenfieldlaw.com `

**JOHN W. HARBIN (*Pro Hac Vice*)**
**WARREN J. THOMAS (*Pro Hac Vice*)**
MEUNIER CARLIN & CURFMAN LLC
999 Peachtree Street NE, Suite 1300
Atlanta, GA 30309
Telephone: (404) 645-7700
Email: jharbin@mcciplaw.com
        wthomas@mcciplaw.com

Attorneys for Plaintiff/Counter-Defendant NUMBER 14 B.V.
Specially Appearing for Counter-Defendants RUDY ESCHAUZER
and NICO VAN RIJN

ROPERS
MAJESKI

A Professional Corporation
San Jose

4889-0390-1155.2

Stipulated Protective Order
Case No. 5:24-CV-02435-EKL

1    The Parties, through their undersigned counsel, hereby submit to the Court a proposed

2    Stipulated Protective Order which is based primarily upon the Northern District's Model

3    Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information

4    and/or Trade Secrets ("Model SPO").  Included as Exhibit B to this stipulation is a redline copy

5    of this submission which shows deviations from the Model SPO.

6    1.    <u>PURPOSES AND LIMITATIONS</u>

7    Disclosure and discovery activity in this action are likely to involve production of

8    confidential, proprietary, or private information for which special protection from public

9    disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

10   Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

11   Protective Order. The parties acknowledge that this Order does not confer blanket protections on

12   all disclosures or responses to discovery and that the protection it affords from public disclosure

13   and use extends only to the limited information or items that are entitled to confidential treatment

14   under the applicable legal principles. The parties further acknowledge, as set forth in Section

15   14.4, below, that this Stipulated Protective Order does not entitle them to file confidential

16   information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and

17   the standards that will be applied when a party seeks permission from the court to file material

18   under seal.

19   2.    <u>DEFINITIONS</u>

20   2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of

21   information or items under this Order.

22   2.2    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is

23   generated, stored or maintained) or tangible things concerning a person's business operations,

24   processes, and technical and development information within the scope of Rule 26(c)(1)(G).

25   2.3    <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as

26   well as their support staff).

27   2.4    <u>Designated House Counsel</u>: House Counsel who seek access to "HIGHLY

28   CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

4889-0390-1155.2

ROPERS
MAJESKI

A Professional Corporation
San Jose

2.5     <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE".

2.6     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8     <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

Information which has been previously disclosed or shared by the Producing Party to the Receiving Party (including persons affiliated with that party) may be designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." The disclosure of such information is controlled by Section 7.3(c) below.

2.9     <u>"HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

ROPERS
MAJESKI

A Professional Corporation
San Jose

ROPERS

MAJESKI

A Professional Corporation

San Jose

1    As of the date of this Stipulation and Order, the only information that may be classified as

2  source code is Cadence schematics. A Party seeking to designate any additional information as

3  source code must show good cause (including the Party's diligence to identify the need to protect

4  such information under this paragraph) to amend this Stipulation and Order to encompass such

5  information. A rebuttable presumption of good cause may be established by showing that such

6  additional information falls within the scope of this definition and was first requested in discovery

7  after the date of the parties' stipulation.

8    2.10    House Counsel: attorneys who are employees of a party to this action. House

9  Counsel does not include Outside Counsel of Record or any other outside counsel.

10    2.11    Non-Party: any natural person, partnership, corporation, association, or other legal

11  entity not named as a Party to this action.

12    2.12    Outside Counsel of Record: attorneys who are not employees of a party to this

13  action but are retained to represent or advise a party to this action and have appeared in this action

14  on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

15    2.13    Party: any party to this action, including all of its officers, directors, employees,

16  consultants, retained experts, and Outside Counsel of Record (and their support staffs).

17    2.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery

18  Material in this action.

19    2.15    Professional Vendors: persons or entities that provide litigation support services

20  (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

21  organizing, storing, or retrieving data in any form or medium) and their employees and

22  subcontractors. Professional Vendors also include outside vendors hired to process electronically

23  stored documents. All Professional Vendors must have a written agreement with a Receiving

24  Party to maintain the confidentiality of all Protected Material received from the Receiving Party,

25  of which the Producing Party shall be deemed an intended beneficiary.

