MICHAEL J. IOANNOU (SBN 95208)
KEVIN W. ISAACSON (SBN 281067)
ANGIE CHANG (SBN 351887)
AMANDA M. OGATA (SBN 354967)
ROPERS MAJESKI PC
333 W. Santa Clara St., Suite 930
San Jose, CA 95113
Telephone: 408.287.6262
Facsimile: 408.918.4501
Email: michael.ioannou@ropers.com
kevin.isaacson@ropers.com
angie.chang@ropers.com
amanda.ogata@ropers.com

Attorneys for Defendants and Counterclaimants
ANALOG DEVICES, INC. and
MAXIM INTEGRATED PRODUCTS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NUMBER 14 B.V., <br><br> Plaintiff, <br><br> v. <br><br> ANALOG DEVICES, INC.; and MAXIM INTEGRATED PRODUCTS, INC. <br><br> Defendants. | Case No.: 5:24-cv-02435-EKL <br><br> **DEFENDANTS AND COUNTERCLAIMANTS' NOTICE OF MOTION AND MOTION TO STAY PENDING *INTER PARTES* REVIEW; MEMORANDUM OF POINTS AND AUTHORITIES** |
| ANALOG DEVICES, INC.; and MAXIM INTEGRATED PRODUCTS, INC., <br><br> Counterclaimants, <br><br> v. <br><br> NUMBER 14 B.V., RUDY ESCHAUZIER, and NICO VAN RIJN, <br><br> Counter-Defendants. | Date: May 14, 2025 <br> Time: 10:00 a.m. <br> Dept: Courtroom 7, 4th Floor <br> Judge: Hon. Eumi K. Lee |

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Please take notice that on May 14, 2025, or as soon thereafter as counsel may be heard, Defendants Analog Devices, Inc. and Maxim Integrated Products, Inc. through their attorneys will move before the Honorable Eumi K. Lee, United States District Court Judge, in San Jose Courthouse, Courtroom 7, 4th Floor, 280 South First Street, San Jose, CA 95113, for an Order staying the case pending resolution of *Inter Partes* Review of certain claims of U.S. Patent No. 7,812,665 and U.S. Patent No. 7,973,596. The instant motion is based off this notice of motion and the memorandum of points and authorities in support of this motion, the accompanying Declaration of Kevin W. Isaacson, including exhibits, all pleadings, papers, and records on file in this action, and such additional evidence and arguments as may hereinafter presented.

Specifically, ADI and Maxim request a Court Order staying this litigation pending the outcome of the IPR proceedings on certain claims of the asserted patents. ADI and Maxim also request a Court Order directing payment obligations under the license agreement with Plaintiff and/or its principals into an escrow account pending the outcome of the IPR proceedings on certain claims of the asserted patents based on irreparable harm if ADI and Maxim prevail and are not able to recover royalties paid during the dispute.

Dated: February 5, 2025                     ROPERS MAJESKI PC

By: /s/ *Kevin W. Isaacson*
MICHAEL J. IOANNOU
KEVIN W. ISAACSON
Attorneys for Defendants and
Counterclaimants ANALOG DEVICES,
INC. and MAXIM INTEGRATED
PRODUCTS, INC.

**TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 1
I.    INTRODUCTION ............................................................................................................. 1
II.   STATEMENT OF FACTS ................................................................................................ 1
III.  LEGAL STANDARD ....................................................................................................... 2
IV.  ARGUMENT .................................................................................................................... 3
    A.   THE STAGE OF PROCEEDINGS FAVORS GRANTING A STAY ................... 3
    B.   A STAY WILL SIMPLIFY OR RESOLVE THE ISSUES FOR TRIAL .............. 4
    C.   A STAY WILL NOT UNFAIRLY PREJUDICE OR HARM NUMBER 14 ........ 7
    D.   ADI/MAXIM WILL SUFFER IRREPARABLE HARM IF ESCROW IS DENIED .................................................................................................................. 9
V.   CONCLUSION ............................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)
**Cases**

*Advanced Analogic Techs., Inc. v. Kinetic Techs., Inc.*,
  No. C-09-1360 MMC, 2009 U.S. Dist. LEXIS 122229 (N.D. Cal. Dec. 15,
  2009) ................................................................................................................................4

