

999 Peachtree Street NE | Suite 1300, Atlanta, GA 30309
O: 404-645-7700   F: 404-645-7707   mcciplaw.com

**John W. Harbin**
Direct 678-771-7787
jharbin@mcciplaw.com

<u>**VIA ECF**</u>

Hon. Nathanael Cousins, United States Magistrate Judge
United States District Court for the Northern District of California
San Jose Courthouse
280 South 1st Street
San Jose, CA 95113

Re:   *Number 14 B.V. v. Analog Devices, Inc.; Maxim Integrated Products, Inc.*
      Case No. 5:24-cv-02435-EKL-NC

Pursuant to the Court's Standing Order (updated June 20, 2023), Plaintiff Number 14 and Defendants Analog Devices, Inc. and Maxim Integrated Products, Inc. ("Defendants") submit the following joint statement regarding a dispute concerning Defendants' production of documents and in response to Number 14's First and Second Requests for Production of Documents and compliance with its discovery obligations under the ESI Order, ECF 88.

## PLAINTIFF NUMBER 14'S STATEMENT

**1. Introduction:** Number 14 served its First and Second Requests for Production of Documents ("RFPs") on August 1 and 30, 2024, five and six months ago, but Defendants have failed to produce several categories of material documents and refused to identify when they will complete their production. Examples of the still-missing documents include the remaining sales and financial documents, marketing documents, and documents regarding the change in the royalty calculation at the root of Plaintiff's claims. In addition, Defendants still have not provided the search terms they propose to use per the protocol in the ESI Order (ECF 88 at 2), three months after they said they would do so. After Number 14 repeatedly pressed Defendants about when they would complete the production, Defendants finally stated they expected to complete their production last month, But Defendants failed to do so and then declined to state when they would do so. Similarly, Defendants have promised several dates for when they would provide the search terms, the last one being February 3, and still no search terms have been provided. These delays have unreasonably delayed document production and subsequent discovery.

Accordingly, Number 14 requests that this Court compel Defendants to (1) complete their production of requested documents by a date certain in the near future, and (2) provide reasonable, comprehensive search terms and data sources per the ESI protocol by a date certain in the near future and then set a prompt schedule for producing the resulting documents. And because of Defendants' repeated failure to meet both required and voluntary deadlines, Number 14 also asks for the Court to supervise the remaining document production, including the completion of the ESI process, to ensure compliance with the Federal Rules and the Court's Local Rules and avoid further delays in discovery.



**2. Background:** On August 1, 2024, Number 14 delivered early Rule 34 Requests for Production (the First RFPs) prior to the parties' August 5 initial Rule 26(f) conference. Defendants timely served responses and objections (by agreed extension), but they did not produce any documents or specify "another reasonable time" to produce as required by Fed. R. Civ. P. 34(b)(2)(B). Number 14 served a second set of requests for production (the Second RFPs) on August 30, to which Defendants responded similarly—i.e., without any production or identification of when they would do so—on September 30.

Over the next several weeks, the parties exchanged letters and met and conferred multiple times about Defendants' objections to the RFPs. The parties resolved many of their issues during hours-long video conferences on October 21 and 30 (also issues in the parties' proposed Stipulated ESI and Protective Orders). And despite stating during *each* of those conferences that a document production was forthcoming within a few days (and writing on October 30 that 500-550 documents were "being processed now for production" to be completed the next day), the documents were not produced. Number 14 noted this deficiency in a November 4 letter summarizing the October 21 and 30 conferences.

On November 18, Number 14 wrote to address "numerous long-overdue responses and action items from Defendants" for which Defendants had not communicated "either the fact of or the reason for" their lack of meeting their own stated commitments and threatened to move to compel. Defendants finally produced the first batch of 532 documents on November 20.[1] Defendants also responded that day to Number 14's summary of the earlier discovery conferences and confirmed, *inter alia*, their previous agreement (on October 30) "to produce a first draft of the search terms to Plaintiff's Requests for Production, Sets One and Two, based on Defendants' understanding of Plaintiff's Requests." Defendants indicated they were "still in the process of identifying" the custodians and search terms, and they did not indicate what the next steps would be or any timeframe for completing that identification.

The second week of December, Defendants told Number 14 they would be producing technical documents from a non-custodial data source that week. That did not happen. Then on another call on Monday, December 16, Defendants again indicated the technical documents would be produced by week's end, and that Defendants would let Number 14 know when *other* categories of documents from non-custodial data sources (e.g., financial and marketing documents and documents regarding the change in royalty calculation) would be produced. Neither happened, with no explanation or communication. Defendants' counsel responded to a December 21 written demand that "difficulties with the processing" delayed the promised production of technical documents. That second batch of 1,612 technical documents was produced the following Monday. As to the remaining outstanding documents, counsel stated he did not "have an ETA" and could not "commit today to [a] date by which an ETA can be provided" because of end-of-the-year "partial shutdown" at Defendants' business. Defendants made their second production consisting of 1,612 technical documents, from what appears to be a single, non-custodial data source, in accord with counsel's representation on December 21.

Number 14 raised the continued lack of progress and failure to provide the promised search terms during a January 14 phone call. Defendants said they would attempt to provide the search terms by end of the week. After another follow-up by Number 14, Defendants stated on January

---

[1] Even that production was woefully lacking in substance: all but 13 of those documents were publicly (and readily) available (e.g., 201 were apparently downloaded from the USPTO website).

