MICHAEL J. IOANNOU (SBN 95208)
KEVIN W. ISAACSON (SBN 281067)
PAULA B. NYSTROM (SBN 329651)
AMANDA M. OGATA (SBN 354967)
ROPERS MAJESKI PC
333 W. Santa Clara St., Suite 930
San Jose, CA  95113
Telephone:    408.287.6262
Facsimile:    408.918.4501
Email:         michael.ioannou@ropers.com
                kevin.isaacson@ropers.com
                paula.nystrom@ropers.com
                amanda.ogata@ropers.com

Attorneys for Defendants and Counterclaimants
ANALOG DEVICES, INC. and
MAXIM INTEGRATED PRODUCTS, INC.

ROPERS MAJESKI

A Professional Corporation
San Jose

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUMBER 14 B.V.,<br><br>    Plaintiff,<br><br>    v.<br><br>ANALOG DEVICES, INC.; and MAXIM INTEGRATED PRODUCTS, INC.<br><br>    Defendants.<br><br>ANALOG DEVICES, INC.; and MAXIM INTEGRATED PRODUCTS, INC.,<br><br>    Counterclaimants,<br><br>    v.<br><br>NUMBER 14 B.V., RUDY ESCHAUZIER, and NICO VAN RIJN,<br><br>    Counter-Defendants. | Case No.: 5:24-cv-02435-EKL<br><br>**DEFENDANTS AND COUNTERCLAIMANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO STAY PENDING *INTER PARTES* REVIEW**<br><br>Date:      May 14, 2025<br>Time:      10:00 a.m.<br>Dept:      Courtroom 7, 4th Floor<br>Judge:    Hon. Eumi K. Lee |

4897-4095-3375.7

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ........................................................................................................... 1

II.     ARGUMENT ................................................................................................................. 1

      A.      A SET TRIAL DATE IS ONLY ONE OF MANY FACTORS IN
           ISSUING A STAY ................................................................................................ 1

      B.      ADI/MAXIM IS A LICENSEE AND CAN CHALLENGE VALIDITY OF
           THE PATENTS ..................................................................................................... 2

      C.      PATENT ISSUES ARE DIRECTLY RELATED TO THE CURRENT
           LITIGATION ......................................................................................................... 3

      D.      ADI/MAXIM WILL SUFFER IRREPARABLE HARM IF ESCROW IS
           DENIED ................................................................................................................. 5

III.    CONCLUSION ............................................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Advanced Analogic Techs., Inc. v. Kinetic Techs., Inc.*
No. C-09-1360 MMC, 2009 U.S. Dist. LEXIS 122229
(N.D. Cal. Dec. 15, 2009) ............................................................................................1

*Affinity Labs of Tex. LLC v. Samsung Elecs. Co.*
No. 14-CV-2717 YGR, 2014 U.S. Dist. LEXIS 105850
(N.D. Cal. Aug. 1, 2014)........................................................................................1, 2, 4

*Anza Tech., Inc. v. Toshiba Am. Elec. Components Inc.*
No. 17-CV-07289-LHK, 2018 U.S. Dist. LEXIS 220978
(N.D. Cal. Sep. 28, 2018) .............................................................................................2

*Carl Zeiss A. G. v. Nikon Corp.*
No. 2:17-cv-03221-RGK-MRW, 2018 U.S. Dist. LEXIS 199080
(C.D. Cal. Feb. 9, 2018). ...............................................................................................3

*Cordis Corp. v. Medtronic, Inc.*
780 F.2d 991 (Fed. Cir. 1985) ...................................................................................3, 5

*Delphix Corp. v. Actifio, Inc.*
No. 13-cv-04613-BLF, 2014 U.S. Dist. LEXIS 160372
(N.D. Cal. Nov. 13, 2014) .............................................................................................2

*Evolutionary Intel. LLC v. Yelp Inc.*
No. C-13-03587 DMR, 2013 U.S. Dist. LEXIS 178547
(N.D. Cal. Dec. 18, 2013) .............................................................................................4

*Finjan, Inc. v. Symantec Corp.*
139 F. Supp. 3d 1032 (N.D. Cal. 2015) ........................................................................4

