**RACHEL THOMAS (SBN 244527)**
**ALE BURKE-VALLEJO (SBN 353890)**
GREENFIELD LLP
55 S. Market Street, Suite 1500
San Jose, California 95113
Telephone: (408) 995-5600
Email: rthomas@greenfieldlaw.com
　　　　aburke-vallejo@greenfieldlaw.com

**JOHN W. HARBIN (*Pro Hac Vice*)**
**WARREN J. THOMAS (*Pro Hac Vice*)**
MEUNIER CARLIN & CURFMAN LLC
999 Peachtree Street NE, Suite 1300
Atlanta, GA 30309
Telephone: (404) 645-7700
Email: jharbin@mcciplaw.com
　　　　wthomas@mcciplaw.com

Attorneys for Plaintiff/Counter-Defendant NUMBER 14 B.V.
Specially Appearing for Counter-Defendants RUDY ESCHAUZIER and NICO VAN RIJN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NUMBER 14 B.V., <br><br>　　　　　　Plaintiff, <br><br>v. <br><br>ANALOG DEVICES, INC.; MAXIM INTEGRATED PRODUCTS, INC., <br><br>　　　　　　Defendants. | Case No.: 5:24-cv-02435-EKL <br><br>**JOINT MID-DISCOVERY CASE MANAGEMENT STATEMENT** |
| ANALOG DEVICES, INC.; MAXIM INTEGRATED PRODUCTS, INC., <br><br>　　　　　　Counterclaimants, <br><br>v. <br><br>NUMBER 14 B.V., RUDY ESCHAUZIER, and NICO VAN RIJN, <br><br>　　　　　　Counter-Defendants. | |

Pursuant to the Court's Case Management and Scheduling Order (ECF No. 76), the parties provide this mid-discovery case management statement.

**I.       Pending Motions**

There are two motions pending before the Court:

1.       Counter-Defendants' Motion to Dismiss Defendants' Counterclaims and Related Affirmative Defenses (ECF No. 43).

The Court held a hearing on the motion on October 23, 2024. Defendants have stated they intend to add additional claims following the Court's ruling on the operative pleading, and the Court has granted Defendants leave to amend their Counterclaim 14 days after the Court rules on Counter-Defendants' motion to dismiss. ECF No. 85. Plaintiff/Counter-Defendants have not yet Answered the counterclaims or asserted affirmative defenses.

2.       Defendants and Counterclaimants' Motion to Stay Pending Inter Partes Review (ECF No. 96).

Briefing is complete on the motion. In denying in part Defendants' Motion to Shorten Time, the Court stated it was "inclined to grant Defendants' alternative request that the Court rule on the motion to stay without holding a hearing … unless Plaintiff requests a hearing, and the Court determines that a hearing would be helpful." ECF No. 103 at 1. Plaintiff stated in its Opposition to the Motion to Stay that it believes no hearing is required, ECF No. 109 at 10, and Defendants agree. The parties are of course at the Court's disposal if it determines that a hearing would be helpful.

**II.      Status of Discovery**

   **A. Plaintiff's Position**

Discovery is ongoing. Plaintiff has completed its document production. Regarding Defendants' statement that they have initiated a meet and confer about Plaintiff's production, the only question Defendants have raised is whether the production is complete, and to Plaintiff's knowledge that is resolved. Plaintiff believed it had completed its document production on December 31, 2024, then discovered earlier this month that several documents had inadvertently not been produced. Last week (on February 19), we communicated that to Defendants and

produced 87 additional documents. Defendants first raised a question about whether Plaintiff had completed its production in the draft of their portion of this report, which they provided yesterday, February 26. As noted, Plaintiff believes this concern has been resolved.

Regarding *Defendants'* document production, despite Plaintiff having served its first and second sets of document requests in August 2024, Defendants still have not completed their production. And until Plaintiff notified the Court of the problems it was having with Defendants' document production (see below), Defendants, after earlier stating they expected to complete their production in January, had declined to state when they would complete their production.

Because of the repeated delays and issues Plaintiff had encountered , Plaintiff initiated Magistrate Judge Cousins's Discovery Dispute process, requesting: (1) an order compelling Defendants to complete document production and to provide search terms in accord with the ESI order, and (2) that the Magistrate Judge oversee the balance of document production. ECF No. 104. In that joint submission, Defendants stated they will complete their production of documents other than those retrieved using search terms by March 21, 2025 and will complete their production of documents from search terms by the later of March 28, 2025 or four weeks after the parties reach agreement on the search terms (which Defendants provided on February 20 and Plaintiff is evaluating). ECF No. 104 at 4. In response to the Discovery Letter Brief, Judge Cousins ordered the parties to submit a joint discovery status update by March 7 and set a hearing for March 11. ECF No. 106.

