**RACHEL THOMAS** (SBN 244527)
**ALE BURKE-VALLEJO** (SBN 353890)
GREENFIELD LLP
55 S. Market Street, Suite 1500
San Jose, California 95113
Telephone: (408) 995-5600
Email: rthomas@greenfieldlaw.com
      aburke-vallejo@greenfieldlaw.com

**JOHN W. HARBIN** (*Pro Hac Vice*)
**WARREN J. THOMAS** (*Pro Hac Vice*)
MEUNIER CARLIN & CURFMAN LLC
999 Peachtree Street NE, Suite 1300
Atlanta, GA 30309
Telephone: (404) 645-7700
Email: jharbin@mcciplaw.com
      wthomas@mcciplaw.com

Attorneys for Plaintiff/Counter-Defendant NUMBER 14 B.V.
Specially Appearing for Counter-Defendants RUDY ESCHAUZIER and NICO VAN RIJN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NUMBER 14 B.V., | Case No.: 5:24-cv-02435-EKL |
| Plaintiff, | **JOINT DISCOVERY STATUS UPDATE RE ECF 106** |
| v. | |
| ANALOG DEVICES, INC.; MAXIM INTEGRATED PRODUCTS, INC., | |
| Defendants. | |
| ANALOG DEVICES, INC.; MAXIM INTEGRATED PRODUCTS, INC., | |
| Counterclaimants, | |
| v. | |
| NUMBER 14 B.V., RUDY ESCHAUZIER, and NICO VAN RIJN, | |
| Counter-Defendants. | |

4924-7223-8884.2

Pursuant to the Court's notice setting a hearing on the parties' Joint Discovery Letter Brief and instructing the parties to file a joint discovery status update (ECF 106), the parties provide the following updates:

### I.     Document Discovery

As to **Defendants' document production in response to Plaintiff's document requests**, as explained in the parties' February 11 Discovery Letter Brief (ECF 104, the "Letter Brief"), Plaintiff served two sets of document requests on Defendants in August 2024. Defendants' document production appears to be far from complete. In the Letter Brief, Defendants proposed a schedule for completing their document production. Below, we repeat that schedule and report on the status of those items:

- <u>February 20, 2025</u>: Defendants to deliver proposed search terms to Plaintiff.
    - Complete. On February 20, Defendants served 49 search terms that they ran across three custodians' email and SharePoint data. Defendants reported that the search terms produced hit results totaling 42,373 documents, increasing to 79,912 documents with related document "families." Plaintiff is reviewing those search terms and hit reports to determine whether any additional or alternative search terms should be used and will provide additional or alternative search terms in accordance with the ESI Order (ECF 88) by March 7 (by agreed extension). Defendants communicated that they are willing to extend the deadline further should Plaintiff require. On February 28, 2025, the parties had a preliminary discussion regarding the search terms and custodians, including whether the identification of three custodians is sufficient.
- <u>February 28 through March 21, 2025</u>: Defendants to provide "weekly productions" of documents and complete the production by March 21.
    - On February 28. Defendants served their first weekly production, producing four documents.

1  • <u>March 28, 2025 or four weeks after agreement on search terms, whichever is later</u>: Defendants
2     to complete document production from search terms.
3        o  As noted above, Plaintiff will respond to Defendants' list of search terms and custodians
4           no later than March 7. After that, under the ESI Order, Defendants "shall promptly
5           assess" Plaintiff's proposal, "including by running the requested hit reports," and then
6           the parties "must confer within 10 business days" to resolve any disputes about the
7           search terms. ECF 88 at 3.
8        o  Under Defendants' proposed schedule, because no agreement had been reached by
9           February 28, Defendants' completion of production from search terms will necessarily
10          extend beyond the March 28 date, likely into mid-April at least.

