MICHAEL J. IOANNOU (SBN 95208)
KEVIN W. ISAACSON (SBN 281067)
PAULA B. NYSTROM (SBN 329651)
AMANDA M. OGATA (SBN 354967)
ROPERS MAJESKI PC
333 W. Santa Clara St., Suite 930
San Jose, CA 95113
Telephone:  408.287.6262
Facsimile:  408.918.4501
Email:  michael.ioannou@ropers.com
        kevin.isaacson@ropers.com
        paula.nystrom@ropers.com
        amanda.ogata@ropers.com

Attorneys for Defendants and Counterclaimants
ANALOG DEVICES, INC. and
MAXIM INTEGRATED PRODUCTS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUMBER 14 B.V.,<br><br>Plaintiff,<br><br>v.<br><br>ANALOG DEVICES, INC.; and MAXIM INTEGRATED PRODUCTS, INC.<br><br>Defendants.<br><br>ANALOG DEVICES, INC.; and MAXIM INTEGRATED PRODUCTS, INC.,<br><br>Counterclaimants,<br><br>v.<br><br>NUMBER 14 B.V., RUDY ESCHAUZIER, and NICO VAN RIJN,<br><br>Counter-Defendants. | Case No.: 5:24-cv-02435-EKL<br><br>**DECLARATION OF JASON CLIFFORD IN SUPPORT OF DEFENDANTS AND COUNTERCLAIMANTS' MOTION TO RETAIN CONFIDENTIALITY**<br><br>Date:  May 14, 2025<br>Time:  11:00 a.m.<br>Dept:  Courtroom 5, 4th Floor<br>Judge:  Hon. Nathanael Cousins |

I, Jason Clifford, declare as follows:

1. I am employed at Analog Devices Inc. ("ADI") as the Vice President of Human Relations and hereby submit this Declaration in support of Defendants/Counterclaimants' Motion to Retain Confidentiality. I have personal knowledge of the facts set forth herein, and if called as

1   a witness, could and would testify competently hereto.

2      2.      I have worked for over 29 years in the field of human resources. As the Vice President of Human Relations, I have personal knowledge of the internal structure and hierarchy within ADI's Global Operations and Technology organization.

3.      I am informed that several organizational charts were produced to Plaintiff Number 14, B.V. in response to Number 14's Requests for Production, labelled as documents ADI_018951 to ADI_018959 (the "Organizational Charts").

4.      I am informed that the Organizational Charts provide the organizational hierarchy for nine ADI employees: Maurizio Gavardoni, Daihong Fu, Todd Sherman, Diarmuid McSwiney, Paulina Pan, Yogesh Sharma, Madel Masilungan, Rachelle Cabrera, and Bryan Caron.

5.      I am informed that the Organizational Charts is referenced in ADI/Maxim's Motion to Retain Confidentiality.

6.      The Organizational Charts contain extremely sensitive information regarding the internal employee hierarchy at ADI. The employees are current employees of ADI.

7.      Disclosure of the Organizational Charts would significantly prejudice ADI because it would give ADI's competitors access to ADI's internal employment structure, making the company vulnerable to solicitation of employees by competitors.

8.      Competitors could selectively recruit employees from ADI, potentially without investing the same level of effort and resources that ADI commits to hiring top talent. This could give ADI's competitors a significant competitive advantage. Additionally, the Organizational Charts would allow competitors to solicit all employees within the hierarchy identified in the Organizational Charts. This would cause significant prejudice to ADI, and drastically more prejudice than the solicitation of an individual employee within the hierarchy displayed in the Organizational Charts.

9.      The employees listed in these Organizational Charts hold key positions within ADI and possess significant confidential knowledge vital to ADI's operations. Making this information publicly available and accessible to ADI's competitors could lead to these individuals being targeted for their expertise and insights.

10. ADI invested considerable time and resources to identify and recruit these employees for specific roles within the company. Disclosing their names and job titles within the structure of their teams would provide valuable insight into ADI's confidential research, development efforts and ongoing projects. This information could expose critical aspects of ADI's operations and strategic initiatives.

11. If the Organizational Charts become a public document, it would significantly prejudice ADI by increasing the risk of data breaches. Exposing individuals with access to sensitive company information would make ADI more vulnerable to targeted security threats. Malicious actors could exploit this information to specifically target employees responsible for handling confidential data, increasing the likelihood of phishing attacks and other forms of manipulation.

12. The organizational hierarchy of ADI's employees is kept confidential within the company and is not accessible to the public.

13. Restricting disclosure of the Organizational Charts to the fullest extent possible is necessary to protect ADI's business interests, security interests, and competitive standing in the marketplace.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 24 day of March, 2025 at Wilmington (city), Massachusetts (state).

JASON CLIFFORD