MICHAEL J. IOANNOU (SBN 95208)
KEVIN W. ISAACSON (SBN 281067)
PAULA B. NYSTROM (SBN 329651)
AMANDA M. OGATA (SBN 354967)
ROPERS MAJESKI PC
333 W. Santa Clara St., Suite 930
San Jose, CA  95113
Telephone:	408.287.6262
Facsimile:	408.918.4501
Email:	michael.ioannou@ropers.com
	kevin.isaacson@ropers.com
	paula.nystrom@ropers.com
	amanda.ogata@ropers.com

Attorneys for Defendants and Counterclaimants
ANALOG DEVICES, INC. and
MAXIM INTEGRATED PRODUCTS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUMBER 14 B.V.,<br><br>Plaintiff,<br><br>v.<br><br>ANALOG DEVICES, INC.; and MAXIM INTEGRATED PRODUCTS, INC.<br><br>Defendants. | Case No.: 5:24-cv-02435-EKL<br><br>**DECLARATION OF JULIE FITTON SUPPORT OF DEFENDANTS AND COUNTERCLAIMANTS' MOTION TO RETAIN CONFIDENTIALITY** |
| ANALOG DEVICES, INC.; and MAXIM INTEGRATED PRODUCTS, INC.,<br><br>Counterclaimants,<br><br>v.<br><br>NUMBER 14 B.V., RUDY ESCHAUZIER, and NICO VAN RIJN,<br><br>Counter-Defendants. | Date:	May 14, 2025<br>Time:	11:00 a.m.<br>Dept:	Courtroom 5, 4th Floor<br>Judge:	Hon. Nathanael Cousins |

I, Julie Fitton, declare as follows:

1. I am employed at Analog Devices Inc. ("ADI") as the Chief Information Security Officer and hereby submit this Declaration in support of Defendants/Counterclaimants' Motion to Retain Confidentiality. I have personal knowledge of the facts set forth herein, and if called as a

witness, could and would testify competently hereto.

2. As the Chief Information Security Officer, I have personal knowledge with how ADI handles data retention and the internal policies in place regarding data retention.

3. I am informed that ADI's data retention policy was produced to Number 14 in response to Number 14's Requests for Production, labelled with the production number of ADI_018935-018938 (the "Data Retention Policy").

4. I am informed that the Data Retention Policy is referenced in ADI/Maxim's Motion to Retain Confidentiality.

5. ADI's Data Retention Policy is an internal document that contains ADI's classification and retention of data.

6. Disclosure of the Data Retention Policy would be specifically prejudicial to ADI in forthcoming legal proceedings.

7. Revealing this information would give ADI's competitors an unfair advantage by providing access to sensitive internal policies. This information could potentially be used in future litigation against ADI.

8. Competitors could then exploit ADI's internal policies without having to invest the same time and resources that ADI dedicated to developing them.

9. Similarly, disclosure of the Data Retention Policy would be specifically prejudicial to ADI since it provides an understanding regarding how long certain data is retained or how it is processed, so competitors could reverse-engineer or exploit weaknesses in data retention strategies for their own advantage.

10. The Data Retention Policy is considered sensitive information within the company and it is not available to the public.

11. Limiting any and all disclosure of the Data Retention Policy is necessary to protect ADI's business interests, security interests, and competitive standing in the marketplace.

///

///

///

1  I declare under penalty of perjury under the laws of the United States of America that the
2  foregoing is true and correct.
3  Executed this 24 day of March, 2025 at Wilmington (city), MA (state).

_____
JULIE FITTON