MICHAEL J. IOANNOU (SBN 95208)
KEVIN W. ISAACSON (SBN 281067)
PAULA B. NYSTROM (SBN 329651)
AMANDA M. OGATA (SBN 354967)
ROPERS MAJESKI PC
333 W. Santa Clara St., Suite 930
San Jose, CA 95113
Telephone:   408.287.6262
Facsimile:   408.918.4501
Email:       michael.ioannou@ropers.com
             kevin.isaacson@ropers.com
             paula.nystrom@ropers.com
             amanda.ogata@ropers.com

Attorneys for Defendants and Counterclaimants
ANALOG DEVICES, INC. and
MAXIM INTEGRATED PRODUCTS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUMBER 14 B.V., | Case No.: 5:24-cv-02435-EKL |
| Plaintiff, | **DECLARATION OF YOGESH SHARMA IN SUPPORT OF DEFENDANTS AND COUNTERCLAIMANTS' MOTION TO RETAIN CONFIDENTIALITY** |
| v. | |
| ANALOG DEVICES, INC.; and MAXIM INTEGRATED PRODUCTS, INC. | |
| Defendants. | |
| ANALOG DEVICES, INC.; and MAXIM INTEGRATED PRODUCTS, INC., | Date: May 14, 2025<br>Time: 11:00 a.m.<br>Dept: Courtroom 5, 4th Floor<br>Judge: Hon. Nathanael Cousins |
| Counterclaimants, | |
| v. | |
| NUMBER 14 B.V., RUDY ESCHAUZIER, and NICO VAN RIJN, | |
| Counter-Defendants. | |

I, Yogesh Sharma, declare as follows:

1. I am employed at Analog Devices Inc. ("ADI") as a Design Director and hereby submit this Declaration in support of Defendants/Counterclaimants' Motion to Retain Confidentiality. I have personal knowledge of the facts set forth herein, and if called as a witness,

1 could and would testify competently hereto.

2     2. I have worked for over 15 years in the field of development of analog integrated circuits. As a Design Director, I have personal knowledge of Maxim and ADI's general practices related to licensing of intellectual property, including the practice of maintain confidentiality in its license agreements.

    3. I am informed that the July 20, 2007 License Agreement signed by Maxim and both Mr. Rudy Eschauzier and Mr. Nico van Rijn as individuals was produced to Plaintiff Number 14 B.V. in response to Number 14's Requests for Production, labelled as document ADI_018939 to ADI_018950 (the "License Agreement").

    4. The License Agreement contains details about royalty payments, not included in other agreements.

    5. The financial information, technical specifications, and definitions in the License Agreement are exclusive to the Inventors and public disclosure of these terms would severely prejudice Maxim and ADI's business and negotiating ability in the marketplace.

    6. The technical specifications from the License Agreement provide a shortcut for competitors of Maxim and ADI to create a competing device. In turn, public access creates unfair competition and business development losses for Maxim and ADI. This would severely prejudice Maxim and ADI since it would provide a competitive advantage to the public.

    7. ADI and Maxim treat their license agreements as highly confidential and restrict access to them on a strict need-to-know basis within the company. The License Agreement is not available to the public.

    8. Maintaining the confidentiality of the License Agreement to the fullest extent possible is necessary to protect ADI's business interests, technical interests, and competitive standing in the marketplace.

///

///

///

///

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 24 day of March, 2025 at Santa Clara (city), CA (state).

_____
YOGESH SHARMA