**RACHEL THOMAS** (SBN 244527)
**ALE BURKE-VALLEJO** (SBN 353890)
GREENFIELD LLP
55 S. Market Street, Suite 1500
San Jose, California 95113
Telephone: (408) 995-5600
Email: rthomas@greenfieldlaw.com
   aburke-vallejo@greenfieldlaw.com

**JOHN W. HARBIN** (*Pro Hac Vice*)
**WARREN J. THOMAS** (*Pro Hac Vice*)
MEUNIER CARLIN & CURFMAN LLC
999 Peachtree Street NE, Suite 1300
Atlanta, GA 30309
Telephone: (404) 645-7700
Email: jharbin@mcciplaw.com
   wthomas@mcciplaw.com

Attorneys for Plaintiff/Counter-Defendant NUMBER 14 B.V.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NUMBER 14 B.V.,<br><br>    Plaintiff,<br><br>v.<br><br>ANALOG DEVICES, INC.; MAXIM INTEGRATED PRODUCTS, INC.,<br><br>    Defendants.<br><hr>ANALOG DEVICES, INC.; MAXIM INTEGRATED PRODUCTS, INC.,<br><br>    Counterclaimants,<br><br>v.<br><br>NUMBER 14 B.V.,<br>    Counter-Defendant. | Case No.: 5:24-cv-02435-EKL-NMC<br><br>**JOINT DISCOVERY STATUS UPDATE RE ECF 114** |

4917-0782-1876.4

On March 6, 2025, the Court granted in part and denied in part (ECF 114) the relief requested by Plaintiff Number 14 B.V. in the parties' February 11 Discovery Letter Brief (ECF 104, the "Letter Brief"). In accordance with that order, the parties provide the following joint discovery status updates.

## I. Document Discovery

<u>Defendants' Document Production</u>

As to Defendants' document production in response to Plaintiff's document requests, as explained in the parties' February 11 Letter Brief, Plaintiff served two sets of document requests on Defendants in August 2024. As of that date, Defendants had produced 2,181 documents from noncustodial data sources and had not yet identified the search terms Defendants proposed to use to search custodial data sources (emails and SharePoint documents) for responsive information in accordance with the ESI Order. See Letter Brief at 2–3. In the Letter Brief, Defendants proposed a schedule of weekly productions for the noncustodial data sources that would begin Friday, February 28 and conclude on March 21. As to the documents from search terms, Defendants proposed completing production by March 28 or four weeks after the parties reach agreement on the search terms, whichever is later. Letter Brief at 4. Defendants provided the first set of search terms and accompanying hit reports based on three identified custodians on February 20.

On February 28, Defendants served their first weekly production; that production contained four documents.[1] On March 6 the Court granted partial relief to Number 14 as follows: (1) "Completion of Defendants Document Production [from data sources not involving search terms]" was to occur by March 21, 2025, with weekly productions starting on Friday, February 28, 2025; (2) Completion of Defendants Document Production from Search Terms by April 4, 2025; and (3) the parties were ordered to file this joint discovery status update. See ECF 114.

On March 7, Defendants wrote to Plaintiff stating they were "not able to complete another production this week." Defendants also did not make a weekly production on March 14. On March

---

[1] Those four documents, one of which is another copy of the license agreement at issue, are the subject of a dispute over the confidentiality designation, discussed further below.

21, Defendants produced seventeen documents, for a total of twenty-one documents since the February 11 Letter Brief. Defendants state that the reason they did not make the weekly productions is because they had fewer documents to produce than originally anticipated, and that the March 21 production completed their production of non-search term documents in accordance with the Court's Order, ECF 114.

As noted in the March 6 Joint Discovery Status Update (ECF 113 at 2), Defendants have raised an issue about a category of responsive information contained in "cost reports" that Defendants contend would be unduly burdensome to produce as originally requested. The parties have met and conferred on a few occasions about this topic, most recently on March 18. Defendants will provide an update to Plaintiff by April 18, 2025.

Regarding the scope of what has been produced, Defendants' March 7 letter also identified several of Plaintiff's RFPs as to which Defendants contend their production is "complete"; "in progress, subject to further review for relevance and privilege, and agreement on search terms"; or that Defendants did not locate or identify any responsive documents. Plaintiff has raised concerns about this representation that the production as to several categories is complete. Defendants state they have completed their search for and production of responsive documents (other than the cost document issue discussed above), but they anticipate the possibility that additional documents may be identified as discovery continues. The parties are continuing to confer about this issue.

As to the search terms under the ESI Order, the parties met and conferred, and Plaintiff provided additional and alternative search terms on March 7 (per an agreed extension of time). Defendants provided an updated hit report on March 18, and the parties reached agreement on the search terms for the three custodians on March 26. Defendants' hit reports indicate that approximately 75,000 documents (including document "families") are in scope based on the search terms. Based on the date of that agreement and the number of documents, the parties stipulated to, and the Court ordered, an extension of time for Defendants to complete the document production from these custodial sources until April 22. ECF 120. Regarding the number of three custodians, Plaintiff has questioned Defendants about the adequacy of that number and has reserved the right to assert that additional custodians should be searched.

