1  MICHAEL J. IOANNOU (SBN 95208)
   KEVIN W. ISAACSON (SBN 281067)
2  PAULA B. NYSTROM (SBN 329651)
   AMANDA M. OGATA (SBN 354967)
3  ROPERS MAJESKI PC
   333 W. Santa Clara St., Suite 930
4  San Jose, CA  95113
   Telephone:    408.287.6262
5  Facsimile:    408.918.4501
   Email:        michael.ioannou@ropers.com
6                kevin.isaacson@ropers.com
                 paula.nystrom@ropers.com
7                amanda.ogata@ropers.com

8  Attorneys for Defendants and Counterclaimants
   ANALOG DEVICES, INC. and
9  MAXIM INTEGRATED PRODUCTS, INC.

10                    UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12                            SAN JOSE DIVISION

14  NUMBER 14 B.V.,                      Case No.: 5:24-cv-02435-EKL

15            Plaintiff,                  **DEFENDANTS AND
                                          COUNTERCLAIMANTS' NOTICE OF
16       v.                               MOTION AND ADMINISTRATIVE
                                          MOTION TO FILE PORTIONS OF
17  ANALOG DEVICES, INC.; and MAXIM       FIRST AMENDED ANSWER AND
    INTEGRATED PRODUCTS, INC.,            COUNTERCLAIMS UNDER SEAL
18                                        (CIVIL L.R. 7-11, 79-5(e))**
              Defendants.
19
20  ANALOG DEVICES, INC.; and MAXIM
    INTEGRATED PRODUCTS, INC.,
21
              Counterclaimants,
22
         v.
23
    NUMBER 14 B.V.,
24
              Counter-Defendant.
25

4934-2513-4391.1

-1-

**NOTICE OF MOTION AND ADMINISTRATIVE MOTION**

**TO ALL PARTIES AND ATTORNIES OF RECORD:**

Please take notice that Defendants Analog Devices, Inc. and Maxim Integrated Products, Inc. through their attorneys will and hereby move before this Court for administrative relief to file under seal portions of Defendants' First Amended Answer and Counterclaims, and accompanying exhibits, pursuant to Civil Local Rule 79-5.

Defendants move to seal portions of their First Amended Answer and Counterclaims and the exhibits attached. This motion is based on this Notice, Defendants' First Amended Answer and Counterclaims and accompanying exhibits, the Memorandum of Points and Authorities below, the Declaration of Yogesh Sharma, the Declaration of Kevin W. Isaacson, and all documents previously filed in this action.

Dated: April 21, 2025

ROPERS MAJESKI PC

By: /s/ *Kevin W. Isaacson*
MICHAEL J. IOANNOU
KEVIN W. ISAACSON
Attorneys for Defendants and
Counterclaimants ANALOG DEVICES,
INC. and MAXIM INTEGRATED
PRODUCTS, INC.

4934-2513-4391.1

## I. INTRODUCTION

Defendants seek to redact and seal sensitive portions of their First Amended Answer and Counterclaims, including portions of the Exhibits thereto. The Exhibits are the License Agreement at issue, the Technical Explanation of the Parameters Found in Annex 1 ("Technical Parameters Exhibit"), a Comparison Between the Specification of the Baseline Products and Specifications in Annex 1 ("Baseline Products Comparison Exhibit"), and a Comparison Between the Products Specifications and the Specifications in Annex 1 ("Products Comparison Exhibit"). A motion to seal is warranted because the documents contain highly confidential and competitively sensitive information, the public disclosure of which would cause irreparable competitive harm to Defendants. The grounds for this motion are set forth below and in the accompanying Memorandum of Points and Authorities, the Declaration of Yogesh Sharma, and the Declaration of Kevin W. Isaacson in support of Defendants' Administrative Motion to File Under Seal.

