**RACHEL THOMAS** (SBN 244527)
**ALE BURKE-VALLEJO** (SBN 353890)
GREENFIELD LLP
55 S. Market Street, Suite 1500
San Jose, California 95113
Telephone: (408) 995-5600
Email: rthomas@greenfieldlaw.com
       aburke-vallejo@greenfieldlaw.com

**JOHN W. HARBIN** (*Pro Hac Vice*)
**WARREN J. THOMAS** (*Pro Hac Vice*)
MEUNIER CARLIN & CURFMAN LLC
999 Peachtree Street NE, Suite 1300
Atlanta, GA 30309
Telephone: (404) 645-7700
Email: jharbin@mcciplaw.com
      wthomas@mcciplaw.com

Attorneys for Plaintiff/Counter-Defendant NUMBER 14 B.V.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NUMBER 14 B.V., <br><br> Plaintiff, <br><br> v. <br><br> ANALOG DEVICES, INC.; MAXIM INTEGRATED PRODUCTS, INC., <br><br> Defendants. <br> ANALOG DEVICES, INC.; MAXIM INTEGRATED PRODUCTS, INC., <br><br> Counterclaimants, <br><br> v. <br><br> NUMBER 14 B.V., <br><br> Counter-Defendant. | Case No.: 5:24-cv-02435-EKL <br><br> **JOINT UPDATED CASE MANAGEMENT STATEMENT** |

4913-4507-8333.1

Pursuant to the Court's Case Management and Scheduling Order (ECF No. 76) and Judge Lee's Civil Standing Order, the parties provide this updated case management statement.

## I. Motions

### A. Prior Resolved Motions

1. On July 19, 2024, Plaintiff filed a Motion to Dismiss Defendants' counterclaims for breach of contract, breach of the implied covenant of good faith and fair dealing, and fraud/misrepresentation; and to strike the related affirmative defenses tied to the fraud and misrepresentation claims. ECF No. 43. Plaintiff also sought to dismiss the individual Inventors for lack of personal jurisdiction and based on the forum selection clause. ECF No. 43. On March 31, 2025, the Court granted the Motion to Dismiss, dismissing claims against the individual Inventors, dismissing original counterclaims 1, 2, 4, 5, 6, 7, and 13; and striking the original fifth and seventh affirmative defenses. ECF No. 118.

In accord with the Court's order, Defendants filed an Amended Answer and Counterclaims (ECF No. 127) on April 21, 2025. The amended pleadings add claims for: (1) a declaratory judgment for patent invalidity for certain claims of the four Licensed Patents; (2) for a declaratory judgment that the '596 patent is unenforceable based on inequitable conduct; (3) and for a declaration that some or all Stand-Alone Amplifier products do not infringe the Licensed Patents. Counter-Defendant Number 14 B.V.'s answer to the amended counterclaims is due May 5, 2025. Number 14 filed an extension request on its deadline to file an answer to May 9, 2025, which Counter-Claimants do not intend to oppose.

2. Several administrative motions to seal have been before the Court. *See* ECF Nos. 3, 23, 42, 54, 61. On December 23, 2024, the Court also granted-in-part and denied-in-part five administration motions regarding sealing material referenced in the Complaint, original Answer/Counterclaims, and motion to dismiss briefing. ECF No. 86.).

### B. Pending Motions

The following motions are pending before the Court and ready for the Court's action:

1. Defendants/Counterclaimants filed a Motion to Stay Pending Inter Partes Review (ECF No. 96) on February 5, 2025. The motion also requested an additional equitable remedy of placing their

1  current and future contractual royalty payments in escrow while this litigation is pending. Briefing
2  on the motion completed February 26. See ECF Nos. 109 (Opposition) and 111 (Reply). (The
3  Court denied in part Defendants' motion to shorten the briefing schedule for the motion to stay.
4  ECF No. 103 (denying in part ECF No. 100).) The parties provide one update to the Court on the
5  status of the Petitions: The PTAB issued its Notice of Filing Date Accorded for both petitions on
6  March 17, which means the PTAB's decision on institution will likely occur by September 17,
7  2025.

