**RACHEL THOMAS (SBN 244527)**
**ALE BURKE-VALLEJO (SBN 353890)**
GREENFIELD LLP
55 S. Market Street, Suite 1500
San Jose, California 95113
Telephone: (408) 995-5600
Email: rthomas@greenfieldlaw.com
        aburke-vallejo@greenfieldlaw.com

**JOHN W. HARBIN (*Pro Hac Vice*)**
**WARREN J. THOMAS (*Pro Hac Vice*)**
MEUNIER CARLIN & CURFMAN LLC
999 Peachtree Street NE, Suite 1300
Atlanta, GA 30309
Telephone: (404) 645-7700
Email: jharbin@mcciplaw.com
        wthomas@mcciplaw.com

Attorneys for Plaintiff/Counter-Defendant NUMBER 14 B.V.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NUMBER 14 B.V.,<br><br>            Plaintiff,<br><br>v.<br><br>ANALOG DEVICES, INC.; MAXIM INTEGRATED PRODUCTS, INC.,<br><br>            Defendants.<br>ANALOG DEVICES, INC.; MAXIM INTEGRATED PRODUCTS, INC.,<br><br>           Counterclaimants,<br><br>v.<br><br>NUMBER 14 B.V.,<br>           Counter-Defendant. | Case No.: 5:24-cv-02435-EKL<br><br>**JOINT STIPULATION AND PROPOSED ORDER ON PATENT ISSUES**<br>**[RE ECF No. 144]** |

323637086.1

Following the hearing on May 14, 2025, the Court directed the parties to "file a joint stipulation and proposed order setting forth a timeline and framework for disclosure of the parties' contentions regarding patent claims and product coverage," and, if the parties are not able to reach agreement, to provide different proposals and request the Court's assistance to resolve the dispute. ECF No. 144; ECF No. 147 at 29:2–10, 32:4–7.

Plaintiff/Counter-Defendant Number 14 B.V. ("Number 14"), and Defendants/Counterclaimants Analog Devices, Inc. and Maxim Products, Inc. (collectively, "Defendants"), jointly report that they have reached an agreement in terms of structure, content, and timing of their exchanges of contentions.

The parties HEREBY STIPULATE to the following to facilitate narrowing of the patent issues in this case:

1. Number 14 will serve on Defendants a preliminary identification of which claims of the four Licensed Patents[1] are utilized by which of Defendants' products (by die number) (the "Number 14's Preliminary Product Mapping"). This identification is merely to facilitate narrowing the issues between the parties in this litigation; Number 14 does not concede that it bears any burden to identify or prove that any particular product embodies or is covered by any claim of any patent to prevail on any claim for relief in the Complaint (ECF No. 1). Number 14 will undertake this identification in good faith using the information presently available to it, but the parties recognize that Number 14's designation is preliminary, in view of Defendants' confidentiality designations for documents that have been produced to date and the fact that Defendants possess additional technical documentation that has not yet been produced that may be relevant. (Defendants have stated that some of the documents showing what technology is incorporated in the products at issue will need to be produced under a Stipulated Source Code Protocol. See Stipulated Protective Order (ECF No. 90) § 8.)

2. For each product covered by the die numbers provided in Number 14's Preliminary Product Mapping, Defendants will serve on Number 14 an identification of each limitation of each

---

[1] As defined in Defendants' Amended Counterclaim ¶ 103.

