**RACHEL THOMAS** (SBN 244527)
**ALE BURKE-VALLEJO** (SBN 353890)
GREENFIELD LLP
55 S. Market Street, Suite 1500
San Jose, California 95113
Telephone: (408) 995-5600
Email: rthomas@greenfieldlaw.com
         aburke-vallejo@greenfieldlaw.com


**JOHN W. HARBIN** (*Pro Hac Vice*)
**WARREN J. THOMAS** (*Pro Hac Vice*)
MEUNIER CARLIN & CURFMAN LLC
999 Peachtree Street NE, Suite 1300
Atlanta, GA 30309
Telephone: (404) 645-7700
Email: jharbin@mcciplaw.com
         wthomas@mcciplaw.com

Attorneys for Plaintiff/Counter-Defendant NUMBER 14 B.V.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NUMBER 14 B.V., | Case No.: 5:24-cv-02435-EKL-NMC |
| Plaintiff, | **[PROPOSED] ORDER ON DISCOVERY ISSUES** |
| v. | **[RE ECF 140, 151]** |
| ANALOG DEVICES, INC.; MAXIM INTEGRATED PRODUCTS, INC., | |
| Defendants. | |
| ANALOG DEVICES, INC.; MAXIM INTEGRATED PRODUCTS, INC., | |
| Counterclaimants, | |
| v. | |
| NUMBER 14 B.V., | |
| Counter-Defendant. | |

GREENFIELD

On May 12, Plaintiff Number 14 B.V. (Number 14) filed a discovery letter brief seeking Court-ordered relief as to two categories of information (related to three of Number 14's August 2024 Requests for Production) possessed by Defendants. ECF 140. At the May 14 discovery conference, the Court directed Defendants to respond to Number 14's letter brief by May 20. On Tuesday, May 20, Defendants filed their response in opposition. ECF 151. The Court then ordered the parties to "file proposed orders" on discovery issues identified in ECF 140 and 151 by noon on May 27, though it "encouraged" the parties "to explore reasonable compromises." ECF 153. The Court held a hearing on the issues on May 28, 2025.

Upon review of the parties' papers and heard argument at the hearing, the Court finds and ORDERS as follows:

**Defendants have not met their obligation to cooperate in discovery**

Following the Court's direction to explore a compromise, Defendants' counsel raised the prospect of a further meet and confer to explore potential "middle ground" as contemplated by the Court during a video conference on Wednesday May 21. Counsel for Number 14 stated it had not had a chance to fully consider Defendants' response yet but stated it would follow up the next day.

At 11:28 AM on Thursday, May 22, Number 14 emailed Defendants expressly requesting they explain the basis for selecting their "proposed list of 15 comparable amplifiers" and why they believed that proposal addressed the issue.[1] A few hours later, at 2:52 PM, Number 14 emailed again, copying Defendants' newly-added counsel into the email conversation, and proposed several times on Thursday and Friday to meet and confer on the issues in the parties discovery letters—

---

[1] Defendants' May 20 response letter contended that Number 14 "did not (and never has)" provided "its proposal" in response to Defendants' proposed list of "15 comparable amplifiers." But Number 14's May 6 response to Defendants' May 3 proposal observed that it seemed like Defendants had "plucked a list of fifteen products out of thin air … without any explanation of why you included them or excluded others." Defendants did not respond to that, either. Number 14's May 22 email expressly requested that explanation so that it could consider whether and how the proposal would meet Number 14's needs for the discovery.

over nine hours of availability provided across those days. That email also repeated the earlier question about the first discovery dispute and added a question about the second issue (the "cost reports") that Number 14 wanted to "hopefully talk about."

Although the parties were conferring (by phone and email) about the Joint Stipulation being filed on Friday, Defendants did not respond to either of Number 14's emails about the discovery disputes. Number 14 sent a follow-up on Friday at 1:53 PM noting Defendants' previously stated intent to confer and stating that Number was "still available at the [proposed] times" on Friday (which extended to 4:30 PM Pacific to accommodate Defendants' counsel's workday. Number 14 also offered availability to confer on Saturday and on the Monday Memorial Day holiday. Further, Number 14 provided its "current thinking" on the discovery issues "[i]n the interest of continuing to move the ball forward and be candid." Number 14 stated it was "still open to hearing [Defendants'] thoughts on the 15 products" question, that it believed the parties "may be willing to find a compromise" on the "cost reports" dispute, and that the answer to the previous days' email question "will help us (and perhaps you) evaluate that."

Forty-three minutes later, Defendants' counsel replied by email with responses related to both discovery issues, but they did not respond to the requests for an actual conversation. Defendants' counsel did not state they were unavailable at any of the times Number 14 had proposed, and they did not propose any alternatives; they just did not respond to that request. On the "amplifier products" issue, Defendants' email included two paragraphs that reiterated their positions about why they believed Number 14's request "has no bearing on any issue in the case and is thus not relevant or subject to discovery." *Cf.* ECF 151 at 2. Defendants also included one sentence stating the 15 products "were selected because they are products that have similar characteristics to those allegedly achieved by the patents, including slew rate, bandwidth, offset, and noise, while having parameters similar to the specifications in the License Agreement." Defendants then stated, "Please confirm that Plaintiff agrees to limit RFPs 44 and 46 to financial data for the 15 products."

