UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUMBER 14 B.V.,<br><br>   Plaintiff/Counterdef.,<br><br> v.<br><br>ANALOG DEVICES, INC., and<br>MAXIM INTEGRATED PRODUCTS,<br>INC.,<br><br>   Defs./Counterclaimants. | Case No. 24-cv-02435 EKL (NC )<br><br>**ORDER RESOLVING DISCOVERY DISPUTES**<br><br>Re: Dkts. 140, 151, 164, 165 |

   This Order resolves the discovery disputes presented in Dkts. 140, 151, 164, and 165. More specifically, in Dkt. 140 Plaintiff Number 14 moved to compel production of two categories of information from Defendants that were first requested in August 2024. Defendants opposed. Dkt. 151. The Court then ordered the parties to file proposed orders on the dispute, while encouraging the parties to explore reasonable compromises. Dkt. 153. Plaintiff's proposed order is Dkt. 165. Defendants' proposed order is Dkt. 164. The Court has considered these materials and now resolves the discovery issues by this Order.

- **Dispute Over Definition of "Amplifier Products" [RFP 44, 46]**

   Plaintiffs seek financial data related to "amplifier products." The parties greatly disagree over the definition of "amplifier products" and the scope of information that is relevant to the royalty dispute in this case. Plaintiff's letter brief seeks information for over 1,100 amplifier products. Dkt. 140. Defendants respond that only about 40 of those products are at issue. Defendants propose a sample of 15 comparable amplifier products

that are beyond the subject of the License Agreement. This Order finds that Defendants' proposal is the more reasonable compromise and proportional to the needs of the case under Fed. R. Civ. P. 26.

The Court has already determined that whether the Amplifier Design Patents provide "significant economic value," which is a condition for royalties, is to be assessed "by reference to the [License Agreement's] attached specifications," not through a comparison to other ADI products. *See* Dkt. 151 at p. 2, quoting Dkt. 118 at p. 11:4-8. This Order finds that Plaintiff has failed to demonstrate a legitimate need or basis to compel production of information relating to the 1,100 amplifier products it seeks. Instead, this Order finds that Defendants' proposal to produce information for a sample set of 15 products is sufficient to satisfy any discovery obligations concerning RFPs 44 and 46. Accordingly, Defendants are ordered to produce by June 25, 2025, information sufficient to show sales revenue and margin for the 15 products covering Fiscal Years 2008 to the present.

- **Dispute Over "Cost Reports" [RFP 48]**

Plaintiff seeks from Defendants the "cost reports" for all royalty-eligible products for Fiscal Years 2021 to the present, at minimum. Dkt. 165. Defendants in their proposed order reported that they agreed to produce the requested cost reports using a "previously unused and unknown method" which should resolve the dispute relating to RFP 48. Dkt. 164.

The Court finds that Plaintiffs' request in RFP 48 seeks relevant information. Defendants are ordered to produce the "cost reports" for all royalty-eligible products for Fiscal Years 2021 to the present, at minimum, as well as any earlier years for which the data is maintained in reasonably the same format or system and can be accessed in reasonably the same manner. Defendants are ordered to produce the cost information in a single document for all applicable time periods and with labels plainly indicating the time periods for which each applies. Defendants may supplement or "overlay" their May 30 expected production of FY23–24 (the second "bucket" referenced in Dkt.143) by June 9 to

1  include the data beyond that date.  Further, this order confirms that Defendants must still
2  produce all historical cost reports for the five products Number 14 selected by May 30.

- **Conclusion**

On RFP 44 and 46, the Court has substantially granted Defendants' proposed compromise, ordering Defendants to produce information for 15 amplifier products by June 25, 2025.  On RFP 48, the Court has substantially granted Plaintiffs' request, ordering Defendants to produce "cost reports" information to Plaintiff.

No fees or costs are awarded.  This Order clears Dkts. 140 and 151.  The Court vacates the May 28, 2025, discovery hearing.

**IT IS SO ORDERED.**

Dated: May 27, 2025

_____
NATHANAEL M. COUSINS
United States Magistrate Judge