26    2.16    Protected Material: any Disclosure or Discovery Material that is designated as

27  "CONFIDENTIAL," as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as

28  "HIGHLY CONFIDENTIAL – SOURCE CODE."

4889-0390-1155.2

1    2.17    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a

2    Producing Party.

3    3.    <u>SCOPE</u>

4    The protections conferred by this Stipulation and Order cover not only Protected Material

5    (as defined above), but also (1) any information copied or extracted from Protected Material; (2)

6    all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

7    conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

8    However, the protections conferred by this Stipulation and Order do not cover the

9    following information: (a) any information that is in the public domain at the time of disclosure to

10    a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party

11    as a result of publication not involving a violation of this Order, including becoming part of the

12    public record through trial or otherwise; and (b) any information known to the Receiving Party

13    prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who

14    obtained the information lawfully and under no obligation of confidentiality to the Designating

15    Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

16    4.    <u>DURATION</u>

17    Even after final disposition of this litigation, the confidentiality obligations imposed by

18    this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

19    order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all

20    claims and defenses in this action, with or without prejudice; and (2) final judgment herein after

21    the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

22    including the time limits for filing any motions or applications for extension of time pursuant to

23    applicable law.

24    5.    <u>DESIGNATING PROTECTED MATERIAL</u>

25    5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party

26    or Non-Party that designates information or items for protection under this Order must take care

27    to limit any such designation to specific material that qualifies under the appropriate standards.

28    To the extent it is practical to do so, the Designating Party must designate for protection only

ROPERS
MAJESKI

A Professional Corporation
San Jose

4889-0390-1155.2

those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery

Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

*Designation in conformity with this Order requires:*

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all

4889-0390-1155.2

ROPERS MAJESKI

A Professional Corporation

San Jose

ROPERS
MAJESKI

A Professional Corporation
San Jose

1    of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

2    ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

3    copied and produced, the Producing Party must determine which documents, or portions thereof,

4    qualify for protection under this Order. Then, before producing the specified documents, the

5    Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY

6    CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE

7    CODE") to each page that contains Protected Material. If only a portion or portions of the

8    material on a page qualifies for protection, the Producing Party also must clearly identify the

9    protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for

10    each portion, the level of protection being asserted.

11         (b) for testimony given in deposition or in other pretrial or trial proceedings, that the

12    Designating Party identify on the record, before the close of the deposition, hearing, or other

13    proceeding, all protected testimony and specify the level of protection being asserted.  In addition,

14    the Designating Party has a right, within 21 days after receipt of the transcript from the court

15    reporter, to identify the specific portions of the testimony as to which protection is sought and to

16    specify the level of protection being asserted. Only those portions of the testimony that are

17    appropriately designated for protection within the 21 days shall be covered by the provisions of

18    this Stipulated Protective Order. Any transcript that is prepared before the expiration of the 21-

19    day period for designation shall be treated during that period as if it had been designated

20    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise

21    agreed. After the expiration of that period, the transcript shall be treated only as actually

22    designated.

23         Parties shall give the other parties notice if they reasonably expect a deposition, hearing or

24    other proceeding to include Protected Material so that the other parties can ensure that only

25    authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

26    (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition

27    shall not in any way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –

28    ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

4889-0390-1155.2

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis

ROPERS
MAJESKI

A Professional Corporation
San Jose

for each challenge.[1] To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be

---

[1] The Parties agree that a "notice of each designation" being challenged, and the description of the basis of the challenge(s) may be provided with respect to a category or a logical grouping of documents, so long as the notice contains an identification of which specific documents that the challenge applies to (e.g., by Bates numbers or folder location) and explains the basis for challenging those documents together

4889-0390-1155.2

Stipulated Protective Order
Case No. 5:24-CV-02435-EKL

ROPERS MAJESKI

A Professional Corporation
San Jose

1    accompanied by a competent declaration affirming that the movant has complied with the meet

2    and confer requirements imposed by the preceding paragraph.