*Affinity Labs of Tex. LLC v. Samsung Elecs. Co.*,
  No. 14-CV-2717 YGR, 2014 U.S. Dist. LEXIS 105850 (N.D. Cal. Aug. 1,
  2014) ................................................................................................................................4

*Anza Tech., Inc. v. Toshiba Am. Elec. Components Inc.*,
  No. 17-CV-07289-LHK, 2018 U.S. Dist. LEXIS 220978 (N.D. Cal. Sep. 28,
  2018) ................................................................................................................................5

*Anza Tech., Inc. v. Toshiba Am. Elec. Components Inc.*,
  U.S. Dist. LEXIS 220978 ............................................................................................6, 7, 8

*Asetek Holdings, Inc. v. Cooler Master Co.*,
  No. 13-cv-00457-JST, 2014 U.S. Dist. LEXIS 47134 (N.D. Cal. Apr. 3, 2014) .......................8

*Chrimar Sys. v. Ruckus Wireless, Inc.*,
  No. 16-cv-00186-SI, 2016 U.S. Dist. LEXIS 131681 (N.D. Cal. Sep. 26, 2016) ....................8

*Cordis Corp. v. Medtronic, Inc.*,
  780 F.2d 991 (Fed. Cir. 1985) ..........................................................................................9

*Core Optical Techs., LLC v. Fujitsu Network Communs., Inc.*,
  No. SACV 16-00437-AG-JPRx, 2016 U.S. Dist. LEXIS 195061 (C.D. Cal.
  Sep. 12, 2016) ...............................................................................................................6, 7

*In re Cygnus Telecomms. Tech., LLC*,
  385 F. Supp. 2d 1022 (N.D. Cal. 2005) ........................................................................3, 6

*Cypress Semiconductor Corp. v. GSI Tech., Inc.*,
  No. 13-cv-02013-JST, 2014 U.S. Dist. LEXIS 142858 (N.D. Cal. Oct. 7, 2014) ....................3

*Delphix Corp. v. Actifio, Inc.*,
  No. 13-cv-04613-BLF, 2014 U.S. Dist. LEXIS 160372 (N.D. Cal. Nov. 13,
  2014) ................................................................................................................................8

*Dodots Licensing Sols. LLC v. Samsung Elecs. Co. Ltd.*,
  No. 23-cv-06521-JSC, 2024 U.S. Dist. LEXIS 27661 (N.D. Cal. Feb. 16,
  2024) ................................................................................................................................4

# TABLE OF CONTENTS
(continued)

Page

*Ethicon, Inc. v. Quigg*,
     849 F.2d 1422 (Fed.Cir.1988) ..................................................................................2

*In re Etter*,
     756 F.2d 852 (Fed. Cir. 1985) ...................................................................................3

*Evolutionary Intelligence LLC v. Yelp Inc.*,
     No. C-13-03587 DMR, 2013 U.S. Dist. LEXIS 178547 (N.D. Cal. Dec. 18,
     2013) .....................................................................................................................5, 7

*Finjan, Inc. v. Symantec Corp.*,
     139 F. Supp. 3d 1032 (N.D. Cal. 2015) ..............................................................5, 7, 9

*Landis v. N. Am. Co.*,
     299 U.S. 248 (1936) ..................................................................................................2

*Lear, Inc. v. Adkins*
     (1969) 395 U.S. 653 ................................................................................................10

*Lian Li Indus. Co., Ltd. v. Thermaltake Tech., Co., Ltd.*,
     No. 2:23-cv-07470-HDV-MAR, 2024 U.S. Dist. LEXIS 209668 (C.D. Cal.
     Oct. 4, 2024) ...........................................................................................................4, 7

*Lighting Sci. Grp. Corp. v. Shenzhen Jiawei Photovoltaic Lighting Co., Ltd.*,
     No. 16-cv-03886-BLF, 2017 U.S. Dist. LEXIS 94182 (N.D. Cal. June 19,
     2017) .........................................................................................................................8

*Network Appliance, Inc. v. Sun Microsystems, Inc.*,
     No. C-07-06053 EDL, 2010 U.S. Dist. LEXIS 20732 (N.D. Cal. Feb. 11, 2010) ......4

*PersonalWeb Techs., LLC v. Facebook, Inc.*,
     No. 5:13-CV-01356-EJD, 2014 U.S. Dist. LEXIS 4095 (N.D. Cal. Jan. 13,
     2014) .........................................................................................................................4