20 they "hope[d] to have those … this week." Again, it did not happen. Number 14 emailed Defendants on January 27 to demand that they propose search terms and custodians in accordance with the ESI protocol by January 29 and either complete the production or agree to a stipulated plan to do so to file with the Court. A few hours after that demand, Defendants served their third production—37 more non-custodial documents. The following Wednesday, Defendants responded that they "anticipate[d] providing a draft" of the search terms by Monday (February 3) and professed they were making "diligent efforts" to produce documents, but they did not make any commitments or describe any specific (or even *next*) steps they were taking to complete the discovery that had been requested in August. Defendants have still not provided the search terms and data sources under the ESI Order.

**The Dispute:**  Number 14 has been forced to affirmatively follow-up and demand ordinary responses throughout discovery. Numerous deadlines—both formal and informal—have been missed without explanation. And Defendants appear no closer today to completing document discovery than they were six months ago. For example, the disclosure of search terms under the ESI Order is only a *first step* in collecting and producing ESI where a producing party elects to use them. The ESI Order provides for a process of further negotiation and then collection, review or production of that ESI, following the initial disclosure. ECF 88 at 2–3. But months in, Defendants have not taken that preliminary step. And while extensions of time are commonplace in discovery and have been granted several times here, Number 14's patience has been abused. Under the Court's rules and standards of professional conduct, Defendants should comply with their discovery obligations and work cooperatively in discovery without continued haranguing from Number 14.

Defendants have made various excuses over the past several months, but none justify this extended delay or the repeatedly broken promises. Defendants are large companies staffed with in-house counsel and experienced in federal court litigation, as is their outside counsel team.

Given Defendants' failures to meet both reasonable and self-imposed deadlines, Number 14 asks the Court to compel Defendants to (i) complete the production of requested documents by a date certain in the near future; and (ii) provide reasonable, comprehensive search terms and data sources per the protocol in the ESI Order, (ECF 88) by a date certain in the near future and then promptly produce the resulting documents by a date certain. And because of Defendants' repeated failure to meet both required and voluntary deadlines, Number 14 asks the Court to supervise all further document production, including the completing of the ESI process. For the foregoing and other reasons that Number 14 requests the opportunity to explain, the proposals Defendants have finally made in their Statement below do not obviate the need for an order from this Court and (ii) Court supervision of the balance of document production, including the process set forth in the ESI Order.

### DEFENDANTS' STATEMENT

Defendants have produced nearly 19,000 pages of documents and will continue to produce documents on a rolling basis, as previously agreed by the parties. There are still outstanding issues and document requests that require further coordination within Defendants' internal structure. Given the complexity of Defendants' document collection—particularly in discovery with large companies—the process has been time-intensive and remains ongoing. Court intervention is inappropriate, as Defendants have made substantial progress in producing documents and the parties have never set a specific end date for production.

On Wednesday, January 29, 2025, Defendants offered to meet and confer on Friday, February 7, 2025, after the parties' mediation, concerning the date certain for Defendants' production and for the draft search terms to Plaintiff's fifty-two (52) overly broad, vague, ambiguous, and lacking particularity Requests for Production. Plaintiff refused.

Notwithstanding Plaintiff's refusal to meet and confer, Defendants have reviewed all of Plaintiff's pending document requests to confirm a date certain for completing Defendants' production and the search terms list pursuant to the stipulated ESI Protocol. This Request to Compel should be denied as unnecessary and made in bad faith. Had Plaintiff agreed to confer with Defendants following mediation, Defendants would have offered the following deadlines for completion:

- Completion of Defendants' Document Production: March 21, 2025, with weekly productions starting on Friday, February 28, 2025;
- Delivery of Proposed Search Terms to Plaintiff: February 20, 2025;
- Completion of Defendants' Document Production from Search Terms: March 28, 2025 or four weeks after the parties reach agreement on the Search Terms, whichever is later.

A Request to Compel is not necessary as Defendants have already started the process to collect all remaining responsive documents. In the interim, and subject to the Court's decision to set a different, if any, "date certain in the near future" to: (i) complete the production of requested documents; and (ii) provide reasonable, comprehensive search terms and data sources per the protocol in the ESI Order, (ECF 88), as Plaintiff requests, Defendants' rolling production approach remains in place. Defendants are committed to make diligent efforts to continue producing documents as efficiently as possible under the circumstances. Under Defendants' proposal, document production will be completed approximately three months before the close of discovery.

Moreover, for the foregoing reasons, Defendants also respectfully request the Court deny Plaintiff's request that the Court "supervise" all further document production. Defendants would agree to submit a further joint status report on March 7, 2025 confirming the progress towards completion of their document production and the status of the search term portion of the document production.

Respectfully submitted,

| | |
|---|---|
| */s/ John W. Harbin* | */s/ Kevin W. Isaacson* |
| Rachel Thomas | Michael J. Ioannou |
| Ale Burke-Vallejo | Kevin W. Isaacson |
| GREENFIELD LLP | Angie Chang |
| | Amanda M. Ogata |
| John W. Harbin (pro hac vice) | ROPERS MAJESKI PC |
| Warren J. Thomas (pro hac vice) | |
| MEUNIER CARLIN & CURFMAN LLC | |



| | |
|---|---|
| Attorneys for Plaintiff/Counter-Defendant NUMBER 14 B.V. <br> Specially Appearing for Counter-Defendants RUDY ESCHAUZIER, and NICO VAN RIJN | Attorneys for Defendants and Counterclaimants ANALOG DEVICES, INC. and MAXIM INTEGRATED PRODUCTS, INC. |