*Lear, Inc. v. Adkins*
395 U.S. 653 (1969)......................................................................................................3

*Mentor Graphics Corp. v. Quickturn Design Sys.*
150 F.3d 1374 (Fed. Cir. 1998)..................................................................................2, 3

*Network Appliance, Inc. v. Sun Microsystems, Inc.*
No. C-07-06053 EDL, 2010 U.S. Dist. LEXIS 20732 (N.D. Cal. Feb. 11, 2010)....................1

*Tokuyama Corp. v. Vision Dynamics, LLC*
No. C 08-2781SBA, 2008 U.S. Dist. LEXIS 82732
(N.D. Cal. Oct. 2, 2008) ............................................................................................3, 4

ROPERS MAJESKI
A Professional Corporation
San Jose

REPLY TO OPP. TO MOTION TO STAY
CASE NO.: 5:24-CV-02435-EKL

**TABLE OF AUTHORITIES**
(continued)

**Page(s**

CASES

*Universal Elecs., Inc. v. Universal Remote Control, Inc.*
943 F. Supp. 2d 1028 (C.D. Cal. 2013) ..................................................................2

*Viavi Sols., Inc. v. Platinum Optics Tech., Inc.*
No. 5:20-cv-05501-EJD, 2021 U.S. Dist. LEXIS 90965
(N.D. Cal. May 11, 2021) ....................................................................................4

*Warner-Jenkinson Co. v. Allied Chem. Corp.*
567 F.2d 184 (2d Cir. 1977).................................................................................5

REPLY TO OPP. TO MOTION TO STAY
CASE NO.: 5:24-CV-02435-EKL

I.    **INTRODUCTION**

Staying this action pending resolution of ADI's IPRs will conserve both judicial and party resources. IPRs offer a timely, cost-effective alternative to litigation, alleviating the Court's docket and promoting the efficient resolution of patent invalidity by the USPTO. If not stayed, patent invalidity will become issues in this action and before the USPTO simultaneously[1]. This scenario underscores the very purpose of IPRs, to eliminate litigating invalidity in multiple forums, making the request for a stay appropriate and aligned with the goals of judicial efficiency.

II.    **ARGUMENT**

A.    **A Set Trial Date is Only One of Many Factors in Issuing a Stay.**

Number 14 incorrectly relies on the existence of a trial date as to whether the case is ripe for trial. No case cited by Number 14 hinges on the existence of a trial date as to whether to stay a trial. *See Advanced Analogic Techs., Inc. v. Kinetic Techs., Inc.,* No. C-09-1360 MMC, 2009 U.S. Dist. LEXIS 122229, at \*5 (N.D. Cal. Dec. 15, 2009).  Rather, courts evaluate the entire litigation process, particularly as to the patent-related claims, not just the proximity of the trial date. *Id.*; *see also Affinity Labs of Tex. LLC v. Samsung Elecs. Co.,* No. 14-CV-2717 YGR, 2014 U.S. Dist. LEXIS 105850 (N.D. Cal. Aug. 1, 2014); *Network Appliance, Inc. v. Sun Microsystems, Inc.*, No. C-07-06053 EDL, 2010 U.S. Dist. LEXIS 20732 (N.D. Cal. Feb. 11, 2010). Rather than relying on just a trial date, courts look to the status of discovery and pretrial proceedings to see how ready the matter is for trial. *Id.; see Affinity Labs of Tex. LLC*, No. 14-CV-2717 YGR, 2014 U.S. Dist. LEXIS 105850, at \*13. Here, fact discovery is far from complete, expert discovery has yet to begin, dispositive motions have yet to be filed, and the trial itself is still over a year away.

Moreover, the existing case schedule will need to change as pleadings are not settled. There is a pending Motion to Dismiss, and Plaintiff has indicated further motion practice will occur after Defendants amend their Counterclaims following the Court's ruling on the Motion to Dismiss.  (ECF 43.)  Realistically, pleadings will not be settled until late summer or fall, 2025, and discovery will be required on issues raised in those pleadings.  Thus, Defendants anticipate

---

[1] ADI and Maxim previously communicated to both the Court and Plaintiff the preference to amend and add these counterclaims following the Court's ruling on Plaintiff's Motion to Dismiss, which is the sole reason these counterclaims have not been added to the pleadings.