Regarding Plaintiff's interrogatories to Defendants, Defendants served their responses and objections on September 30, and Plaintiff wrote Defendants on October 4 stating, among other things, that the two substantive responses they provided (out of 12 interrogatories) were incomplete. On October 28 and again November 20, Defendants agreed to supplement those two responses; then on December 10, Defendants further agreed to provide initial responses to the remaining interrogatories. Defendants served amended responses to all Plaintiff's interrogatories on January 20. On February 19, we wrote to Defendants that their supplementations do not fully address the issues we identified in October and demanded further supplementation to address new issues. We asked Defendants to let us know by February 25 if they would further supplement the

responses as requested. Defendants responded on February 25 saying that they would "provide a response by next Friday, March 7, 2025.".

Regarding Defendants' interrogatories to Plaintiff, we timely served Plaintiff's responses on September 30, 2024. The first time Defendants raised any concerns about those responses was a week ago—February 20, 2025—one day after Plaintiff had written Defendants about its concerns with Defendants' Amended Responses to Plaintiff's First Set of Interrogatories. Plaintiff is preparing a response to Defendants' February 20 letter.

Regarding Defendants' general recitation of the history of discovery below, Plaintiff fundamentally disagrees with much of what is said. But Plaintiff has addressed the relevant aspects above and does not believe an extended back-and-forth about all the details is warranted or helpful for this Joint Case Management Statement. Suffice it to say that Plaintiff disagrees that Defendants' conduct of discovery has been "diligent." *See generally* Joint Discovery Letter, ECF No. 104, at 2–3 (describing only a part of the challenges Plaintiff has faced regarding Defendants' document production). Further, Defendants' repeated protestations relating to the "complexity" of discovery with "large" companies ring hollow; both the Defendants and their counsel are highly experienced in these kinds of matters.[1]

Because Defendants will not complete their document production for at least another month (probably longer) and Defendants have represented they are expect to add additional counterclaims at an unknown date in the future, which may lead to additional motion practice and will require additional discovery, Plaintiff believes it will be necessary to extend the fact discovery period a bit to allow for adequate discovery to be conducted.

Finally, as to Defendants' comment below about the potential effect of its motion to stay the case pending the IPRs, the IPRs will have marginal effect on discovery. Discovery will still

---

[1] A search on PACER Case Locator shows Analog Devices, Inc. has been a party to at least 20 civil cases in federal district courts across the country in just the past 5 years; Maxim Integrated Products adds another 8.

3

Mid-Discovery Case Management Statement
Case No. 5:24-CV-02435-EKL

need to be conducted on *all* the pending claims and defenses. Thus, the only effect of a stay on the discovery would be to unnecessarily delay it.

### B. Defendants' Position

Before relaying Defendants' statement on the status of discovery, Defendants note that the relief requested in ADI's pending motion for stay may have substantial impact on the status and progression of discovery and the anticipated timelines described below.

1. Plaintiff's Discovery

On August 1 and 30, 2024, Plaintiff served its Requests for Production ("Plaintiff's RFP"). Plaintiff's RFP consisted of fifty-two (52) requests. Additionally, on August 26, 2024, Plaintiff served its First Set of Interrogatories, which consisted of thirteen (13) interrogatories. Over the next few months, the Parties engaged in extensive meet and confer concerning Plaintiff's requests and Defendants' responses and objections.

In light of the complexity of the discovery issues, the nature of this action, and the sensitive issues inherent in matters concerning former employees, large corporations, and competing Parties, the Parties also diligently negotiated a Stipulated Order Re: Discovery of Electronically Stored Information for Standard Litigation (See ECF 88.) and Stipulated Protective Order (See ECF 89). Both stipulations were finally concluded and executed on or around December 26, 2024.

As a result of the Parties' extensive meet and confer and filing of the stipulations, on January 20, 2025, Defendants served comprehensive amended responses to Plaintiff's Interrogatories, Set One, totaling 92 pages. Furthermore, pursuant to the Parties' agreement, Defendants have produced nearly 19,000 pages of documents and will continue to produce documents on a rolling basis. Given the complexity of Defendants' document collection—particularly in discovery with large companies—the process has been time-intensive and remains ongoing. Defendants expect to complete their production on March 21, 2025, with weekly productions starting on Friday, February 28, 2025, and anticipated completion of Defendants' production from the search terms on March 28, 2025, or four weeks after the parties reach an agreement on the search terms, whichever is later. Defendants delivered their proposed search terms to Plaintiff on Thursday, February 20, 2025.