11     Regarding the scope of what has been produced, Defendants contend that their production
12  is complete on the majority of Plaintiff's document requests, and by March 7, Defendants will
13  identify to Plaintiff which of those requests Defendants contend production is complete. Plaintiff
14  contends there are several categories of requested documents as to which Defendants have not yet
15  produced anything and at least one category where documents have been produced but the
16  production does not appear to be complete. As to that latter category—technical documents about
17  the products and technology at issue from a noncustodial data source—certain types of documents
18  that Plaintiff expected to be present (because Plaintiff understands them to be "controlled"
19  documents) are not. Plaintiff wrote to Defendants on March 4 to initiate discussions about this
20  issue.

21     Additionally, Defendants raised an issue on January 10 about a category of responsive
22  information contained in "cost reports" that they contend would be unduly burdensome to produce
23  as requested and proposed an alternative. The parties met and conferred on January 14, and
24  Defendants agreed to provide additional sample proposed cost reports. Defendants provided an
25  additional sample report on January 29, and, on February 6, Plaintiff requested (by email)
26  additional information to confirm its understanding of the proposal and the burdens involved.
27  Defendants will provide additional information on March 7.
28

As to **Plaintiff's document production in response to Defendants' document requests**, Defendants served one set of requests for production on August 30, and Plaintiff produced documents and believed it had completed its production by December 31. In mid-February, Plaintiff discovered that 87 documents it had collected and determined to be responsive had inadvertently not been produced. On February 19, Plaintiff communicated that to Defendants and produced those documents.

On March 3, counsel for Plaintiff discovered an additional data source (a Google Drive account) that had not previously been identified or collected. Plaintiff reviewed the contents of the account, and it appears the information is largely cumulative of information already produced (the documents came from another data source that had been collected), though Plaintiff noticed it includes different iterations of a presentation document Plaintiff previously produced. Plaintiff has now collected the documents from the Google Drive source and is in the process of reviewing them for responsiveness and privilege. Because it is not a large quantity of documents, Plaintiff expects to complete that production by the end of next week.

Defendants raised a question last week about whether Plaintiff's document production was complete, as they believe some categories of documents may not have been produced. Defendants will provide Plaintiff with an identification of the categories they believe has not been produced on March 7, 2025.

## II.     Interrogatories

**Plaintiff's interrogatories to Defendants**: Defendants served their initial responses and objections on September 30. Plaintiff and Defendant negotiated over issues with those responses, and Defendant agreed to supplement. Defendants served amended responses to all Plaintiff's interrogatories on January 20. On February 19, Plaintiff wrote Defendants that their supplementations do not fully address the issues it identified in October and requested further supplementation to address new issues. Plaintiff asked Defendants to respond by February 25 if they would further supplement the responses as requested. Defendants responded on February 25

saying that they would "provide a response by next Friday, March 7, 2025." On March 6, Defendants notified Plaintiff that they now plan to respond on Tuesday, March 11.

**Defendants' interrogatories to Plaintiff**: Plaintiff served its responses on September 30, 2024. Defendants wrote on February 20, 2025 (one day after Plaintiff wrote to Defendants about its concerns with Defendants' Amended Responses) about issues they had with the responses. Plaintiff responded to Defendants' letter on March 5.

**GREENFIELD LLP and**
**MEUNIER CARLIN & CURFMAN**
/s/*Warren J. Thomas*
Rachel Thomas
Ale Burke-Vallejo
John W. Harbin *(pro hac vice)*
Warren J. Thomas *(pro hac vice)*

Attorneys for Plaintiff and Counter-Defendant NUMBER 14 B.V. and Specially Appearing for Counter-Defendants RUDY ESCHAUZIER and NICO VAN RIJN

**ROPERS MAJESKI PC**
/s/ *Paula B. Nystrom*
Michael J. Ioannou
Kevin W. Isaacson
Paula B. Nystrom
Amanda M. Ogata

Attorneys for Defendants and Counterclaimants ANALOG DEVICES, INC. and MAXIM INTEGRATED PRODUCTS, INC.

### ATTESTATION PURSUANT TO LOCAL RULE 5-1 (i)(3)

The undersigned attests pursuant to Local Rule 5-1(i)(3) that concurrence in the filing of this document has been obtained from each of the other signatories hereto.

Dated: March 6, 2025                              */s/ Warren J. Thomas*

                                                          Counsel for Plaintiff