<u>Plaintiff's Document Production</u>

As to Plaintiff's document production in response to Defendants' document requests, Plaintiff believes its document production in response to Defendants' requests is complete. As noted in the March 6 Update (ECF 113 at 3), Plaintiff discovered an additional data source that had not previously been identified or collected, and Plaintiff completed the review and production of (seventy-eight) documents on March 14.

The March 6 Update (ECF 113 at 3) noted that Defendants had raised a question about whether Plaintiff's document production was complete. Defendants' March 7 letter identified 31 of the 45 requests for production that it believed had "deficiencies" and/or were "still outstanding." The parties have met and conferred on these requests. Plaintiff stands by its belief that its production is complete, subject to its objections served on October 3, 2024, and the parties' subsequent communications about them (specifically the exchange of letters on November 20 and 27). Plaintiff plans to supplement its responses this coming week to confirm which requests it is withholding documents based on its objections.

## II.     **Interrogatories**

**Plaintiff's interrogatories to Defendants**: As noted in the previous status update, Defendants served amended responses to Plaintiff's interrogatories on January 20, and Plaintiff raised several issues with those responses by letter on February 19. Defendants provided a written response on March 11. Plaintiff served a second set of interrogatories on February 28. Defendants responded with objections on March 31 but did not provide substantive response. Plaintiff wrote Defendants on March 31 to request a meet and confer about those objections as well.

**Defendants' interrogatories to Plaintiff**: Plaintiff served its responses on September 30, 2024. Defendants wrote on February 20, 2025 about issues they had with the responses. Plaintiff responded to Defendants' letter on March 5.

The parties met and conferred about the open issues regarding both parties' interrogatory responses on April 3 and 8. Following these calls, the Parties believe all issues concerning the interrogatories were resolved, with all parties agreeing to supplement certain responses. The

Parties agreed that Plaintiff's Interrogatory Nos. 1 and 2 are moot, as Defendants do not intend to reassert the misrepresentation, fraud, or omission claims in their anticipated amended counterclaims. Defendants have agreed to supplement their amended responses to Interrogatory Nos. 3, 12, 14, and 15. Plaintiff has agreed to supplement their responses to Interrogatory Nos. 13 and 14. The parties anticipate a mutual exchange of the supplemental responses to interrogatories on April 28th.[2] The Parties understand that additional information may be provided later by expert witnesses.

### III. Other Discovery Issues

On March 24, Defendants filed a motion (ECF 115) to retain the "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY" designation under the Stipulated Protective Order for four documents that Plaintiff had challenged that designation. Plaintiff filed its response on April 7 (ECF 122), and Defendants' reply is due to be filed by April 14. Associated with that motion, Defendants filed an administrative motion to seal the underlying discovery documents at issue (ECF 116), which Plaintiff does not oppose (ECF 117).

The Parties agree that the Motion to Retain Confidentiality is a separate issue from the discovery dispute outlined in the Letter Brief and has no relevance to Defendants' obligation to complete its document production by April 22, 2025, nor any issues outlined in or related to the Letter Brief.

As noted above, the Court granted Plaintiff's motion to dismiss for failure to state a claim as to several counterclaims with leave to amend on March 31. ECF 118. Defendants intend to amend their Answer and Counterclaims. As the parties noted in their February 27 Joint Mid-Discovery Case Management Statement (ECF 112 at 3, 5–6), the parties believe that these

---

[2] The parties agree that (i) Plaintiff's supplementation of the portion of Interrogatory No. 13 asking which patent claims cover which of the products at issue and (ii) Defendants' supplementation of Interrogatory No. 14 asking for information about Defendants' contention that at least some products are not covered by the licensed patents will be provided in expert discovery.

forthcoming amendments, the Plaintiff's subsequent Answer to the amended counterclaims, and other factors, will require modifications to the discovery schedule.

**GREENFIELD LLP and**
**MEUNIER CARLIN & CURFMAN**
/s/*Warren J. Thomas*
Rachel Thomas
Ale Burke-Vallejo
John W. Harbin *(pro hac vice)*
Warren J. Thomas *(pro hac vice)*

Attorneys for Plaintiff and Counter-Defendant NUMBER 14 B.V.

**ROPERS MAJESKI PC**
/s/ *Paula B. Nystrom*
Michael J. Ioannou
Kevin W. Isaacson
Paula B. Nystrom
Amanda M. Ogata

Attorneys for Defendants and Counterclaimants ANALOG DEVICES, INC. and MAXIM INTEGRATED PRODUCTS, INC.

### ATTESTATION PURSUANT TO LOCAL RULE 5-1 (i)(3)

The undersigned attests pursuant to Local Rule 5-1(i)(3) that concurrence in the filing of this document has been obtained from each of the other signatories hereto.

Dated: April 11, 2025                           /s/ *Warren J. Thomas*
                                                                     Counsel for Plaintiff