## II. FACTUAL SUMMARY

On or around July 20, 2007, Maxim entered into a License Agreement with Rudy Eschauzier and Nico van Rijn (collectively "Inventors"). Sharma Decl. ¶ 3. The present matter arises from a dispute of whether Plaintiff is entitled to royalty payments under that License Agreement. Isaacson Decl. ¶ 3. Because the resolution of this dispute requires reference to the terms of the License Agreement and related documents, which contain highly sensitive commercial and technical information, sealing portions of Defendants' First Amended Answer and Counterclaims, as well as portions of the attached Exhibits, is necessary to protect against the disclosure of confidential and competitively sensitive material. Isaacson Decl. ¶ 4. Furthermore, in their First Amended Answer and Counterclaims, Defendants include allegations comprising of specific examples of products that do not use the respective patents at issue, along with explanations of how these products do not utilize the patents. Sharma Decl. ¶ 11. Such disclosure would risk causing irreparable competitive harm to Defendants. Isaacson Decl. ¶ _.

The License Agreement is a confidential business document containing sensitive commercial information, including terms related to royalty payments, exclusive royalty

1  provisions, and definitions pertinent to the Inventors and Defendants, as well as, confidential
2  technical specifications. Sharma Decl. ¶ 4.  The Technical Parameters Exhibit, the Baseline
3  Products Comparison Exhibit, and the Products Comparison Exhibit (collectively, with the
4  License Agreement, the "Exhibits") each in include the same confidential and sensitive technical
5  specifications outlined in Annex 1 of the License Agreement. Sharma Decl. ¶¶ 5-7.  Defendants
6  reference, quote, and attach the Exhibits to their First Amended Answer and Counterclaims in this
7  action. Sharma Decl. ¶¶ 4-7.  Accordingly, sealing the requested portions herein is essential to
8  prevent Defendants from suffering irreparable competitive harm. Sharma Decl. ¶ 10.

### III.    ARGUMENT

Defendants request to file under seal portions of the Exhibits and references to those portions of the Exhibits in the First Amended Answer and Counterclaims.  Pursuant to Civil Local Rule 79-5, a party may file an administrative motion to file documents under seal to conceal information from the public record. *See* N.D. Cal. Civil L.R. 79-5.  A court may seal court documents from public access if the documents might "become a vehicle for improper purposes." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598, (1978).  To file documents under seal, a party must demonstrate "compelling reasons" to seal judicial records attached to a dispositive motion. *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The determination of compelling reasons is left to a court's discretion, but acceptable compelling reasons have included: "to 'gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as *sources of business information that might harm a litigant's competitive standing*.'." *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (citations omitted) (emphasis added).  Additionally, the requested sealed material needs to be "narrowly tailored" which includes highlighting or noting specific redacted material.  *See* N.D. Cal. Civil L.R. 79-5(d).  A key consideration, is that "a party must explore all reasonable alternatives to filing documents under seal, minimize the number of documents filed under seal, and avoid wherever possible sealing entire documents." N.D. Cal. Civil 79-5(a).

The terms in the License Agreement and the relevant references and quotes in Defendants' First Amended Answer and Counterclaims should be filed under seal according to the Court's

4934-2513-4391.1

1  December 23, 2024 Order Regarding Motions to Seal. Isaacson Decl. ¶ 5.  The Court's Order
2  sealed portions of the License Agreement to protect competitively sensitive information. *Id*.
3  Specifically, the Court found that the License Agreement contained competitively sensitive
4  language regarding details about royalty payments and calculations, and detailed product
5  specifications. *Id*; *see* ECF 86.  As a result, Defendants have sealed the License Agreement and
6  the related references in Defendants' First Amended Answer and Counterclaims based on the
7  Court's Order. Isaacson Decl. ¶ 6.