8      2.   Plaintiff's Request for Relief in Discovery Letter Brief (ECF No. 104). Judge Cousins
9  partly granted and partly denied Plaintiff's request for relief on March 6, 2025. Judge Cousins
10 ordered additional Joint Status Reports following the Letter Brief (submitted at ECF Nos. 113,
11 123), and Judge Cousins has set a hearing for May 14 11:00 AM on the latest status report.

12     3.   On April 21, 2025, Defendants filed an Administration Motion to File Portions of their First
13 Amended Answer and Counterclaims Under Seal. (ECF No. 128.) This motion requests sealing of
14 certain materials in connection with Defendants and Counterclaimants' Amended Answer and
15 Counterclaims (ECF No. 127). Number 14 responded in partial opposition to this motion on April
16 25, 2025 (ECF No. 130), and briefing is complete.

17            **C.   Motions Before Magistrate Judge Nathanael Cousins**

18     1.   On March 1, 2025, under Section 6.2 of the Stipulated Protective Order, Plaintiff
19 challenged Defendants' "HIGHLY CONFIDENTIAL" designation of four produced documents.
20 After attempts to meet and confer, Defendants exercised their right to file a Motion to Retain
21 Confidentiality under Section 6.3 of the Stipulated Protective Order on March 24, 2025. ECF No.
22 115. Defendants' Motion to Retain Confidentiality (ECF No. 115) was filed March 24, 2025.
23 Briefing was completed April 14 (ECF Nos. 122, 125), and the motion is set for hearing before
24 Judge Cousins on May 14.

25     2.   On March 24, filed concurrently with Defendants' Motion to Retain Confidentiality,
26 Defendants filed an Administrative Motion to File Under Seal. ECF No. 116. Defendants seek to
27 seal portions of the four produced documents at issue under seal. On March 27, 2025, Plaintiff did
28

not oppose Defendants' request to file under seal, without prejudice to its ability to later challenge the confidentiality of the underlying information (ECF No. 117), so briefing is complete.

### D. Anticipated Motions

1. Plaintiff/Counter-Defendant Number 14 is considering moving for judgement on the pleadings as to some claims under Fed. R. Civ. P. 12(c) following its answer to the Amended Counterclaims. Alternatively, Plaintiff/Counter-Defendant anticipates filing a motion for summary judgment on at least some of the issues in this case.

2. Defendants/Counter-Claimants anticipate filing a motion for summary judgment on at least some of the key issues in this case.

3. Plaintiff will request the Court's assistance in determining the order of proof and/or burdens at trial.

**Plaintiff's Position**

Plaintiff's breach of contract claim, which is limited to the issue of the change in royalty calculation and Defendants' consequential underpayment of royalties (and later non-payment of royalties), requires certain elements to be established (or shown to be excused or waived) to prove Defendants' breach and Plaintiff's damages. On the other hand, Defendants, after paying royalties for more than a decade, now assert counterclaims for declaratory judgment that no royalties have been or will be owed under various theories relating to contract defenses, patent noninfringement, and patent invalidity.

These claims present issues of which party bears the burden to establish which facts, for their affirmative claims and/or affirmative defenses, at trial. Plaintiff believes it make sense for Defendants to bear the burden on these issues and proposes a procedure that Defendants specify which claims of which patents it believes do not cover the products at issue, which claims it contends are invalid (as Defendants appear to have done with their amended counterclaim), and which products do not show the requisite value or benefits to warrant a royalty. Then Plaintiff would respond. It would be wasteful, for example, for Plaintiff to offer proof that numerous patent claims cover products at issue only to find that Defendants only contest that issue as to a subset of