1  claim that Defendants contend is not found or present in that product along with an explanation of
2  why such limitation is not included either literally or under the doctrine of equivalents
3  ("Defendants' Non-infringement Contentions"). To the extent Defendants articulate how a set of
4  product part numbers or die numbers share the same or substantially the same qualities such that
5  they, according to Defendants' theory, do not possess the claim limitation in the same way,
6  Defendants may treat those products as "representative." *Uniloc USA Inc. v. LG Elecs. USA Inc.*,
7  No. 5:18-cv-06738-LHK-SVK, 2019 WL 8809732, at *2 (N.D. Cal. Apr. 4, 2019) (citing *Bender v.*
8  *Maxim Integrated, Inc.*, No3:09-cv-01152-SI, 2010 WL 1135762, at *3 (N.D. Cal. Mar. 22, 2010));
9  *see also Network Prot. Scis., LLC v. Fortinet, Inc.*, No. C 12-01106 WHA, 2013 WL 5402089, at
10 *3 (N.D. Cal. Sept. 26, 2013) (approving representative contentions where "adequate analysis"
11 shows "products share the same critical characteristics").

    3.  For each patent claim identified in Number 14's Preliminary Product and Claim Mapping, Defendant will serve their Invalidity Contentions in accordance with the Court's Patent L.R. 3-3.

    4.  The parties request that the following events and dates in the Court's May 14, 2025 Amended Case Management & Scheduling Order (ECF No. 145) be adjusted to accommodate the sequence of disclosures specified above: (1) Defendants' invalidity contentions, (2) the parties' exchange of proposed terms for claim construction, and (3) the parties' joint statement regarding proposed terms for construction. The parties therefore stipulate and request the Court to modify the schedule as shown below:

| Event | Current Date (ECF No. 145) | Proposed Deadline |
|---|---|---|
| Number 14's Preliminary Product Mapping | N/A | June 4, 2025 |
| Defendants' invalidity contentions (Patent L.R. 3-5) | May 28, 2025 | June 25, 2025 |
| Defendants' Non-infringement Contentions | N/A | June 25, 2025 |
| Parties exchange proposed terms for construction (Patent L.R. 4-1) | June 11, 2025 | July 9, 2025 |
| Parties file joint statement regarding proposed terms for construction | June 25, 2025 | July 23, 2025 |

**GREENFIELD LLP and**
**MEUNIER CARLIN & CURFMAN**
/s/*Warren J. Thomas*
Rachel Thomas
Ale Burke-Vallejo
John W. Harbin *(pro hac vice)*
Warren J. Thomas *(pro hac vice)*

Attorneys for Plaintiff and Counter-Defendant NUMBER 14 B.V.

**ROPERS MAJESKI PC and**
**K&L GATES LLP**
/s/*Kevin W. Isaacson*
Michael J. Ioannou
Kevin W. Isaacson
Paula B. Nystrom
Amanda M. Ogata
Erik J. Halverson
Christopher Centurelli (*pro hac vice*)
Michael R. Creta (*pro hac vice pending*)
John L. Gavin (*pro hac vice*)

Attorneys for Defendants and Counterclaimants ANALOG DEVICES, INC. and MAXIM INTEGRATED PRODUCTS, INC.

### ATTESTATION PURSUANT TO LOCAL RULE 5-1 (i)(3)

The undersigned attests pursuant to Local Rule 5-1(i)(3) that concurrence in the filing of this document has been obtained from each of the other signatories hereto.

Dated: May 23, 2025                    */s/ Warren J. Thomas*
                                        Counsel for Plaintiff

## **ORDER**

PURSUANT TO STIPULATION, IT IS ORDERED that the deadlines in the Amended Case Management and Scheduling Order, ECF No. 145, are FURTHER AMENDED as follows

| Event | Current Date (ECF No. 145) | Proposed Deadline |
|---|---|---|
| Number 14's Preliminary Product Mapping | N/A | June 4, 2025 |
| Defendants' invalidity contentions (Patent L.R. 3-5) | May 28, 2025 | June 25, 2025 |
| Defendants' Non-infringement Contentions | N/A | June 25, 2025 |
| Parties exchange proposed terms for construction (Patent L.R. 4-1) | June 11, 2025 | July 9, 2025 |
| Parties file joint statement regarding proposed terms for construction | June 25, 2025 | July 23, 2025 |

Dated: _____

EUMI K. LEE
United States District Court Judge