On the "cost reports" issue, Defendants stated they had "now discovered a manner to pull in a single spreadsheet that has not been used before." Defendants provided an informal copy of the

information they intended to "formally produc[e] this next week," stated they would also produce a similar report covering FY21 and FY22 (purporting to satisfy Number 14's compromise request, *see* ECF 140 at 3), and stated this new "manner" of providing the information would "resolve the dispute."

Number 14 replied on Monday, May 26, with several questions that it noted the parties "would have been able to cover … if Defendants had responded to [Number 14's] request for a meet and confer." Defendants responded that afternoon asking for availability to confer on Tuesday, May 27 at 9AM Pacific. Number 14 agreed to that time, and the parties conferred that day, though no agreement was reached.

The Court finds that Defendants did not satisfy their obligation to proceed with discovery in a manner that would secure the "just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1. The recent instance recited above of Defendants not responding to requests for conferences on multiple occasions is not the first instance the Court has been made aware of. *Supra*; ECF 140 at 3 ("Plaintiff twice tried to schedule another call (for after the expected written update), but Defendants never responded to those requests." (citing ECF 131 at 1:11–17)).[2] Defendants have generally not been diligent in proceeding with discovery. *See generally* ECF 104 (Joint Discovery Letter Brief). Nor have Defendants held to the commitments they have made or that the Court has ordered. ECF 123 at 2:19–3:4 (noting the Court ordered schedule of weekly productions and Defendants' conceding that they did not comply): *id.* at 3:10 (Defendants stating to Court they would "provide an update to Plaintiff by April 18" on the cost reports issues that are one subject of ECF 140); ECF 140 (noting Defendants did not provide the promised April 18 update until over two weeks later, on May 3).

Further, Defendants' most recent response and "discovery" of a manner that they have proposed to resolve the parties' dispute about the "cost reports" (the second topic of dispute, RFP 48) further shows they have not been diligent in conducting  discovery and have unreasonably and vexatiously multiplied these proceedings (and Number 14's attorneys' fees). The discovery

---

[2] Defendants have not disputed Number 14's characterization. *See generally* ECF 151.

[Proposed] Order on Discovery Issues
Case No. 5:24-CV-02435-EKL

requests at issue were propounded almost nine months ago, on August 30, 2024. Defendants, sophisticated companies, have had more than ample time to learn what reports could be generated and propose this solution months ago.

Defendants' purported discovery apparently happened during the three-day period between May 20—when Defendants represented in a filing that Number 14's compromise request would "cover[] over a thousand reports" and "require more than a month to produce" (ECF 151 at 3) and Defendants' May 23 email representing the information was ready to be produced. Even if Defendants' newly discovered report is accurate and fully satisfies the request, it comes almost nine months after the requests were served and four months after Defendants, on January 10, raised an issue with their production. Number 14 has expended numerous hours analyzing Defendants' proposed reports, meeting and conferring, and bringing this discovery dispute to the Court only for Defendants to say at the last minute that they can quickly and easily comply.

The same is true regarding the other disputed issue—sales information regarding "Stand-Alone Amplifiers." The parties held "hours-long video conferences on October 21 and 30," the result of which was that the Defendants' objections were resolved, and Defendants agreed to produce responsive documents. Summarizing these conferences, Number 14 wrote on November 4:

> Number 14 clarified that **RFP 44** is for "Stand-Alone Amplifiers," as defined, and that the intent was to allow comparison of the requested information for *non-royalty-eligible* products. With that clarification, Defendants agreed to amend their response and produce the responsive documents.
>
> …
>
> As for **RFP 46**, Number 14 agreed to limit this request to Stand-Alone Amplifiers, as defined. We explained the reason for asking for list and actual prices. Defendants agreed to amend their response and produce the responsive documents.
>
> Defendants agreed to produce the documents responsive to **RFPs 48** ….

Nov. 4, 2024 Letter from Number 14's counsel at 4 (emphasis in original).

[Proposed] Order on Discovery Issues
Case No. 5:24-CV-02435-EKL

Defendants replied by letter on November 20, and stated that, except for certain exceptions that do not apply to this issue, "We generally agree that your summary accurately reflects our conversations on October 21 and 30, 2024 ….". Defendants thus cannot dispute that they have known since October that Number 14 was seeking discovery about products that are "beyond" the scope of the License Agreement *and* that they agreed to produce it.