3          The burden of persuasion in any such challenge proceeding shall be on the Designating

4    Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose

5    unnecessary expenses and burdens on other parties) may expose the Challenging Party to

6    sanctions. Unless the Designating Party has waived the confidentiality designation by failing to

7    file a motion to retain confidentiality as described above, all parties shall continue to afford the

8    material in question the level of protection to which it is entitled under the Producing Party's

9    designation until the court rules on the challenge.

10    7.    ACCESS TO AND USE OF PROTECTED MATERIAL

11          7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or

12    produced by another Party or by a Non-Party in connection with this case only for prosecuting,

13    defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

14    the categories of persons and under the conditions described in this Order. When the litigation has

15    been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL

16    DISPOSITION).

17          Protected Material must be stored and maintained by a Receiving Party at a location and

18    in a secure manner that ensures that access is limited to the persons authorized under this Order.

19          7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered

20    by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

21    information or item designated "CONFIDENTIAL" only to:

22          (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees

23    of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information

24    for this litigation;

25          (b) the officers, directors, and employees (including House Counsel) of the Receiving

26    Party to whom disclosure is reasonably necessary for this litigation and who have signed the

27    "Acknowledgment and Agreement to Be Bound" (Exhibit A);

28

ROPERS MAJESKI

A Professional Corporation
San Jose

4889-0390-1155.2

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, including court reporters and recorders engaged for depositions;

(f) professional jury or trial consultants and mock jurors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), **unless otherwise agreed by the Designating Party or ordered by the court**. Such witnesses shall not retain a copy of documents containing Protected Material, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i) Professional Vendors (as defined in this Order); and

(j) Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may not disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to any person other than those identified in paragraphs 7.2(a), (d), (e), (f), (h), (i), and (j).

ROPERS
MAJESKI
A Professional Corporation
San Jose

1   Notwithstanding the foregoing, information designated "HIGHLY CONFIDENTIAL –

2   ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" may also be

3   disclosed to:

4       (a) Designated House Counsel (1) who has no involvement in competitive

5   decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3)

6   who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4)

7   as to whom the procedures set forth in paragraph 7.4(a) below have been followed;

8       (b) Experts of the Receiving Party under the same preconditions (2)-(4) as

9   Designated House Counsel above; and.

10      (c) the officers, directors, and employees of the Receiving Party to whom such

11  information or item has been previously disclosed or shared by the Propounding Party, to

12  whom disclosure is reasonably necessary for this litigation and who have signed the

13  "Acknowledgment and Agreement to Be Bound" (Exhibit A).

14      7.4     Procedures for Approving or Objecting to Disclosure of "HIGHLY

15  CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

16  CODE" Information or Items to Designated House Counsel or Experts

17      (a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating

18  Party, a Party that seeks to disclose to Designated House Counsel any information or item that has

19  been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to

20  paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the

21  full name of the Designated House Counsel and the city and state of his or her residence, and (2)

22  describes the Designated House Counsel's current and reasonably foreseeable future primary job

23  duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may

24  become involved, in any competitive decision-making.

25      (a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating

26  Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item

27  that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

28  "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(c) first must make a

4889-0390-1155.2

ROPERS
MAJESKI

A Professional Corporation
San Jose

written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and

ROPERS
MAJESKI

A Professional Corporation
San Jose

ROPERS
MAJESKI

A Professional Corporation
San Jose

1  setting forth the reasons advanced by the Designating Party for its refusal to approve the

2  disclosure.

3      In any such proceeding, the Party opposing disclosure to Designated House Counsel or the

4  Expert shall bear the burden of proving that the risk of harm that the disclosure would entail

5  (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected

6  Material to its Designated House Counsel or Expert.

7  8.    SOURCE CODE

8      (a)    To the extent production of source code becomes necessary in this case, a

9  Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE"

10  if it comprises or includes confidential, proprietary or trade secret source code and meets the

11  requirements of Paragraph 2.9 above.

12      (b)    Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE

13  CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL –

14  SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY

15  CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, and may be disclosed only to

16  the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

17  information may be disclosed, as set forth in Paragraphs 7.3-7.5, with the exception of Designated

18  House Counsel.

19      (c)    Any source code produced in discovery shall be made available for inspection in

20  accordance with a Stipulated Source Code Protocol, which has not yet been agreed to as of the

21  entry of this Stipulation. The parties will cooperate to develop the protocol for inspection and

22  review of source code, and will submit a further Stipulated Order for the Court to adopt the

23  protocol within 45 days.