*Precision Shooting Equip. Co. v. Holless W. Allen & Allen Archery*
     (7th Cir. 1981) 646 F.2d 313 .....................................................................................9

*Telemac Corp. v. Teledigital, Inc.*,
     450 F. Supp. 2d 1107 (N.D. Cal. 2006) .....................................................................2

*Universal Elecs., Inc. v. Universal Remote Control, Inc.*,
     943 F. Supp. 2d 1028 (C.D. Cal. 2013) ...........................................................3, 4, 7

*Viavi Sols., Inc. v. Platinum Optics Tech., Inc.*,
     No. 5:20-cv-05501-EJD, 2021 U.S. Dist. LEXIS 90965 (N.D. Cal. May 11,
     2021) .........................................................................................................................4

*Warner-Jenkinson Co. v. Allied Chem. Corp.*,
 567 F.2d 184 (2d Cir. 1977)..................................................................................................9

**Statutes**

35 U.S.C. § 314(b) ...................................................................................................................8

35 U.S.C. § 315(e)(1) ...............................................................................................................7

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants Analog Devices, Inc. ("ADI") and Maxim Integrated Products, Inc. ("Maxim") respectfully move to stay this breach of contract litigation pending the resolution of *Inter Partes* Review ("IPR") for U.S. Patent No. 7,812,665 (" '665 Patent") and U.S. Patent No. 7,973,596 (" '596 Patent"). This case involves two inventors seeking royalties under a license agreement, despite certain patent claims being invalid. As a result, ADI has filed two detailed IPR petitions seeking to invalidate multiple patent claims used in its amplifier design products.

Staying this action pending resolution of the IPRs will conserve judicial and party resources by preventing unnecessary expenditures of time and effort on patent claims that have yet to be examined by the Court. IPRs create a timely, cost-effective alternative to litigation. They help reduce the Court's docket load and promote the efficient resolution of disputes by allowing the PTO to address issues of patent validity before litigation progresses further. While ADI/Maxim have confirmed this action will have affirmative defenses and counterclaims related to patent invalidity and non-infringement, this Court has yet to resolve any patent issues. This situation exemplifies the very purpose of IPRs, making the request for a stay both appropriate and consistent with the goals of judicial efficiency.

Three key factors strongly support staying this action, consistent with this District's precedent. First, this case is in its early stages, with no depositions noticed or taken and expert discovery yet to begin. Fact discovery is set to close on June 20, 2025, and trial is set over a year from now in April 2026. Second, the IPRs are likely to simplify this case, conserving judicial and party resources. Third, a stay will not unduly prejudice Plaintiff Number 14. Therefore, ADI/Maxim respectfully request this action be stayed pending the outcome of the IPR petitions. These factors also support ADI's request that the Court authorize royalty payments through the pending litigation to be paid into an escrow account to avoid irreparable injury.

## II. STATEMENT OF FACTS

On April 24, 2024, Number 14 filed a Complaint against ADI/Maxim for breach of contract, among other claims. Number 14 alleges that ADI/Maxim improperly calculated the

1  royalty payments, resulting in a failure to pay the royalties owed under the terms of the License
2  Agreement. ECF 1. On June 14, 2024, ADI/Maxim filled their Answer and Counterclaims against
3  Number 14 and the Inventors.[1] ECF 22.

4  On August 1, 2024, Number 14 served its first set of Requests for Production of
5  Documents. Isaacson Decl. ¶ 2. ADI/Maxim responded with objections and answers on
6  September 18, 2024. Isaacson Decl. ¶ 6. On August 26, 2024, Number 14 served a first set of
7  Interrogatories, and ADI/Maxim provided responses on September 30, 2024, with amended
8  responses served on January 20, 2025. Isaacson Decl. ¶¶ 3, 7, 12. On August 30, 2024,
9  Number 14 served a second set of Requests for Production of Documents, and ADI/Maxim
10 responded with objections and answers on September 30, 2024. Isaacson Decl. ¶¶ 4, 8. On
11 August 30, 2024, ADI/Maxim served its first set of Requests for Production of Documents.
12 Isaacson Decl. ¶ 5. Number 14 responded with objections and answers on October 3, 2024.
13 Isaacson Decl. ¶ 9. On October 22, 2024, ADI/Maxim served a first set of Interrogatories, and
14 Number 14 provided objections and answers on December 4, 2024. Isaacson Decl. ¶¶ 10-11. No
15 depositions have been taken, and expert discovery has not begun. Isaacson Decl. ¶ 13.