ROPERS
MAJESKI

A Professional Corporation
San Jose

ROPERS
MAJESKI

A Professional Corporation
San Jose

1    fact discovery will not be completed until late 2025 or early 2026, and trial will need to be reset

2    correspondingly. *See Delphix Corp. v. Actifio, Inc.*, No. 13-cv-04613-BLF, 2014 U.S. Dist.

3    LEXIS 160372, at *6 (N.D. Cal. Nov. 13, 2014) (even actions more than a year old can still be in

4    the "early stages due to several rounds of motions to dismiss and an addition of an increasing

5    number of claims and issues to the case."). Given these circumstances, the trial date alone does

6    not reflect the progression of this action. Rather, "instituting a brief, limited stay of approximately

7    five months to see whether and how the PTAB will act on Defendant's IPR petitions will

8    conserve judicial resources and avoid inconsistent results." *Delphix Corp.*, No. 13-cv-04613-BLF,

9    2014 U.S. Dist. LEXIS 160372, at *8.

10    Moreover, a "mere delay in litigation does not establish undue prejudice." *Universal

11    Elecs., Inc. v. Universal Remote Control, Inc*., 943 F. Supp. 2d 1028, 1033 (C.D. Cal. 2013).

12    Even when a trial date has been set and a "Plaintiff does not assert any prejudice except that

13    Defendants delayed in filing their petitions [whereas] Defendants will be prejudiced by having to

14    litigate claims that may be canceled or amended." *Anza Tech., Inc. v. Toshiba Am. Elec.

15    Components Inc*., No. 17-CV-07289-LHK, 2018 U.S. Dist. LEXIS 220978, at *6 (N.D. Cal. Sep.

16    28, 2018). "[C]ourts have consistently found that a patent licensor cannot be prejudiced by a stay

17    because monetary damages provide adequate redress." *Affinity Labs of Tex. LLC*, No. 14-CV-

18    2717 YGR, 2014 U.S. Dist. LEXIS 105850, at *19. As in *Anza*, litigating based on claims that

19    may be canceled causes actual undue prejudice to ADI/Maxim and delay will not prejudice

20    Number 14. Therefore, given the stage of litigation and lack of prejudice, a stay is appropriate.

21    **B.    ADI/Maxim is A Licensee And Can Challenge Validity of The Patents**

22    Number 14 cannot assert assignor estoppel as a defense to challenging the validity of the

23    patents. Assignor estoppel prevents a party who assigns a patent from later challenging the

24    validity of the patent. *Mentor Graphics Corp. v. Quickturn Design Sys.*, 150 F.3d 1374, 1379

25    (Fed. Cir. 1998). This doctrine prevents a party from "sell[ing] something and later [asserting]

26    that what was sold is worthless." *Id.* at 1377. Section 2.2 (grants Maxim the ability to decide

27    patent prosecution strategy) does not justify "assignor estoppel," as ADI/Maxim never "sold" any

28    patents.  There is no "assignor estoppel" here.

1    The Supreme Court and strong public policy authorize ADI/Maxim to contest the licensed

2    patents' validity. *Lear, Inc. v. Adkins*, 395 U.S. 653, 670-671 (1969). Licensees may always

3    challenge patent validity because "[l]icensees may often be the only individuals with enough

4    economic incentive to challenge the patentability of an inventor's discovery. If they are muzzled,

5    the public may continually be required to pay tribute to would-be monopolists without need or

6    justification." *Id.* at 670; *see Cordis Corp. v. Medtronic, Inc*., 780 F.2d 991, 994 (Fed. Cir. 1985).