Moreover, as reflected by Plaintiff's position above, the parties submitted a Joint Discovery Letter, which is set for hearing on March 12, 2025. Defendants do not anticipate court intervention is required to supervise or resolve any issues with discovery at this time. However, discovery motions may be required in the future as necessary.

2. <u>Defendants' Discovery</u>

On August 30, 2024, Defendants served Requests for Production, Set One ("Def RFP") and on October 22, 2024, Interrogatories, Set One ("Def Rog"). Defendants have initiated the process of meeting and conferring concerning Plaintiff's responses to interrogatories and production of documents. Defendants anticipate written discovery will be ongoing, with an anticipated completion date of April 2025 for the existing claims.

As noted by Plaintiff, Plaintiff and the Counter-Defendants have not yet answered or asserted affirmative defenses in this Action. Plaintiff has stated that it contemplates potentially filing a further motion to Defendants' contemplated Amended Counterclaims. If Plaintiff does so, it is difficult to anticipate when Plaintiff's Answer and affirmative defenses will be presented, identifying additional areas where discovery may be required. Defendants may need to request an extension of the present fact and expert discovery cut-offs, and other case management dates, to allow sufficient time to conduct discovery on Plaintiff's denials and affirmative defenses which have not yet become at issue in this action.

Additionally, Defendants have stated their intention to add claims concerning the validity of the patents at issue, but have informed the Court and Plaintiff that they intend to do so after the Court rules on Plaintiff's Motion to Dismiss the current Answer and Counterclaims. Defendants anticipate, as with Plaintiff, that additional time for discovery will be needed on the further issues to be added, unless the case is stayed allowing the issues of patent validity to be resolved by ADI's IPR proceedings.

Defendants also anticipate that depositions may have to commence only after the conclusion of written discovery following the resolution of the Pleadings which identify all issues that are in dispute. At present, there are at least sixteen identified witnesses, many of whom are third-party witnesses and will likely not be amenable to being deposed in multiple sessions. Thus,

1  depositions cannot reasonably occur until the pleadings are settled and written discovery is
2  completed. Therefore, Defendants presently anticipate that party and third-party depositions will
3  conclude no sooner than December 2025.
4      Moreover, as this case is largely technical and complex, the parties will have to engage in
5  extensive, complex expert discovery.
6      Defendants intend to confer with Plaintiff concerning the case schedule following the
7  Court's decisions on the pending motions and the filing of Defendants' planned amendment to its
8  Counterclaims.

### III. Mediation Status

#### A. Plaintiff's Position

Regarding mediation, the parties mediated the case with Martin Fineman on February 5, 2025. The case did not settle. As part of the mediation, Defendants have said they will provide certain documents and information relevant to the discussions. Once Number 14 receives this additional material, the parties will address with Mr. Fineman whether they wish to mediate the case further with him at that time. At present, however, Plaintiff questions whether further mediation would be helpful at this stage of the case.

#### B. Defendants' Position.

Plaintiff's position is an accurate reflection of the mediation on February 5, 2025. Defendants add that they believe additional ADR sessions would be helpful, and desire to continue to work with Mr. Fineman to reach a resolution.

### IV. Additional Case Management Conferences

At this time, the Parties agree that there are no further issues that require any additional hearings, besides those already scheduled.

**GREENFIELD LLP and**
**MEUNIER CARLIN & CURFMAN**
/s/*Warren J. Thomas*
Rachel Thomas
Ale Burke-Vallejo
John W. Harbin *(pro hac vice)*
Warren J. Thomas *(pro hac vice)*

Attorneys for Plaintiff and Counter-Defendant NUMBER 14 B.V. and Specially Appearing for Counter-Defendants RUDY ESCHAUZIER and NICO VAN RIJN

**ROPERS MAJESKI PC**
*/s/ Kevin W. Isaacson*
Michael J. Ioannou
Kevin W. Isaacson
Paula B. Nystrom
Amanda M. Ogata

Attorneys for Defendants and Counterclaimants ANALOG DEVICES, INC. and MAXIM INTEGRATED PRODUCTS, INC.

## ATTESTATION PURSUANT TO LOCAL RULE 5-1 (i)(3)

The undersigned attests pursuant to Local Rule 5-1(i)(3) that concurrence in the filing of this document has been obtained from each of the other signatories hereto.

Dated: February 28, 2025                         */s/ Warren J. Thomas*
                                                  Counsel for Plaintiff