8  There is compelling reason for the remaining Exhibits to be filed under seal.  Defendants
9  have identified several terms in their First Amended Answer and Counterclaims that reference
10 information contained in the remaining Exhibits, which could be leveraged by competitors to
11 Defendants' detriment. Sharma Decl. ¶ 8.  The remaining Exhibits include the technical
12 specifications in Annex 1 of the License Agreement. Sharma Decl. ¶ 9.  Public disclosure of these
13 specifications would compromise Defendants' competitive advantage. *Id*.  Notably, the Court has
14 already recognized the sensitive nature of the technical specifications by ordering Annex 1 to be
15 sealed in its entirety. Isaacson Decl. ¶ 7; *see* ECF 86.  Each of the remaining Exhibits includes or
16 incorporates the same technical specifications found in Annex 1 of the License Agreement.
17 Sharma Decl. ¶ 9.  Although the specifications of the products are publicly available, disclosing
18 the remaining Exhibits to the public would, in effect, reveal the sealed specification requirements
19 outlined in sealed Annex 1, thereby undermining the Court's Order. Isaacson Decl. ¶ 9.  If made
20 public, competitors could use these specifications to accelerate the development of competing
21 products, resulting in unfair competition. Sharma Decl. ¶ 10.  Given the Court's prior
22 determination that sealing Annex 1 was appropriate, sealing the remaining Exhibits and the
23 associated references in Defendants' First Amended Answer and Counterclaims is likewise
24 justified. Sharma Decl. ¶ 10; Isaacson Decl. ¶ 7.

25 The Court has already determined that sealing is appropriate for the License Agreement,
26 specifically Annex 1, due to the sensitive technical information it contains. *See* ECF 86.
27 Although the Court has not yet ruled on the remaining Exhibits, the portions Defendants seek to
28 seal are drawn directly from Annex 1 of the License Agreement. Isaacson Decl. ¶ 8.  Because the

1  Court found that disclosure of Annex 1 would cause competitive harm and justified sealing, the
2  same rationale supports sealing the corresponding portions of the remaining Exhibits and related
3  references in Defendants' First Amended Answer and Counterclaims. Isaacson Decl. ¶ 10.

4  Defendants' First Amended Answer and Counterclaims include detailed allegations featuring specific examples of products that do not utilize the patents at issue, accompanied by explanations outlining how and why those products do not utilize the asserted patents. Sharma Decl. ¶ 11. There is compelling reason to file these examples and explanations under seal. Public disclosure of this information would enable Defendants' competitors to exploit to information to develop competing products without investing equivalent time and resources in research and development. Sharma Decl. ¶ 12. This would also give competitors valuable insight into Defendants' design philosophy. *Id.* Similarly, if these explanations were made public, Defendants' competitors would replicate the reasoning or use Defendants' analysis to develop design-arounds, potentially leveraging that information against Defendants and placing them at a competitive disadvantage. Sharma Decl. ¶ 13. For these reasons, sealing is necessary to protect Defendants' confidential business information and maintain their competitive position in the marketplace.

Finally, there are no less restrictive alternatives to sealing and redaction that would adequately protect Defendants. Isaacson Decl. ¶ 11. Public disclosure of the information at issue would enable competitors to exploit it to accelerate the development of competing products, resulting in unfair competition and causing irreversible harm to Defendants' business interests. Sharma Decl. ¶ 10. Defendants' explanations of why certain products do not utilize the patents at issue would reveal Defendants' internal analyses and strategic development decisions, which competitors would use to their advantage. Sharma Decl. ¶ 14. Sealing and redaction are therefore necessary to protect this sensitive information.

### IV.  CONCLUSION

For the foregoing reasons and based on the authorities cited herein, Defendants request that this Court seal and redact the portions of Defendants' First Amended Answer and Counterclaims and the portions of the Exhibits attached thereto.

4934-2513-4391.1

Dated: April 21, 2025                                                                ROPERS MAJESKI PC


By: /s/ *Kevin W. Isaacson*
MICHAEL J. IOANNOU
KEVIN W. ISAACSON
PAULA B. NYSTROM
AMANDA M. OGATA
Attorneys for Defendants and
Counterclaimants ANALOG DEVICES,
INC. and MAXIM INTEGRATED
PRODUCTS, INC.

4934-2513-4391.1