1  the claims. These determinations may affect the sequence and quantity of fact discovery, and they
2  would likely affect the parties' sequence of expert discovery.
3      Plaintiff believes that the Court and parties would benefit from the Court resolving this issue
4  and would propose to either file a motion or have the parties submit a joint brief. Further, as
5  indicated in Defendants' Position below, the parties disagree about the proper interpretation of the
6  contract and who has the burden of proof. These are legal issues the Court must resolve before
7  trial. The only question then is by what procedure and when to present these issues to the Court.
8      **Defendants' Position**
9      Defendants disagree with Plaintiff's discussion of burden of proof, and believe such
10 determination should be made through standard motion practice. As alleged in Defendants'
11 Amended Answer and Counterclaim and outlined in the License Agreement, it is Plaintiff's burden
12 to prove that it is entitled to royalties on products that utilize Number 14's patented technology and
13 meet certain specifications of similar magnitude to Annex 1 of the License Agreement. Defendants
14 reserve their right to assert these and/or other positions in later briefing.
15    4.  The parties anticipate certain issues may be amendable to motions for summary judgment
16 following the conclusion of discovery. The Parties propose that any issues of patent claim
17 construction be briefed as part of summary judgment process, rather than under the sequence
18 contemplated by this Court's Patent Local Rules. *Cf.* Patent L.R. 4.
19    5.  The parties anticipate that *Daubert* motions may be presented following the expert
20 discovery period. The present briefing schedule for dispositive and *Daubert* motions is set by the
21 Court with filing on October 22, 2025 for hearing on December 17, 2025. The Parties anticipate
22 these dates will be extended, as discussed below.
23     **II.   Status of Discovery**
24     Discovery is not complete. Fact discovery is still in progress and not yet nearing
25 completion. The Parties anticipate that both sides with be submitting further discovery requests and
26 have submitted the proposed amendments to the case schedule below.
27
28

### A. Document Production

Since the Parties' Mid-Discovery Joint Case Management Statement (ECF No. 112), the Parties have provided two discovery status updates to Magistrate Judge Cousins in response to Plaintiff's initiated Joint Discovery Letter Brief regarding the status of Defendants' document production. *See* ECF Nos. 113, 123. On March 6, 2025, in response to the first status update (ECF No. 113), Magistrate Judge Cousins found that "the parties have made substantial progress on their discovery issues. As to the remaining issues, the Court grants relief to Plaintiff as follows, ordering (1) completion of Defendants' Document Production by March 21, 2025, with weekly productions starting on Friday, February 28, 2025; (2) completion of Defendants' document Production from Search Terms by April 4, 2025; and (3) parties to file joint discovery status update by April 11, 2025." ECF No. 114. On April 11, 2025, the Parties filed another discovery status report (ECF No. 123) per Magistrate Judge Cousins' Order (ECF No. 114). As noted in the March 6 status update, Plaintiff raised issues with Defendants' compliance with that order, and Defendants provided a brief response. ECF No. 123 at 1–2. Magistrate Judge Cousins stated he will address the status of discovery during the hearing for the motion to retain confidentiality on May 14, 2025. ECF No. 124.

Additionally, on March 7, 2025, Defendants raised concerns regarding deficiencies in 31 out of 45 requests for production. The parties have met and conferred on these requests. Plaintiff stands by its belief that its production is complete, subject to its objections served on October 3, 2024, and the parties' subsequent communications about them (specifically the exchange of letters on November 20 and 27). Plaintiff served supplemental responses to confirm which requests it is withholding documents on based on its objections on May 1.

Defendants also believe their document production is complete, with the exception of some specific items concerning Defendants' sales/financial documents and schedules related to their merger agreement still remaining to be produced. *See, e.g.*, ECF No. 123 (Joint Discovery Status). Plaintiff is concerned that these issues have been pending since January, and Defendants stated on March 18 they would provide certain information and have not.  Defendants later stated to Plaintiff and the Court that they would respond by April 18, but they have not responded and have not said

1   when they will provide the information. See ECF No. 131 (Plaintiff's Notice noting Defendants
2   had not provided information as promised to move "cost report" production forward).