Months later, Defendants attempted to withdraw their agreement and their subsequent correspondence ignores the prior extensive meet and confer efforts. Defendants now dispute the "purported basis for relevance" of RFPs 44 and 46, based on statements in the Court's March 31 order granting Number 14's motion to dismiss. ECF 118. But that order dismissed several of Defendants' counterclaims for failure to state for breach of contract, fraud, and misrepresentation. It was not a final determination of the meaning of the relevant contract terms, and it did not address at all the relevance of the information at issue for purposes of discovery. Further, Defendants could have made the legal argument they are making now five months earlier, if they agreed with the proffered construction of the contract.' Defendants waived their objection to the relevance of the information after Number 14 explained that a "comparison" was *the purpose* of the request. Defendants state they are not "reneging on a prior agreement," but that is exactly what they are trying to do.

Further, Defendants' letter suggests they did not sufficient "investigat[e] [their] existing product categories" until between March 11 and 15 (still *before* the Court's order on the motion to dismiss). *See* ECF 151 at 2. In the most charitable light, Defendants agreed (in October or November), to use a definition from the License Agreement to search for and locate responsive information for RFPs 44 and 46, but they apparently did not realize the full scope or difficulty in using that definition until mid-March 2025. That extreme delay is not justifiable.

These facts indicate that Defendants only took their discovery obligations seriously at the threat of a motion to compel or sanctions. It was wasteful of the parties' and the Court's resources—anything but the "just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1.  Defendants' conduct.

[Proposed] Order on Discovery Issues
Case No. 5:24-CV-02435-EKL

1

2

3    **Order for Production**

4        1.    Defendants are ordered to produce the information requested by Plaintiff's RFPs 44

5    and 46, including the "Operational Amplifiers" or "Current Sense" amplifiers as described by

6    Defendants. See ECF 151 at 2. As noted above, Defendants agreed to produce this information

7    according to the agreed scope of the request in late October 2024 with full knowledge of the

8    definition they were agreeing to and would be applying to their own amplifier products. The Court

9    finds that Defendants waived their objections to the request that they have sought to reassert.

10        2.    Further, the court finds the sales information about the Amplifiers is sufficiently

11   relevant to be discoverable. "Rule 26(b)(1)'s definition of relevance is broad. *See Snipes v. United*

12   *States*, 334 F.R.D. 548, 550 (N.D. Cal. 2020); *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D.

13   Nev. 2019), *aff'd sub nom. V5 Techs., LLC v. Switch, LTD.*, 2020 WL 1042515 (D. Nev. Mar. 3,

14   2020) (noting that relevance for discovery purposes remains broad even after the 2015 amendments

15   of the Federal Rules of Civil Procedure)." *DeSilva v. Allergan USA, Inc.*, No. 8:19-CV-01606-JLS-

16   JDE, 2020 WL 5947621, at *1 (C.D. Cal. Aug. 11, 2020). The Court finds the information may be

17   relevant to the contract dispute. The comparison of the prices Defendants obtained selling

18   Amplifiers that incorporate the patented technology and those that do not is practical, real-world

19   evidence of the value and benefits of the patents at issue, which per Defendants' counterclaim is a

20   disputed issue in the litigation. Second, if Defendants obtained higher price for amplifiers utilizing

21   the patented technology with those that do not, that may be significant evidence of the commercial

22   value of the patents at issue, which is one of the objective indicia of nonobviousness, a factor that

23   must be considered in relation to Defendants' counterclaims that one or more the patents is invalid

24   as obvious. Finally, Defendants do not argue that producing this information is disproportionate to

25   the needs of the case or unduly burdensome. *See generally* ECF 151.

26

27        3.    Defendants are ordered to produce the "cost reports" for all royalty-eligible products

28   for Fiscal Years 2021 to the present, at minimum, as well as any earlier years for which the data is

GREENFIELD

[Proposed] Order on Discovery Issues
Case No. 5:24-CV-02435-EKL

maintained in reasonably the same format or system and can be accessed in reasonably the same manner.[3] Defendants are ordered to produce the cost information in a single document for all applicable time periods and with labels plainly indicating the time periods for which each applies. Defendants may supplement or "overlay" their May 30 expected production of FY23–24 (the second "bucket" referenced in ECF 143) by June 9 to include the data beyond that date. Further, this order confirms that Defendants must still produce all historical cost reports for the five products Number 14 selected by May 30.

3.    The Court finds, in view of the above discussion, that Defendants' failure to produce these items of discovery was not substantially justified, there are no circumstances that would make an award of expenses to Number 14 unjust, and Number 14 attempted to resolve these disputes in good faith before seeking the Court's relief. Further, the Court finds that Defendants have unreasonably and vexatiously delayed and multiplied these proceedings. Accordingly, the Court permits Number 14 to file a motion for attorney's fees under FRCP 37, 28 U.S.C. § 1927, and/or the Court's inherent authority, by June 30.

Dated: _____    _____

Nathaniel M. Cousins
United States Magistrate Judge

---

[3] Defendants have indicated this may include data back to at least 2020.