24  9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
       LITIGATION

25      If a Party is served with a subpoena or a court order issued in other litigation that compels

26  disclosure of any information or items designated in this action as "CONFIDENTIAL,"

27

28

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

4889-0390-1155.2

ROPERS
MAJESKI

A Professional Corporation
San Jose

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.    make the information requested available for inspection by the Non-Party.

(c)    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

11.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

(a) When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the

4889-0390-1155.2

Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

(b) If a Receiving Party receives information that the Receiving Party believes may be subject to a claim of privilege or protection from discovery, the Receiving Party shall promptly identify the information to the Producing Party. When a Producing Party identifies such information as privileged or protected, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

(c) The Receiving Party may contest the privilege or work-product designation by the Producing Party and shall give the Producing Party written notice of the reason for said disagreement. However, the Receiving Party may not challenge the privilege or immunity claim by arguing that the disclosure itself is a waiver of any applicable privilege or protection. In that instance, the Receiving Party shall, within fifteen business days from the initial notice by the Producing Party, seek an Order from the Court compelling the production of the material.

(d) Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

13.    <u>MISCELLANEOUS</u>

14.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any

4889-0390-1155.2

ROPERS
MAJESKI

A Professional Corporation
San Jose

1  information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

2  Party waives any right to object on any ground to use in evidence of any of the material covered

3  by this Protective Order.

4      14.3    Export Control. Disclosure of Protected Material shall be subject to all applicable

5  laws and regulations relating to the export of technical data contained in such Protected Material,

6  including the release of such technical data to foreign persons or nationals in the United States or

7  elsewhere. The Producing Party shall be responsible for identifying any such controlled technical

8  data, and the Receiving Party shall take measures necessary to ensure compliance.

9      14.4    Filing Protected Material. Without written permission from the Designating Party

10 or a court order secured after appropriate notice to all interested persons, a Party may not file in

11 the public record in this action any Protected Material. A Party that seeks to file under seal any

12 Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed

13 under seal pursuant to a court order authorizing the sealing of the specific Protected Material at

14 issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request

15 establishing that the Protected Material at issue is privileged, protectable as a trade secret, or

16 otherwise entitled to protection under the law. If a Receiving Party's request to file Protected

17 Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving

18 Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5

19 unless otherwise instructed by the court.

20 14.     FINAL DISPOSITION

21      Within 60 days after the final disposition of this action, as defined in paragraph 4, each

22 Receiving Party must return all Protected Material to the Producing Party or destroy such

23 material. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

24 compilations, summaries, and any other format reproducing or capturing any of the Protected

25 Material. Whether the Protected Material is returned or destroyed, the Receiving Party must

26 submit a written certification to the Producing Party (and, if not the same person or entity, to the

27 Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all

28 the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

4889-0390-1155.2

Stipulated Protective Order
Case No. 5:24-CV-02435-EKL

1  not retained any copies, abstracts, compilations, summaries or any other format reproducing or

2  capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

3  retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

4  legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

5  product, and consultant and expert work product, even if such materials contain Protected

6  Material. Any such archival copies that contain or constitute Protected Material remain subject to

7  this Protective Order as set forth in Section 4 (DURATION).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROPERS

MAJESKI

A Professional Corporation
San Jose

4889-0390-1155.2

Stipulated Protective Order
Case No. 5:24-CV-02435-EKL

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: 12/24/2024                /s/John W. Harbin
                                 Attorneys for Plaintiff

DATED: 12/24/2024                /s/Kevin W. Isaacson

                                 Attorneys for Defendant

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: December 26, 2024



Hon. E_____ ____ Judge

GRANTED
Judge Nathanael M. Cousins

ROPERS MAJESKI
A Professional Corporation
San Jose

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of ***Number 14 B.V. v. Analog Devices, Inc. et al.*, Case No. 5:24-cv-02435-EKL.**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
        [printed name]

Signature: _____
        [signature]

4889-0390-1155.2