16 A case management conference was held on October 23, 2024. A scheduling order issued
17 following the case management conference, setting the close of discovery for June 20, 2025, and
18 trial for April 20, 2026. ECF 76.

19 On January 30, 2025 ADI filed two petitions for IPR challenging certain claims of the
20 '596 Patent and '665 Patent.[2] Isaacson Decl. ¶¶ 14-15, Exhs.1-2.

### III. LEGAL STANDARD

A district court has the inherent power to stay pending litigation. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). This inherent power includes "the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed.Cir.1988) (internal citations omitted). There is a liberal policy in favor of granting motions to stay proceedings pending the outcome of re-examination. *Telemac Corp. v. Teledigital, Inc.*,

---

[1] Plaintiff filed a Motion to Dismiss (ECF 43) and this Court heard arguments on October 23, 2024. The motion is still under submission.
[2] Petition Nos. IPR 2025-00550 and IPR 2025-00551.

450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006).

In determining whether to stay a case pending the conclusion of IPR proceedings, courts generally consider three primary factors: (1) whether discovery in the case is complete and whether a trial date has been set; (2) whether a stay would simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *In re Cygnus Telecomms. Tech., LLC*, 385 F. Supp. 2d 1022 (N.D. Cal. 2005); *see also Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1030-31 (C.D. Cal. 2013) (applying the framework applicable to motions to stay pending reexamination by the PTO to motions to stay pending the newer *inter partes* review process). Although case law provides general considerations, the Court must ultimately determine whether to issue a stay on a case-by-case basis. *Id*.

A stay is justified where reexamination is likely to aid the Court in determining patent validity. *In re Cygnus Telecomms. Tech., LLC*, 385 F.Supp.2d at 1023. Specifically, "an auxiliary function [of the IPR] is to free the court from any need to consider prior art without the benefit of the PTO's initial consideration." *In re Etter*, 756 F.2d 852, 857 (Fed. Cir. 1985).

## IV. ARGUMENT

### A. The Stage of Proceedings Favors Granting a Stay

The first factor asks the Court to consider the progress already made in the case, such as the completion of discovery and the setting of a trial date. *Universal Elecs., Inc.*, 943 F.Supp, 2d at 1031. This factor weighs in favor of granting a stay in this case.

Here, discovery is far from complete, and the trial date is set for over a year out. ECF 76. Specifically, the parties have only engaged in minimal written discovery, but no source code has been inspected, no depositions have been scheduled or taken, and no expert discovery has been conducted. Isaacson Decl. ¶ 13; *see Cypress Semiconductor Corp. v. GSI Tech., Inc.*, No. 13-cv-02013-JST, 2014 U.S. Dist. LEXIS 142858, at *5-6 (N.D. Cal. Oct. 7, 2014) (finding stage of litigation favored a stay, despite some discovery having taken place, as no significant effort has been made on depositions and expert discovery, or dispositive motions). Additionally, ADI/Maxim have already informed the Court and all parties that they intend to amend their

1  Answer and Counterclaims, which could even extend the close of fact discovery.

2  Furthermore, trial is set for April 20, 2026. ECF 76. The fact that the trial date was
3  recently set for over a year from now does not weigh against a stay. *See Advanced Analogic*
4  *Techs., Inc. v. Kinetic Techs., Inc.*, No. C-09-1360 MMC, 2009 U.S. Dist. LEXIS 122229, at *5
5  (N.D. Cal. Dec. 15, 2009) ("…discovery is in its early stages, and, although trial has been set, it is
6  set for a date more than fifteen months in the future.").