7    The License Agreement does not contradict the policy allowing challenges to Plaintiff's

8    patents. The License Agreement does not prohibit challenging patent validity. Number 14's

9    reliance on Section 8.2 is misdirected as it does not state that ADI/Maxim are not permitted to

10    challenge patent validity. Plaintiff's attempt to morph Section 8.2 into an estoppel would require

11    conflating licensees with assignors. The Federal Circuit has expressly distinguished assignors

12    from licensees. *See Mentor Graphics Corp. v. Quickturn Design Sys*., 150 F.3d 1374, 1378 (Fed.

13    Cir. 1998) (citing to *Diamond Sci. Co. v. Ambico, Inc*., 848 F.2d 1220, 1224 (Fed. Cir. 1988)).

14    Therefore, ADI cannot be estopped from challenging Number 14's patents and a stay is proper.

15    ### C.    Patent Issues Are Directly Related to The Current Litigation

16    Inapposite to Plaintiff's primary argument, the patent validity challenged in the IPRs is

17    related to the current licensing dispute. Plaintiff's examples of "needless delay" are inapplicable

18    here. *See Carl Zeiss A. G. v. Nikon Corp.*, No. 2:17-cv-03221-RGK-MRW, 2018 U.S. Dist.

19    LEXIS 199080, at *4-5 (C.D. Cal. Feb. 9, 2018). Number 14's right to receive royalties is

20    expressly conditioned on use of valid patent claims in amplifier product. ECF 3, Exh. 1, Exh. A, §

21    3.1; ECF 96 at 5:19-6:11. Number 14 ignores ADI's discussion of Section 3.1 entirely, arguing

22    instead that the IPRs will not dispose of any issues because ADI only seeks to invalidate some

23    patent claims, not all. ECF 109 at 8:10-13. However, ADI's defense includes that products do not

24    utilize any valid patent claims.  No royalties will be owed following the IPRs if no valid patent

25    claims are utilized in ADI's amplifiers. Thus, the IPRs will resolve whether royalties are owed or

26    any breach has occurred, addressing most if not all issues raised in Plaintiff's Complaint.

27    The IPRs will unquestionably simplify central issues in this case. Plaintiff's reliance on

28    *Tokuyama Corp. v. Vision Dynamics, LLC*, No. C 08-2781SBA, 2008 U.S. Dist. LEXIS 82732, at

ROPERS MAJESKI

A Professional Corporation
San Jose

1   *8 (N.D. Cal. Oct. 2, 2008) fails to consider that "a major 'purpose of the reexamination

2   procedure is to eliminate trial of that issue (when the claim is canceled) or facilitate trial of that

3   issue by providing the district court with the expert view of the [USPTO] (when a claim survives

4   the reexamination proceedings)'." *Id.* (citing to *eSoft, Inc. v. Blue Coat Sys.*, 505 F. Supp. 2d 784,

5   787 (D. Colo. 2007).) This Court has not yet assessed any of the patent claims directly or

6   indirectly. The USPTO's determination ***can*** resolve issues of whether royalties are actually owed

7   to Number 14. The USPTO is positioned to ensure an informed and consistent resolution of

8   patent validity disputes. *See id.*at *8 – 9; *see also Viavi Sols., Inc. v. Platinum Optics Tech., Inc.*,

9   No. 5:20-cv-05501-EJD, 2021 U.S. Dist. LEXIS 90965, at *4 (N.D. Cal. May 11, 2021)(IPRs

10  covering some but not all asserted patent claims have "the potential to streamline the case

11  significantly. A stay is also likely to avoid inconsistent results").

12       It is ironic that Number 14 objects to ADI's reliance on patent infringement cases, as

13  Number 14 relies on the same category of cases. *See* ECF 109 at 3:13-15. The fact that the action

14  is not a patent infringement case is irrelevant, as patent validity is central to Plaintiff claims, as

15  described above. Accordingly, a resolution of patent validity is essential and justifies a stay.

16       Furthermore, as Number 14 acknowledged, the Court has discretion in determining

17  whether to grant a stay. *See Tokuyama Corp.,* No. C 08-2781SBA, 2008 U.S. Dist. LEXIS 82732,

18  at *5. As in ADI's Motion, there is substantial precedent ***within the Northern District*** to stay

19  cases prior to the institution of the IPRs. *See, e.g., Viavi Sols., Inc.*, No. 5:20-cv-05501-EJD, 2021

20  U.S. Dist. LEXIS 90965, at *3-4; *Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1035

21  (N.D. Cal. 2015); *Evolutionary Intel. LLC v. Yelp Inc.*, No. C-13-03587 DMR, 2013 U.S. Dist.