3       Defendants state they will confer with Plaintiff to discuss the historical data and cost reports
4   for the alleged royalty-bearing products by Friday, May 2. Defendants have explained that they
5   have been extensively involved in mediation, amended pleadings, and document production since
6   early April which caused delays in providing the information requested by Plaintiff. Furthermore,
7   Defendants have informed Plaintiff that gathering the historical financial data is time-consuming
8   and imposes an undue burden on them. Plaintiff notes that the parties began conferring on this
9   issue in January, and the last communication about these issues was March 18, which was a month
10  before the second round of mediation sessions began, two weeks before the Court granted
11  Plaintiff's motion to dismiss, that Defendants' amended pleadings have been contemplated since at
12  least October (see, e.g., ECF No. 95 at 40:15–18; ECF No. 85 at 2:14–16), and the document
13  production in April was responsive to requests served in August 2024 (*see generally* ECF No.
14  104).

15      Defendants' document production includes a recent April 22 production (the first
16  production of emails and associated custodial data) by Defendants of over 32,000 documents from
17  the only three custodial data sources Defendants have identified and stated would be produced.
18  Defendants' prior productions contained a cumulative 2,202 documents. In total, Defendants have
19  produced over 180,000 pages of documents (approximately 90% of those pages were produced on
20  April 22). Plaintiff's electronic import and processing of that large volume was completed on April
21  28. Plaintiff's review of those documents has only just begun.

22      Moreover, Defendants intend to confer with Plaintiff regarding an exchange of privilege
23  logs for documents identified through search terms. Defendants expect this exchange to be
24  completed within approximately three weeks.

25      **B. Interrogatories**
26      The parties have served and responded to interrogatories to the other party. The Parties
27  agreed to exchange supplemental responses to certain interrogatories on April 28; Plaintiff served
28  those supplemental responses on the agreed date, while Defendants subsequently stated they need

1   additional time and intend to serve the supplemental responses on May 2 (see above). The Parties
2   anticipate additional interrogatories and document requests will be required in view of the
3   Defendants'/Counterclaimants' recently filed Amended Answer and Counterclaims, and
4   Plaintiff's/Counter-Defendant's anticipated Answer.

5   One third-party subpoena has been served by Number 14, with further subpoenas expected.

### C. Depositions

Given the unsettled status of the pleadings, Defendants' recent production of over 32,000 documents on April 22, and the lack of confirmation of all factual and legal issues, no depositions have been noticed or conducted yet.

### III. Settlement and ADR

The parties mediated the case with Martin Fineman on February 5, 2025. On April 3, Defendants provided certain documents and information relevant to the discussions, and the parties resumed mediation in a series of sessions on April 17, 23, and 25. The case did not settle. However, the Parties believe additional mediation sessions may be helpful prior to trial.

### IV. Scheduling

#### A. Plaintiff's Positions Regarding Proposed Modifications of the Discovery Plan

Plaintiff anticipates that some additional discovery may be required in view of the Defendants'/Counterclaimants' Amended Answer and Counterclaims filed April 21. In particular, these amendments—the new claims for patent invalidity, unenforceability, and noninfringement—may require some additional document requests, interrogatories (the number depends in part on Defendants' already-planned supplementation), and third-party subpoenas. Plaintiff notes that the amendments also *removed* some issues from the scope of discovery, such as the Defendants' claims for fraud/misrepresentation.

Plaintiff additionally states that delays and volume of Defendants recent production of data will require additional time for Plaintiff to review and to raise and have resolved issues related to the same.

Additionally, the counterclaims for patent invalidity, unenforceability, and noninfringement, ECF No. 127 at 38–52 (Counterclaims Four–Six), implicate this Court's Patent

Local Rules. Patent L.R. 1-2. Those Rules allow the Court to "modify the obligations or deadlines set forth in the[] Patent Local Rules based on the circumstances of any particular case." Patent L.R. 1-2. Here, the parties agree that the Claim Construction sequence under the Local Patent Rules is not necessary and would unnecessarily delay the proceedings. The parties therefore propose that claim construction issues be raised, if necessary, at the dispositive motion (summary judgment) stage. As noted above, Plaintiff proposes that the Court address the burden of proof on various issues. That may affect the sequence of some of the discovery.