7  In brief, a significant portion of the effort needed to litigate this case remains, some of
8  which could be saved by staying this litigation pending the outcome of the IPRs. *See, e.g., Affinity*
9  *Labs of Tex. LLC v. Samsung Elecs. Co.*, No. 14-CV-2717 YGR, 2014 U.S. Dist. LEXIS 105850
10 (N.D. Cal. Aug. 1, 2014) (granting stay when fact discovery has begun, but no depositions, expert
11 reports, or summary judgment); *PersonalWeb Techs., LLC v. Facebook, Inc.*, No. 5:13-CV-
12 01356-EJD, 2014 U.S. Dist. LEXIS 4095 (N.D. Cal. Jan. 13, 2014) (granting stay when the
13 parties and courts have invested significant time but significant work lies ahead); *Network*
14 *Appliance, Inc. v. Sun Microsystems, Inc.*, No. C-07-06053 EDL, 2010 U.S. Dist. LEXIS 20732
15 (N.D. Cal. Feb. 11, 2010) (granting stay when considerable resources still need to be expended by
16 the parties and the Court); *Lian Li Indus. Co., Ltd. v. Thermaltake Tech., Co., Ltd.*, No. 2:23-cv-
17 07470-HDV-MAR, 2024 U.S. Dist. LEXIS 209668, at *3-4 (C.D. Cal. Oct. 4, 2024) (granting
18 stay even though two depositions have occurred).

19 Therefore, the stage of proceedings weighs strongly in favor of a stay.

20 **B.     A Stay Will Simplify or Resolve the Issues for Trial**

21 The second factor involves simplifying the issues and conserving judicial and party
22 resources. *Universal Elecs., Inc.*, 943 F.Supp, 2d at 1032. This factor also weighs in favor of a
23 stay. The standard is based on the "simplification of the district court case, not complete
24 elimination of it by the [Patent Trial and Appeal Board]." *Dodots Licensing Sols. LLC v. Samsung*
25 *Elecs. Co. Ltd.*, No. 23-cv-06521-JSC, 2024 U.S. Dist. LEXIS 27661, at *8 (N.D. Cal. Feb. 16,
26 2024).

27 Courts in this district have recognized the considerable efficiency that can arise from an
28 early stay, even when the PTAB has not yet instituted its review. *See Viavi Sols., Inc. v. Platinum*

*Optics Tech., Inc.*, No. 5:20-cv-05501-EJD, 2021 U.S. Dist. LEXIS 90965, at *3-4 (N.D. Cal. May 11, 2021) ("a stay pending the PTAB's decision on whether to institute IPR petitions will promote efficiency"). Furthermore, courts in this district have recognized a liberal policy favoring stays of proceedings pending the outcome of USPTO reexamination or reissuance proceedings. *See Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1035 (N.D. Cal. 2015) (granting stay, noting that "staying the case pending the PTO's decision whether to institute IPR is the most efficient use of resources at this juncture"); *see also Evolutionary Intelligence LLC v. Yelp Inc.*, No. C-13-03587 DMR, 2013 U.S. Dist. LEXIS 178547, at *21 (N.D. Cal. Dec. 18, 2013) ("[i]n light of the 'liberal policy' favoring stays pending reexamination, a court can grant a stay even if the Patent Office is still considering whether to grant a party's reexamination request"). For this reason, "it is not uncommon for courts to grant stays pending reexamination prior to the PTO deciding to reexamine the patent." *Anza Tech., Inc. v. Toshiba Am. Elec. Components Inc.*, No. 17-CV-07289-LHK, 2018 U.S. Dist. LEXIS 220978, at *5 (N.D. Cal. Sep. 28, 2018).

Here, the same efficiencies apply if a pre-institution stay is granted. There is a high likelihood that the PTAB will institute the IPRs based on the substantial evidence provided in ADI's petitions. Isaacson Decl. ¶¶ 14-15, Exhs. 1-2. ADI's petitions challenge the claims allegedly used in the royalty-products, asserting that these claims are unpatentable based on prior art previously unexamined by the Patent Office. Isaacson Decl. ¶ 16.

ADI's IPRs will significantly simplify Number 14's breach of contract cause of action, as the cause of action depends directly on the validity of the patent claims practiced by the purported royalty-bearing products, which can be assessed through IPR proceedings. Isaacson Decl. ¶ 17, *See* ECF 1, Exh. A, § 3.1.[3] Invalidating patent claims through the IPR process will streamline the analysis of whether ADI/Maxim have breached the license agreement by ruling out invalid claims of the asserted patent claims. Staying the case pending the resolution of the petitions and the IPRs, if instituted, could simplify the case because the PTAB could cancel or amend some or all of the asserted claims. This will clarify the scope and interpretation of the asserted patent claims, allowing this Court to avoid unnecessary expenditure of judicial and party resources on these

---

[3] The License Agreement at issue between the parties.