22  LEXIS 178547, at *21 (N.D. Cal. Dec. 18, 2013).

23       Lastly, there is no war of attrition here. ADI has a right to move for a stay, customary in

24  cases involving IPRs.[2] As mentioned, "a patent licensor cannot be prejudiced by a stay because

25  monetary damages provide adequate redress for infringement." *Affinity Labs of Tex. LLC*, No. 14-

26  CV-2717 YGR, 2014 U.S. Dist. LEXIS 105850, at *19. Unlike in *Tokuyama,* where "[r]egardless

27  of the result of the reexamination," there would not be a final resolution of several antitrust

28

[2] This is demonstrated by the numerous case citations provided by both parties.

REPLY TO OPP. TO MOTION TO STAY
CASE NO.: 5:24-CV-02435-EKL

ROPERS
MAJESKI

A Professional Corporation
San Jose

1    claims, a decision on the IPRs will streamline litigation and promote judicial efficiency by

2    ensuring that the Court's consideration of remaining issues is based on the USPTO's experienced

3    determination of patent validity. Additionally, the relationship between the parties weighs in

4    favor of granting the stay. The parties are not direct competitors, as Number 14 is a non-

5    practicing entity and monetary damages can adequately compensate Number 14 in the end.

6    Granting a stay would also reduce legal fees for all parties, and conserve judicial resources.

7           **D.      ADI/Maxim Will Suffer Irreparable Harm If Escrow Is Denied**

8           ADI/Maxim will suffer irreparable harm if the escrow is denied and Plaintiff wholly fails

9    refute this. *See, e.g., Cordis Corp. v. Medtronic, Inc.*, 780 F.2d 991, 996 (Fed. Cir. 1985). In

10   *Warner-Jenkinson Co. v. Allied Chem. Corp.*, 567 F.2d 184, 188 (2d Cir. 1977), escrow was

11   denied because licensees "continue to invoke the protections of their licensing agreements" and

12   based on fairness, should not "simultaneously to reap all the benefits of the license agreement and

13   to deprive the licensor of all his royalties."

14          This case differs from *Warner-Jenkinson Co.* as no royalties would be owed if

15   ADI/Maxim's products do not utilize any valid patent claims from Number 14's patents.  Number

16   14, a Dutch entity, is owned by Dutch residents and is a holding company created to collect

17   royalties. ECF 97, ¶ 23. The Inventors claim they cannot be brought into this forum due to their

18   residence. ECF 97, ¶ 27; ECF 43. There is nothing preventing the Inventors from liquidating the

19   foreign entity at any point, foreclosing ADI/Maxim's recovery of the FY2024 royalty payments if

20   the patents are invalidated.  Therefore, ADI/Maxim request the Court stay their obligation to pay

21   royalties while litigation is pending, conditioned upon ADI/Maxim depositing the disputed

22   amount into an interest-bearing escrow account. ADI/Maxim is also amenable to creating an

23   escrow account set up by Number 14's counsel, with full disclosure of the set-up process and

24   escrow instructions to release funds upon the Court's order.

25   **III.    CONCLUSION**

26          For the foregoing reasons, ADI/Maxim respectfully request the Court stay this Action.

27   ///

28   ///

ROPERS
MAJESKI

A Professional Corporation
San Jose

1  Dated: February 26, 2025                    ROPERS MAJESKI PC

2

3                                             By: /s/ *Kevin W. Isaacson*
                                                  MICHAEL J. IOANNOU
4                                                 KEVIN W. ISAACSON
                                                  PAULA B. NYSTROM
5                                                 AMANDA M. OGATA
                                                  Attorneys for Defendants and
6                                                 Counterclaimants ANALOG DEVICES,
                                                  INC. and MAXIM INTEGRATED
7                                                 PRODUCTS, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28