### B. Defendants' Positions Regarding Proposed Remaining Case Schedule

Due to the recent Amended Answer and Counterclaims, there are many new factual and legal issues in this dispute. These issues were not raised earlier as there was a pending Motion to Dismiss and Defendants communicated to all parties and the Court the preference to have the then-pending Motion to Dismiss decided before an amended pleading was filed to avoid rendering the Motion to Dismiss moot. Additionally, due to its first Motion to Dismiss, Plaintiff has yet to file an answer or assert any affirmative defenses related to Defendants' counterclaims. With that, the full scope of factual and legal issues has not yet been settled. With the lack of finalization on the pleadings confirming the factual and legal issues in dispute, discovery cannot be fully completed at this stage. With the new factual and legal issues added to the dispute, and those that will be added by Plaintiff's anticipated answer and affirmative defenses, there is good cause to continue the prior case schedule set by the court six months.

### C. The Parties' Proposed Schedules

The parties propose the following proposals to modify the Court's schedule, consistent with the timing required in the Court's standing order related to the timing of the initial Case Management Conference which took place on October 23, 2024.

| Date or Deadline | Current Date (ECF No. 76) | Plaintiff's Proposal | Defendants' Proposal |
|---|---|---|---|
| Joint Final Case Management Conference Statement | May 2, 2025 | July 25, 2025 | November 4, 2025 |

| Date or Deadline | Current Date (ECF No. 76) | Plaintiff's Proposal | Defendants' Proposal |
|---|---|---|---|
| Final Case Management Conference | May 14, 2025 | August 6, 2025 | November 19, 2025 |
| Close of Fact Discovery | June 20, 2025 | September 18, 2025 | December 17, 2025 |
| Expert Witness Disclosure | July 3, 2025 | October 9, 2025 | January 9, 2026 |
| Rebuttal Expert Witness Disclosure | August 4, 2025 | November 6, 2025 | February 13, 2026 |
| Close of Expert Discovery | September 19, 2025 | December 11, 2025 | April 1, 2026 |
| Deadline to file Dispositive and *Daubert* Motions | October 22, 2025 | January 15, 2026 | May 6, 2026 |
| Dispositive and *Daubert* Motions Hearing Date | December 17, 2025 | March 25, 2026 | July 1, 2026 |
| Pre-trial Conference Statement | March 11, 2026 | June 10, 2026 | September 14, 2026 |
| Pre-trial Conference | March 25, 2026 | June 24, 2026 | September 28, 2026 |
| Trial | April 20, 2026 | July 27, 2026 | October 21, 2026 |

V. **Bifurcation and Separate Trial of Issues**

At present, Defendants anticipate requesting to bifurcate at least the issue of the exemplary damages requested by Plaintiff if it remains at issue in this action following summary judgment motions. Whether other issues should be bifurcated or separated for trial will need to be determined based on the issues remaining following discovery and dispositive motions.

Plaintiff states that, at present, it would oppose a request to bifurcate any issues for trial, at least the issue of exemplary damages.

VI. **Trial**

For the reasons explained above, the Parties are not ready for trial and propose resetting the trial date.

The parties agree the case will be tried before a jury. Given the number of issues now in the case, Plaintiff estimates the trial will take 7 days. Defendants estimate length of trial is approximately 7-9 trial days.

|  | **GREENFIELD LLP and** |
|---|---|
|  | **MEUNIER CARLIN & CURFMAN** |
|  | /s/*John W. Harbin* |
|  | Rachel Thomas |
|  | Ale Burke-Vallejo |
|  | John W. Harbin *(pro hac vice)* |
|  | Warren J. Thomas *(pro hac vice)* |

Attorneys for Plaintiff and Counter-Defendant NUMBER 14 B.V.

**ROPERS MAJESKI PC**
*/s/Paula B. Nystrom*
Michael J. Ioannou
Kevin W. Isaacson
Paula B. Nystrom
Amanda M. Ogata

Attorneys for Defendants and Counterclaimants ANALOG DEVICES, INC. and MAXIM INTEGRATED PRODUCTS, INC.

### ATTESTATION PURSUANT TO LOCAL RULE 5-1 (i)(3)

The undersigned attests pursuant to Local Rule 5-1(i)(3) that concurrence in the filing of this document has been obtained from each of the other signatories hereto.

Dated: May 2, 2025                    */s/ John W. Harbin*

                                      Counsel for Plaintiff