1  issues in this forum. *See Anza Tech., Inc.*, U.S. Dist. LEXIS 220978, at 4-5. Further, "[b]y
2  permitting the USPTO to apply its expertise to the [patent claims], a stay in this action may
3  facilitate more consistent outcomes in the litigation []." *In re Cygnus Telecomms. Tech., LLC*, 385
4  F.Supp.2d at 1024.

5  Additionally, ADI/Maxim have already informed the Court and opposing parties they will
6  amend their counterclaims. Isaacson Decl. ¶ 18. In their Amended Answer and Counterclaims,
7  ADI/Maxim will assert affirmative defenses and counterclaims concerning patent non-
8  infringement and invalidity. Isaacson Decl. ¶ 19. Because these issues are directly tied to the
9  validity of the patent claims themselves at issue in the IPRs, addressing them before the PTAB
10 becomes more straightforward, thereby reducing complexity in the litigation process. *See In re
11 Cygnus Telecomms. Tech., LLC*, 385 F.Supp.2d at 1024.

12 A stay pending resolution of the IPRs will also simplify the issues, as the IPRs will create
13 new intrinsic evidence that must be considered in the litigation. Statements made by the Inventors
14 and Number 14 in the IPRs, including those in their preliminary responses due in three months,
15 become part of the asserted patent's prosecution history and may affect noninfringement and
16 invalidity issues. *Core Optical Techs., LLC v. Fujitsu Network Communs., Inc.*, No. SACV 16-
17 00437-AG-JPRx, 2016 U.S. Dist. LEXIS 195061, at *4 (C.D. Cal. Sep. 12, 2016) (granting stay
18 where IPR proceeding helps develop the intrinsic record). Instead of proceeding based on an
19 incomplete intrinsic record and potentially invalid claims, judicial economy would be better
20 served by allowing the PTAB to complete its review. At the very least, this Court will gain a
21 more thorough prosecution history upon which to base necessary determinations. *In re Cygnus
22 Telecomms. Tech., LLC*, 385 F.Supp.2d at 1024.

23 Statistical data also suggests that the PTAB is likely to agree with ADI's petitions, finding
24 that the challenged claims are unpatentable based on obviousness. PTAB statistics show that the
25 IPRs will likely simplify the issues in this case. In 2024, the PTAB instituted review for seventy-
26 four percent (74%) of patents on which IPRs were filed. *See* Defendant's Request for Judicial
27 Notice, Exh. 1 at 7. Additionally, the PTAB instituted review for sixty-nine percent (69%) of IPR
28 petitions when the challenged technology is related to electrical or computer-based technology, as

1  it is in this case. *See Id.* at 8.  Thus, there is a high likelihood ADI's IPR petitions will lead to a

2  review and this Court can avoid unnecessary trial proceedings regarding royalty payments on

3  patent claims found to be invalid. A stay is therefore likely to avoid wasted resources by the

4  Court and parties, and avoid the possibility of inconsistent results. *Evolutionary Intelligence LLC*,

5  U.S. Dist. LEXIS 178547, at 19.

6  Even if ADI's IPR petitions are denied, Number 14 may file a motion to lift the stay so

7  "any concern that the motion [] [is] premature is alleviated by the short time frame of the initial

8  stay and the Court's willingness to reevaluate the stay if inter partes review is not instituted for all

9  of the asserted claims." *Anza Tech., Inc. v. Toshiba Am. Elec. Components Inc.*, U.S. Dist. LEXIS

10  220978 at 5. Plus, if the PTAB declines to institute, the stay will be relatively short-lived, lasting

11  no later than the end of July 2025. *See Lian Li Indus. Co., Ltd.*, U.S. Dist. LEXIS 209668, at 4-5.

12  Also, if the PTAB institutes review but finds in favor of Number 14, a stay will still

13  streamline this case. A decision upholding the patentability of some or all of the asserted claims

14  would estop ADI from asserting any invalidity arguments "on any ground that [ADI] raised or

15  reasonably could have raised during [its] *inter partes* review." 35 U.S.C. § 315(e)(1); *see Finjan,*

16  *Inc.*, 139 F. Supp. 3d at 1036, 1038 (granting motion to stay prior to institution of IPRs, noting

17  that the estoppel effect of IPRs supports decision to grant stay). This will still remove these issues

18  from being litigated before this Court and simplify issues for trial here.

19  In sum, regardless of what happens in the IPRs, the issues for litigation and trial are likely

20  to be simplified. This factor strongly favors a stay.

21  **C.     A Stay Will Not Unfairly Prejudice or Harm Number 14**

22  Finally, the third factor asks the Court to consider whether a stay would unduly prejudice

23  or present a clear tactical disadvantage to Number 14. *Universal Elecs., Inc.*, 943 F.Supp, 2d at

24  1033. Number 14 will not suffer undue prejudice and this stay does not present a clear tactical

25  disadvantage to Number 14.  Thus, this factor strongly favors a stay.

26  First, ADI timely requested reexaminations of the '596 and '665 patents. Number 14 filed

27  this case in late April 2024, and ADI/Maxim did not file counterclaims until June 2024.

28  Therefore, it has been no more than nine months, which is a reasonable and timely period for

investigating and requesting the reexamination of the patents. Additionally, ADI informed the Court and opposing parties of its intended challenge to the validity of the Number 14's patents at least as early as October, six months after this action was initiated. Isaacson Decl. ¶ 18. Moreover, courts have found that reasonable delay in preparing IPR petitions does not unduly prejudice the patent owner. *See Asetek Holdings, Inc. v. Cooler Master Co.*, No. 13-cv-00457-JST, 2014 U.S. Dist. LEXIS 47134, at *15-16 (N.D. Cal. Apr. 3, 2014) ("[p]rovided an accused infringer is diligent, delay due to preparing an IPR petition, ascertaining the plaintiff's theories of infringement, or otherwise researching the patents that have been asserted in an action does not unduly prejudice the patent owner.").

In addition, at this point, the Court can stay litigation pending the IPR institution decisions that are due no later than six months after filing notice dates. *Delphix Corp. v. Actifio, Inc.*, No. 13-cv-04613-BLF, 2014 U.S. Dist. LEXIS 160372, at *8 (N.D. Cal. Nov. 13, 2014) ("[a]t a minimum, instituting a brief, limited stay of approximately five months to see whether and how the PTAB will act on Defendant's IPR petitions will conserve judicial resources and avoid inconsistent results"). This potentially short-lived stay mitigates against any prejudice suffered by Number 14. In fact, Number 14 and the Inventors have control over the duration of the stay based on the timing of their preliminary responses to the IPRs, after which the USPTO has only three months to decide on initiating a review in response to the petitions. 35 U.S.C. § 314(b).

Furthermore, Number 14 has not moved for a preliminary injunction or summary judgment on its claims. Isaacson Decl. ¶ 20. Rather, even a delay in resolving Number 14's claims can be remedied later through monetary damages. *See, e.g., Anza Tech., Inc. v. Toshiba Am. Elec. Components Inc.*, U.S. Dist. LEXIS 220978 at 6; *Lighting Sci. Grp. Corp. v. Shenzhen Jiawei Photovoltaic Lighting Co., Ltd.*, No. 16-cv-03886-BLF, 2017 U.S. Dist. LEXIS 94182, at *12 (N.D. Cal. June 19, 2017) (finding no undue prejudice because plaintiff could be later made whole by money damages). Plus, Number 14 is simply the Inventors' IP management company. Isaacson Decl. ¶ 21. It is a non-practicing entity that does not compete directly with ADI/Maxim. Isaacson Decl. ¶ 22. Hence, monetary damages would adequately compensate Number 14, and a stay would not cause any competitive harm. *See, e.g., Chrimar Sys. v. Ruckus Wireless, Inc.*, No.

16-cv-00186-SI, 2016 U.S. Dist. LEXIS 131681, at *16-17 (N.D. Cal. Sep. 26, 2016) (finding that damages could adequately compensate plaintiff later on because the parties were not competitors); *Finjan, Inc.*, 139 F. Supp. 3d at 1038 (plaintiff does not risk irreparable harm and can be fully restored with monetary relief if the parties are not direct competitors).

Accordingly, the third factor weighs in favor of granting a stay.

### D. ADI/Maxim Will Suffer Irreparable Harm if Escrow is Denied

Moreover, ADI/Maxim request a stay on the payment of royalties and seeks to have the royalties at issue placed into an escrow account until the conclusion of the litigation.

ADI/Maxim are both willing and able to make current and future royalty payments should they be required to do so. Isaacson Decl. ¶ 24. In fact, ADI's royalty payment for FY2024 has been placed in an interest-bearing escrow account pending the resolution of this ongoing litigation. Isaacson Decl. ¶ 25. The placement of the royalty payment into an escrow account will not unduly prejudice Number 14 since as stated, ADI/Maxim are both willing and able to make the payment with accrued interest. Isaacson Decl. ¶ 24. ADI/Maxim simply request to wait until litigation concludes, as no such payments will be owed if and when they prevail on their claims.

Courts have acknowledged that use of an escrow account during litigation concerning royalties is proper where the licensee can show irreparable harm in the absence of an escrow account. *See, e.g., Cordis Corp. v. Medtronic, Inc.*, 780 F.2d 991, 996 (Fed. Cir. 1985); *Warner-Jenkinson Co. v. Allied Chem. Corp.*, 567 F.2d 184, 188 (2d Cir. 1977); *Precision Shooting Equip. Co. v. Holless W. Allen & Allen Archery* (7th Cir. 1981) 646 F.2d 313, 319. These courts have emphasized that allowing royalties to be paid into escrow accounts requires a showing of irreparable harm, including the likelihood that the royalties could not be recovered from the licensor if the patent was held to be invalid. ADI/Maxim can show that there is the likelihood that royalties will not be recovered from Number 14 if the patents were held to be invalid.

ADI/Maxim will be irreparably harmed by the potential for financial loss if they are required to pay Number 14 the FY2024 royalty payment. Number 14 is the Inventors' IP management company, and ADI/Maxim believe its sole role is to collect royalties. Isaacson Decl. ¶ 23. If ADI/Maxim were to make the FY2024 royalty payment, then there is a significant risk

1  and likelihood that the Inventors will cash out and possibly shut down Number 14, leaving
2  ADI/Maxim without remedy to recover the royalties unjustly received by Number 14. Isaacson
3  Decl. ¶ 26. Furthermore, Number 14 has yet to show it has an ability to refund any royalties paid
4  during litigation. *Id.* Additionally, the Inventors claim they cannot be brought into litigation in
5  this forum, decreasing ADI/Maxim's ability to recover royalties to which Number 14 is not
6  entitled to receive. Isaacson Decl. ¶ 27; *see* ECF 43. The possibility of financial harm and the lack
7  of a clear path for recovery make an escrow account necessary to protect ADI/Maxim from
8  irreparable harm.

9  Of note, there is a strong public interest that weighs in favor of placing the royalty
10 payment into an escrow account. There is a strong federal policy favoring free competition in
11 ideas that do not merit patent protection. This is exactly what ADI contends and the reason it
12 petitioned for the two IPRs before the PTO. *See Lear, Inc. v. Adkins* (1969) 395 U.S. 653, 656.
13 ADI believes that the technology Number 14 and the Inventors patented do not merit any patent
14 protection and Number 14 is not entitled to any royalties as a result.

15 ADI/Maxim respectfully request the Court to order a stay of its obligation to pay royalties
16 while litigation is pending, conditioned on ADI/Maxim paying the disputed royalties into an
17 interest-bearing escrow account. If the Court believes a motion for preliminary injunction is the
18 proper vehicle, ADI/Maxim request that the Court allow such a motion to be filed after
19 ADI/Maxim amend their counterclaims while staying the remainder of the case.

20 **V.   CONCLUSION**

21 A stay is in everyone's interest. ADI/Maxim's invalidity claims are more efficiently
22 resolved through the IPR process with the USPTO. A stay will benefit the parties and the Court
23 by preserving the resources of each. A stay will simplify the issues for trial in this action, without
24 any prejudice to any party. There is no downside to staying this action pending resolution of the
25 IPR petitions. Thus, ADI/Maxim respectfully request that the Court grant its motion to stay this
26 action pending final resolution of the IPR proceedings on the asserted patents, and to stay royalty
27 payments under the license agreement pending resolution of litigation.
28

Dated: February 5, 2025

ROPERS MAJESKI PC

By: /s/ *Kevin W. Isaacson*
MICHAEL J. IOANNOU
KEVIN W. ISAACSON
Attorneys for Defendants and Counterclaimants ANALOG DEVICES, INC. and MAXIM INTEGRATED PRODUCTS, INC.